UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CATHERINE GORDON, JAMES SCHAFFER, TERESA THOMPSON, PAMELA MIKA, JENNIFER PFENTNER and DIANA GALDON, on behalf of themselves and all other employees similarly situated,<br><br>              Plaintiffs,<br><br>- vs -<br><br>KALEIDA HEALTH, JAMES R. KASKIE, DAVID R. WHIPPLE, MFHS MANAGED CARE, INC., KALEIDA PROPERTIES, INC., FAMILY PHARMACEUTICALS, WESTLINK CORPORATION, COMMUNITY MEDICAL PC, GENERAL PHYSICIANS PC, MILLARD FILLMORE AMBULATORY SURGERY CENTER, VISITING NURSING ASSOCIATION OF WESTERN NEW YORK, INC., VNA HOME CARE SERVICES, INC., VNA OF WNY, INC., GENERAL HOMECARE, INC., WATERFRONT HEALTH CARE CENTER, INC., KALEIDA HEALTH FOUNDATION, THE WOMEN AND CHILDREN'S HOSPITAL OF BUFFALO FOUNDATION, KALEIDA IPA, LLC, KALEIDA MCO, LLC, GRACE MANOR HEALTH CARE FACILITY, INC. AND SCHENK PHYSICAL THERAPY, PC.,<br><br>              Defendants. | Civil Action No.<br>08-CV-0378(WMS)<br><br>Hon. William M. Skretny |

**DECLARATION OF MICHAEL A. CONNORS**

I, Michael A. Connors declare as follows:

I am Associate General Counsel for Labor and Employment for Kaleida Health.

I possess personal knowledge of the matters set forth herein and, if called upon as a witness in this matter, I could and would competently testify thereto.

1. I was hired in January, 2000 as the Internal Labor Counsel for Kaleida Health. My main responsibility in that title was to handle the negotiation and administration of Collective Bargaining Agreements with the bargaining representatives of Kaleida's unionized employees. Although my title has since changed to Associate General Counsel for Labor and Employment

for Kaleida Health, my responsibilities for labor matters with respect to Kaleida's employees remains the same.

2. Kaleida Health is an integrated healthcare network consisting of 5 hospitals, primary care and medical offices, an ambulatory surgery center, behavioral health centers and clinics, outpatient rehabilitation facilities and wellness centers, long-term care and subacute care centers, laboratory services, school based clinics (located in schools), and a corporate facility. These facilities are located throughout Western New York. Kaleida is the largest health care provider in Western New York.

3. Kaleida has approximately 9,000 hourly employees working in the different facilities and locations described above. Kaleida's specific facilities and locations are listed at www.kaleidahealth.org. Exhibit 1.

4. Approximately 8,200 of Kaleida's 9,000 hourly employees are represented by unions. Kaleida has bargaining relationships with five (5) unions, Communications Workers of America, ("CWA"), AFL-CIO, Local 1168, Service Employees International Union Local ("SEIU") 1199 Upstate, International Union of Operating Engineers, Local 17S, AFL-CIO, and Communications Workers of America, AFL-CIO, Local 1122 and SEIU 200C. Kaleida unionized employees belong to one of thirty-one (31) separate bargaining groups. For the years 2000 through May 31, 2008 there was a master collective bargaining agreement with Communications Workers of America, AFL-CIO Local 1168, Service Employees International Union Local 1199 Upstate and The International Union of Operating Engineers, Local 17S. A copy of the last such Agreement is attached as an exhibit to Defendants Motion to Dismiss the Complaint (Docket Entry 90, Attachment 3, 4), and covers twenty-five (25) bargaining units, each of which also has a separate site agreement. These separate site agreements are listed in

Exhibit 2 attached hereto. Finally, the six (6) bargaining units not covered by the master agreement are listed on Exhibit 3, attached hereto. I am involved in negotiating all of these agreements. Different bargaining units have different overtime thresholds as set forth in Exhibit 3.

5. Kaleida employees belong to many different bargaining groups because of the diverse classification of employees we have and the different locations where they work. The bargaining groups are broken down by employees who share a community of interest. The major classifications of employees in the master agreement are CLERICAL, MAINTENANCE, PROFESSIONAL, REGISTERED NURSES, SERVICE and TECHNICAL. The job titles associated with each classification are attached hereto as Exhibit 4, attached hereto. In addition, the job titles for each of the non-master agreement bargaining units are attached as Exhibits 5 through 10.

6. The collective bargaining agreements contain all the essential terms and conditions of employment and are the result of extensive negotiations with the unions. We have negotiated an extensive break and meal period provision with the unions. The meal period provisions are codified in the Master Collective Bargaining Agreement and are also contained in many of the site agreements. In addition, there are established past practices for the different bargaining groups regarding breaks and meals.

7. Kaleida also employs approximately 700 non union hourly employees in various positions and under differing work conditions throughout the system. Examples of the non union hourly workforce are Pharmacists, Clinical Professionals, Therapists, Social Workers, Research Associates, Biomedical Technicians, IST Technicians, Clerical and Security Personnel.

8. The hourly employees have a 30 minute meal break at the mid-point of their shift. The employees can combine a 15 minute rest period with their meal period by mutual agreement. If an employee is unable to take a meal break, they must notify their supervisor and they will be paid for the meal break. Should an employee be interrupted during his/her meal period, they are entitled to take another 30 minute meal period during the day. If they are interrupted during their meal period and unable to take another meal break, they are to be paid for the entire 30 minute break. Whether an employee misses a meal break, is interrupted during the break and the frequency of such interruptions necessarily depends on their job classification. For example, emergency room employees by the nature of that job may experience from time to time missed or interrupted breaks, while for example, a food service, accounts payable, or housekeeping employee will not miss a break or be interrupted for more than a de-minimus period.

9. If an employee missed a meal break or is interrupted during the meal break they are to notify their supervisor who will then complete an Exception Log or report and a change will be made on the employees time record to reflect that they did not take a meal break and should be paid the 30 minutes. I have attached hereto as Exhibit 11 an example of an Exception Log. The policy is to pay employees for all hours worked.

10. It should be noted that each of the bargaining agreements covering Kaleida employees contains a negotiated grievance procedure which terminates in a final and binding decision by an impartial Arbitrator. To my knowledge, none of the Unions has filed a Demand for Arbitration regarding meal breaks or for employees working off the clock and not being compensated. These issues are clearly encompassed in the collective bargaining agreements and are subject to the grievance/arbitration procedure set forth in the CBA's. Therefore, if a

11097185.2

grievance has been filed it would have been settled to the Union's satisfaction at one of the Steps preceding arbitration.

11. The CBA's also contain extensive provisions regarding time and attendance, hours of work, overtime, extended shifts, on-call pay, shift differentials, training time, and work schedules. Depending on the employees bargaining group, they are entitled to overtime and premium pay at different levels than what is afforded under the Fair Labor Standards Act. For example, groups of hourly employees are entitled to overtime for work in excess of 8 or 10 hours in a day and many are entitled to overtime for hours in excess of 37.5 per week. Under the FLSA, by contrast, overtime only comes into play for hours in excess of 40 in a work week.

12. I have identified the six named Plaintiffs in this lawsuit. 5 of the named Plaintiffs are current unionized employees. One of the named Plaintiffs, Pamela Mika, is a former unionized employee. Thus, each of the named Plaintiffs belong to one of the 31 bargaining groups represented by one of the five unions. Plaintiff Catherine Gordon is a RN in the Critical Care Unit at Buffalo General Hospital, James Schaffer is a Respiratory Therapist at DeGraff Memorial Hospital, Teresa Thomson is a Staff Nurse at Deaconess Family Planning Center, Jennifer Pfentner is a Respiratory Therapist at DeGraff, and Diana Galdon is also a Respiratory Therapist at DeGraff. As union employees, these named Plaintiffs terms and conditions of employment are governed by the collective bargaining agreements applicable to them for their bargaining group.

13. These six named Plaintiffs do not represent a cross section of Kaleida's 9,000 hourly employees by both the limited locations at which they work and the job classifications they hold. Three of the six named Plaintiffs work in the same location. Thus, named Plaintiffs only represent 4 of the approximately 75 locations and/or facilities that make up the Kaleida Health System.

11097185.2

I declare under penalty of perjury under the laws of the State of New York that the foregoing is true and correct and that this declaration is executed on July 30 2008, at Buffalo, New York.

/s/ Michael A. Connors

Michael A. Connors