UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CATHERINE GORDON, et al.,

                Plaintiffs,

   v.                                       **DECISION AND ORDER**
                                                       08-CV-378S

KALEIDA HEALTH, et al.,

                Defendants.

## I. INTRODUCTION

On November 25, 2008, this Court issued a Decision and Order (Docket No. 149, hereafter, "Decision"), granting in part, and denying in part, Defendants' Motion to Dismiss. Presently before this Court are Defendants' Motion for Partial Reconsideration[1] (Docket No. 153), Plaintiffs' Motion for Reconsideration[2] (Docket No. 155), and Defendants' Motion for a More Definite Statement (Docket No. 151). For the reasons discussed below, Defendants' Motion for Reconsideration is granted in part and denied in part, Plaintiffs' Motion for Reconsideration is granted in part and denied in part, and Defendants' Motion for a More Definite Statement is granted.

---

[1] Defendants filed a memorandum of law (Docket No. 154) and a reply memorandum (Docket No. 166) in support of their motion. Plaintiffs filed a memorandum in opposition (Docket No. 164) and additional authority (Docket No. 169).

[2] Plaintiffs filed a memorandum of law (Docket No. 156), a reply memorandum (Docket No. 167), and additional authority (Docket No. 169) in support of their motion. Defendants filed a memorandum (Docket No. 163) in opposition.

## II. PROCEDURAL BACKGROUND

Plaintiffs commenced this action by filing a Complaint in the United States District Court for the Western District of New York on May 22, 2008, alleging, *inter alia*, that Defendants (collectively, "Kaleida") violated the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") by failing to pay hourly employees for all hours worked, including overtime for hours worked over 40 per week. In particular, Plaintiffs claim Kaleida failed to pay them for time worked during meal breaks, before and after their scheduled shifts, and for attendance at compensable training sessions.

On July 1, 2008, Kaleida moved to dismiss the complaint in its entirety pursuant to Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure. (Docket No. 90.) Plaintiffs subsequently withdrew without prejudice all but three of their thirteen causes of action, leaving the first (FLSA), second (NYLL), and thirteenth (estoppel) remaining. (Docket No. 112.) This Court, on November 25, 2008, declined to dismiss the FLSA claim, but granted partial dismissal of the NYLL claim. Specifically, the Court found Plaintiffs' NYLL claim preempted by section 301 of the Labor Management Relations Act ("LMRA") to the extent it seeks recovery for unpaid preliminary and postliminary work and unpaid training time. Dismissal was denied to the extent the NYLL claim seeks recovery for unpaid work during meal periods.[3]

Both parties moved for reconsideration. Kaleida contends this Court committed legal error when it concluded the NYLL claim relating to work allegedly performed during

---

[3] Kaleida acknowledged the existence of the estoppel claim (Docket No. 91 at 1), but did not advance any independent argument in support of dismissal. Accordingly, it was not addressed in the Court's decision.

meal breaks is not preempted by the LMRA. It urges that section 162 of the NYLL, cited by the Court, does not provide a private cause of action, and even if Plaintiffs do have an independent statutory right to recovery, the Court erred in its application of the preemption analysis. Plaintiffs, on the other hand, contend that the Court committed legal error in holding that claims for preliminary and postliminary work and compensatory training time are preempted by the LMRA. They urge that the NYLL does provide a statutory right to compensation for such work and that the Court erred in concluding those aspects of the NYLL claim are preempted.

Kaleida's Motion for a More Definite Statement is predicated on Plaintiffs' withdrawal of ten causes of action.

## III. DISCUSSION

### A. The Motions for Reconsideration

#### 1. Standard of Review

Motions for reconsideration are not recognized under the Federal Rules of Civil Procedure *in haec verba*. Kaleida does not cite to any Rule as the basis for its motion. Plaintiffs cite to Rules 59 and 60. Where, as here, a motion for reconsideration is filed no later than 10 days after the challenged order or entry of judgment, courts ordinarily treat the motion as brought under Rule 59(e). *See, e.g.*, Constellation Brands, Inc. v. Arbor Hill Assocs., Inc., No. 02 Civ. 6498 CJS, 2008 U.S. Dist. LEXIS 20264, at *5-6 (W.D.N.Y. Mar. 14, 2008).

3

Alteration of a court's judgment pursuant to Rule 59(e) is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." USA Certified Merchants, LLC v. Koebel, 273 F. Supp. 2d 501, 503 (S.D.N.Y. 2003) (citations omitted). "A court is justified in reconsidering its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent obvious injustice." Nnebe v. Daus, No. 06 Civ. 4991 KMK, 2006 U.S. Dist. LEXIS 58611, at *3 (S.D.N.Y. Aug. 7, 2006) (internal quotation marks and citation omitted).

The standard for granting a Rule 59(e) motion is strict, and reconsideration is generally denied as Rule 59(e) "motions are not a vehicle for re-litigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite of the apple." Celeste v. East Meadow Union Free Sch. Dist., 2008 U.S. Dist. LEXIS 61099, at *3 (E.D.N.Y. Aug. 5, 2008) (internal quotation marks and citation omitted); *see also*, Exxon Shipping Co. v. Baker, ___ U.S. ___, 128 S. Ct. 2605, 2617 n.5, 171 L. Ed. 2d 570 (2008) (Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment" (citation omitted)).

A decision to grant or deny a Rule 59(e) motion is within the sound discretion of the court, and the motion should be granted only when the moving party can demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion and which, had they been considered, would have changed its decision. Atlantic Cas. Ins. Co. v. Joney Const. Corp., 2008 U.S. Dist. LEXIS 54151, at *3-4

4

(E.D.N.Y. July 12, 2008) (citations omitted); *see also*, North River Ins. Co. v. Philadelphia Reinsurance Corp., 63 F.3d 160, 165 (2nd Cir. 1995), *cert. denied*, 516 U.S. 1184, 116 S. Ct. 1289, 134 L. Ed. 2d 233 (1996) ("A court should be 'loath' to revisit an earlier decision in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" (citations omitted)).

Because this case is at the pleading stage, the underlying decision did not resolve evidentiary issues. Neither party points to an intervening change in law. The issue, then, is whether the Court overlooked controlling law that was put before it in the motion to dismiss, or otherwise committed a clear error of law. The Court has reconsidered its prior reasoning on the preemption issue and modifies its Decision as set forth below.

### 2. The Preemption Doctrine

Section 301 of the LMRA applies to "[s]uits for violation of contracts between an employer and a labor organization." 29 U.S.C. § 185(a). The Supreme Court has long held that federal law governs disputes for breach of a collective bargaining agreement ("CBA"). *See* Textile Workers Union v. Lincoln Mills, 353 U.S. 448, 456, 77 S. Ct. 912, 1 L. Ed. 2d 972 (1957). But, "the preemptive force of 301 extends beyond state-law [breach of] contract actions[,]" United Steelworkers v. Rawson, 495 U.S. 362, 369, 110 S. Ct. 1904, 109 L. Ed. 2d 362 (1990), to encompass claims "substantially dependent upon analysis" of a CBA as well, Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 210-11, 105 S. Ct. 1904, 85 L. Ed. 2d 206 (1985) (state law tort action may be preempted if duty to the employee is created by CBA and does not exist independent of the agreement). "The interest in interpretive uniformity and predictability that require that labor-contract disputes be

resolved by reference to federal law also require that the meaning given a contract phrase or term be subject to uniform federal interpretation." Lueck, 471 U.S. at 211. In short, if the state law at issue purports to define the contract's meaning, that law is preempted by § 301. *Id.* at 213.

However, "[i]n extending the pre-emptive effect of § 301 beyond suits for breach of contract, it would be inconsistent with congressional intent . . . to pre-empt state rules that proscribe conduct, or establish rights and obligations, independent of a labor contract." *Id.* at 212; *see also*, Vera v. Saks & Co., 335 F.3d 109, 115 (2d Cir. 2003). A state claim is not preempted if its application requires "mere referral to the CBA for 'information such as rate of pay and other economic benefits that might be helpful in determining the damages to which a worker prevailing in a state-law suit is entitled.'" Vera, 335 F.3d at 115 (quoting Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 413 n.12, 108 S. Ct. 1877, 100 L. Ed. 2d 410 (1988)).

The Second Circuit has noted that the boundary between claims requiring "interpretation" of a CBA and those that require the CBA be "consulted" is an elusive one. Wynn v. AC Rochester, 273 F.3d 153, 158 (2d Cir. 2001). To determine on which side of that elusive line a particular claim falls, courts first consider whether the right at issue derives from state law or solely from a provision of the CBA. If it is the latter, the claim is preempted. Where the right derives from state law, the court must go on to consider whether the state law claim requires interpretation of a provision of the CBA. If contract interpretation is required, the claim is preempted. Levy v. Verizon Information Servs. Inc., 498 F. Supp. 2d 586, 596 (E.D.N.Y. 2007) (citations omitted). But "when the meaning of

6

contract terms is not the subject of dispute, the bare fact that a collective-bargaining agreement will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished." Livadas v. Bradshaw, 512 U.S. 107, 124, 114 S. Ct. 2068, 129 L. Ed. 2d 93 (1994).

### a. *The Basis for Plaintiffs' Claim*

This case was commenced as a putative class action. According to the Complaint, the six named Plaintiffs and other potential class members[4] "were suffered or permitted to work by [Kaleida] and not paid their regular or statutorily required rate of pay for all hours worked." (Docket No. 1, ¶ 72.) In particular, Plaintiffs allege that Kaleida knows its employees perform work during meal breaks, before and after their shifts, and for attendance at compensable training sessions, but does not compensate them for such work. (*Id.* ¶¶ 77-81.) Plaintiffs urge they have a state law right to payment of wages for time worked,[5] and this Court agrees.

Under the NYLL, employers must notify employees of their rate of pay at the time of hire, and of any amendments thereafter. N.Y. LAB. LAW § 195 (McKinney 2009). Wages for all "labor or services rendered" must be paid to the employee within the time specified by statute and/or the Commissioner of Labor. *Id.* §§ 190(a), 191. If the employer fails to make timely payment, an employee can seek to recover unpaid or underpaid wages (article six), and unpaid overtime for hours worked in excess of forty per week (article 19 and 12

---

[4] Plaintiffs have not yet moved for class certification of their NYLL claim and so, the identity and number of plaintiffs is not yet known.

[5] In the future, it would behoove Plaintiffs to articulate the statutory provisions at issue, instead of relying on sweeping references to the NYLL.

7

NYCCRR 142-2.2[6]), by either filing a complaint with the Commissioner, § 196-a, or commencing an action, §§ 198, 663.

In short, regardless of the existence of any agreement between Kaleida and its employees, Plaintiffs have a statutory right to the recovery they seek here. Kaleida implicitly conceded as much when it moved to dismiss this claim solely on the ground that "adjudication of the Plaintiffs' NYLL claim is substantially dependent upon the[ ] collective bargaining agreements" and is therefore preempted by § 301 of the LMRA. (Docket No. 87 at 9.)[7]

### b. *The Relevance of CBAs to Resolution of the Claim*

Plaintiffs allege that potential class members and Kaleida entered into "implied contracts and/or express contracts such as collective bargaining agreements." (*Id.* ¶ 93.) These various contracts are each alleged to include implied or express terms by which "defendants agreed to fulfill all of their obligations pursuant to applicable state and federal law including payment for all time worked and overtime at time and one-half for time worked over 40 hours in a week." (*Id.* ¶ 94.) Kaleida contends that adjudication of employee claims "will substantially depend upon . . . a review and interpretation of the applicable CBAs." (Docket Nos. 91 at 10; 154 at 5.) The Court must consider whether the

---

[6] "[T]he Second Circuit Court of Appeals and . . . New York District Courts have verified that overtime claims may be brought pursuant to NYLL § 650 *et seq.* and that implementing regulation 12 NYCCRR 142-2.2 carries the force of the law." Diaz v. Electronics Boutique of Am., Inc., 2005 U.S. Dist. LEXIS 30382, at * (W.D.N.Y. Oct. 13, 2005) (citations omitted).

[7] The only objection Kaleida now raises to the Court's analysis of this issue is to the determination that NYLL § 162 provides a statutory basis for Plaintiffs' claim. The Court having revised its analysis in this regard, Kaleida's objection requires no further discussion.

NYLL wage claim is intertwined with CBA terms such that contract interpretation is required to resolve the claim.

As Kaleida correctly notes, the Court may consider CBAs in ruling on its motion to dismiss without converting the motion to one for summary judgment. Carvalho v. Int'l Bridge & Iron Co., 2000 U.S. Dist. LEXIS 4419, at *2 n.1 (D. Conn. Feb. 25, 2000) (court may examine CBA to determine preemption issue). Indeed, it is well settled, as a general matter, that courts may consider any documents referenced in the complaint, or that the plaintiffs relied on in bringing suit, without converting a Rule 12(b)(6) motion. Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002).

The problem here is that there is no telling which CBA, if any, is applicable. Plaintiffs' reference to implied contracts suggests that certain named Plaintiffs and/or putative class members are non-union employees. Neither party noted this in briefing on the underlying motion, nor did the Court address it. However, it bears stating now that, to the extent any Plaintiff or potential plaintiff is not covered by a CBA, there can be no preemption of his or her NYLL claim.

In referring to express contracts, the parties consistently use the plural, thereby implicitly acknowledging the existence of more than one CBA. However, Plaintiffs do not identify any particular CBAs in their Complaint, nor do they state which CBA(s), if any, applies to them. Kaleida, in turn, merely states that the "overwhelming majority" of its employees belong to one of the bargaining groups identified in a Master Collective Bargaining Agreement. (Docket No. 91 at 13.) It goes on to cite to several articles from that CBA, and urge that each cited provision must be "reviewed, analyzed[,] and

9

interpreted" to determine the validity of the wage and hour claims. But it is entirely unclear at this point whether employees who are not part of that "overwhelming majority," and who are or may become plaintiffs in this action, are subject to a different CBA or to no CBA at all.

Having carefully reconsidered the underlying motion, the Court declines to render what may be an advisory or partial opinion on the effect of the Master Collective Bargaining Agreement. It may well be that Plaintiffs' NYLL claim is preempted, in whole or in part. However, in the Court's considered view, the time to make that determination is after the parties and the Court are clear on which bargaining units are implicated in this action and which CBA or CBAs apply.[8]

\* \* \* \* \*

To summarize, Kaleida's motion for reconsideration is granted to the extent it contends the Court erred in its preemption analysis in concluding that, where a statutory right exists, CBA provisions are irrelevant. Plaintiffs' motion for reconsideration is granted to the extent it challenges the Court's conclusion that they do not have a statutory right to seek unpaid or underpaid wages for all hours worked. Both motions are denied in all other respects, either for the reasons stated herein or because the arguments are premature.

**B.    The Motion for a More Definite Statement**

Due to the pendency of its Motion to Dismiss and the subsequent objections, Kaleida has not yet answered Plaintiffs' Complaint. It filed this Motion for a More Definite

---

[8] At that time, the Court anticipates that for each CBA at issue Kaleida will identify the provisions that are implicated and articulate why interpretation, rather than mere reference to the provisions, is necessary.

Statement, under Federal Rule of Civil Procedure 12(e), simultaneous with its motion for partial reconsideration.[9] Rule 12(e) allows a party to move for a more definite statement when a pleading is "so vague or ambiguous that the [opposing] party cannot reasonably prepare a response."

In support of its motion, Kaleida notes Plaintiffs' voluntary dismissal of ten of their thirteen causes of action and the fact that each cause of action realleges all preceding paragraphs in the Complaint. It contends it is unable to discern which of the fact allegations relate to the three remaining causes of action. As Kaleida correctly observes, ambiguity resulting from the partial dismissal was evidenced by the parties' dispute, on Kaleida's motion to dismiss, as to whether allegations referencing CBAs related to the pending statutory wage claims, or only to the dismissed breach of contract claim.

Although Plaintiffs' voluntary dismissal of certain claims pursuant to Rule 41(a)(1) was both permissible and effective, Vogel v. American Kiosk Mgmt., 371 F. Supp. 2d 122, 129-30 (D. Conn. 2005), this Court agrees that it has resulted in ambiguity that leaves both Kaleida and the Court uncertain as to which fact allegations continue to have applicability. Accordingly, Kaleida's Motion is granted and Plaintiffs are directed to file an Amended Complaint on or before December 15, 2009, that includes only their FLSA, NYLL, and estoppel claims, and the facts pertinent thereto.

---

[9] Due to an oversight, no briefing schedule was set for this motion. The Court will consider the motion for two reasons. First, nothing prevented Plaintiffs from filing opposing papers at any time in the last eleven months, but they did not; and second, the Court would direct the relief Kaleida requests, *sua sponte*, absent a motion.

## IV. CONCLUSION

For the reasons stated, the parties' respective Motions for Reconsideration are each granted in part and denied in part, and the Court's prior order (Docket No. 149) is amended consistent with the foregoing analysis. Defendants' Motion for a More Definite Statement is granted.

## V. ORDER

IT HEREBY IS ORDERED, that Defendants' Motion for Partial Reconsideration (Docket No. 153) is GRANTED IN PART and DENIED IN PART.

FURTHER, that Plaintiffs' Motion for Reconsideration (Docket No. 155) is GRANTED IN PART and DENIED IN PART.

FURTHER, that the Court's prior order (Docket No. 149) is amended consistent with the foregoing analysis.

FURTHER, that Defendants' Motion for a More Definite Statement (Docket No. 151) is GRANTED.

FURTHER, that Plaintiffs are directed to file an Amended Complaint on or before December 15, 2009.

SO ORDERED.

Dated: November 17, 2009
      Buffalo, New York

                                    /s/William M. Skretny
                                    WILLIAM M. SKRETNY
                                United States District Judge