UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CATHERINE GORDON, *et. al.,*

                                    *Plaintiffs,*

            v.

KALEIDA HEALTH, *et al.,*

                                    *Defendants.*

Civil Action
No. 08-CV-0378


# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER


THOMAS & SOLOMON LLP
*Attorneys for Plaintiffs*
693 East Avenue
Rochester, New York 14607
Telephone: (585) 272-0540

Of Counsel:  Michael J. Lingle

**PRELIMINARY STATEMENT**

Defendants served extensive discovery demands including document requests and interrogatories, on each opt-in plaintiff in this case. Such discovery is improper. First, courts in this circuit have limited individualized discovery which comports with the purpose and policy of the Fair Labor Standards Act ("FLSA") to promote judicial economy and allow for an efficient resolution of multiple actions in a single proceeding. Second, individualized discovery is inappropriate in class actions based on the courts' reliance on representative testimony to assess liability and damages. Therefore, plaintiffs respectfully request that this Court issue a protective order and limit discovery to a sample of plaintiffs.

**FACTS**

The instant action involves a collective action for plaintiffs' claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and a class action for claims under the New York Labor Law. *See* First Amended Complaint.

On October 13, 2009, the Court granted plaintiffs' motion for conditional certification pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b). *See* Docket No. 228. As a result of the Court's ruling, employees were provided with notice of this action and an opportunity to join. To date, 781 employees have joined the action.

On or about April 29, 2010, defendants served discovery requests directed to each of the 781 class members who have opted into the case. The interrogatories consist of 9 questions, most with additional subparts. In addition, defendants requested 17 categories of documents from each plaintiff. *See* Affirmation of Michael J. Lingle, sworn to June 1, 2010 ("Lingle Aff."), Exhibits A & B. Further, defendants' deposition notice, which is also

deficient for other reasons, purports to seek the deposition of each plaintiff. *See* Lingle Aff., Ex. C.

Because individualized discovery is not permitted in FLSA collective actions or Rule 23 class actions, due to the undue burden and increased costs associated with having individualized discovery propounded upon each opt-in plaintiff, plaintiffs' motion for a protective order should be granted.

## ARGUMENT

### I. DEFENDANTS' INDIVIDUALIZED DISCOVERY REQUESTS ARE IMPROPER AND MUST BE LIMITED

Under Rule 26(c), courts have broad discretion to limit discovery when justice requires "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." In FLSA and Rule 23 class actions, individualized discovery places undue burden and expense on the plaintiff class and frustrates the purpose of Rule 26(c), 29 U.S.C. §216(b) and Rule 23.

The individualized discovery sought here should not be permitted because it is unduly burdensome on plaintiffs and their counsel. Defendants seek detailed information in 9 interrogatories and 17 document requests propounded upon, at present, 781 opt-in plaintiffs. These requests will require the compilation of detailed information from 781 individuals and the preparation of 7,029 interrogatory responses and 13,277 responses to document requests. Further, defendants apparently seek to depose all 781 individuals. Assuming one deposition every business day, it would take over three years to depose each plaintiff. Beyond the burdensome nature of defendants' discovery requests, individualized discovery is incompatible with the underlying principles of class action litigation.

Given the burdensome nature of individualized discovery, courts have routinely denied individualized discovery of class members in both Rule 23 and FLSA class actions, finding the discovery principles of Rule 23 class actions equally applicable to FLSA collective actions. *See Prentice v. Fund for Public Interest Research, Inc.,* No. C-06-7776 SC, 2007 WL 2729187, at *5 (N.D. Cal. Sept. 18, 2007) (stating "individualized discovery is rarely appropriate in FLSA collective actions."); *Nelson v. Am. Standard, Inc.*, No. 2:07-CV-10-TJW-CE, 2009 WL 4730166, at *3 (E.D. Tex. Dec. 4, 2009) ("individualized discovery is generally not appropriate in FLSA collective actions and should be limited to a representative sample of the entire group"); *McGrath v. City of Phila.,* No. Civ. A. 92-4570, 1994 WL 45162, at *2-3 (E.D. Pa. Feb. 10, 1994) (finding individualized discovery inappropriate in FLSA class actions as "[t]o allow such discovery would only serve to obfuscate the issues and drastically enhance the costs of litigation."); *Adkins v. Mid-American Growers, Inc.,* 143 F.R.D. 171, 174 (N.D. Ill. 1992) (finding individualized discovery in FLSA class action improper and "too onerous" and holding that discovery requests should be served on a representative basis); *Smith v. Lowe's Home Ctrs., Inc.,* 236 F.R.D. 354, 357 (S.D. Oh. 2006) (granting plaintiffs' motion for a protective order against individualized discovery of opt-in plaintiffs in FLSA class action and limiting discovery to a "statistically significant representative sampling"); *Barrus v. Dick's Sporting Goods, Inc.,* 465 F.Supp.2d 224, 231-32 (W.D.N.Y. 2006) ("I believe the Court does have the authority to limit post-notice discovery to a reasonable sampling of defendants' stores or to a limited number of regions"); *Cranney v. Carriage Servs., Inc.,* No. 2:07-CV-01587-RLH-PAL, 2008 WL 2457912, at *3 (D. Nev. June 16, 2008) ("Permitting the full scope of discovery authorized by the Federal Rules of Civil Procedure would undermine the purpose of conditionally certifying a collective action and would be

unreasonably burdensome and wasteful of the parties' and the court's resources"); *In re Am. Family Mutual Ins. Co. Overtime Pay Litig.*, No. 06-cv-17430-WYD-CBS, (D. Colo. Jan. 30, 2009)(Lingle Aff. Ex. D) (district judge adopts and affirms magistrate's order rejecting individualized discovery; reasoning that since defendant had access to plaintiffs' personnel records and supervisors, due process and discovery requirements would not be violated).

The denial of individualized discovery in FLSA collective actions comports with the purpose and policy of 29 U.S.C. §216(b) and case law interpreting its provisions. FLSA collective actions are provided for under 29 U.S.C. §216(b) and are designed to give workers the benefit of lower individual costs by pooling litigation resources in addition to promoting judicial economy by allowing for the efficient resolution of multiple actions in a single proceeding. *See Hoffmann-La Roche, Inc. v. Sperling,* 493 U.S. 165, 170 (1989)[1] (finding "[a] collective action allows . . . plaintiffs the advantage of lower individual costs to vindicate rights by the pooling of resources. The judicial system benefits by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged . . . [illegal] activity.").

Similarly, in Rule 23 class actions, analogous to FLSA class actions, discovery of unnamed class members is generally disfavored. *See* 3 Herbert B. Newberg & Alba Conte, Newberg on Class Actions §16.4 (4th ed. 2002) (stating, "[w]hile situations may occur in which discovery of [unnamed] class members is the only method to ascertain certain class facts without unduly compromising fairness to the party opposing the class, such discovery should not be imposed when a less restrictive alternative exists.") (footnote omitted); *Boynton v. Headwaters, Inc.*, No. 1-02-1111-JPM-egb, 2009 WL 3103161, at *1 (W.D. Tenn. Jan 30,

---

[1] Although *Hoffmann-La Roche* involves an ADEA claim, it is applicable to FLSA cases because the ADEA explicitly incorporates the FLSA's collective action procedures. *Id.* at 167-68.

2009) (denying discovery of unnamed class members because "[s]ubjecting unnamed class members to discovery is generally not permitted" and "[t]he burden is heavy to justify asking questions by interrogatories, even heavier to justify depositions."); *Baldwin & Flynn v. Nat'l Safety Assocs.,* 149 F.R.D. 598, 600-01 (N.D. Cal. 1993) (denying discovery of unnamed class members, noting that defendant's "burden is heavy to justify asking [unnamed class members] questions by interrogatories"); *Redmond v. Moody's Investor Serv.,* 92 Civ. 9161 (WK), 1995 WL 276150, *1 (S.D.N.Y. May 10, 1995) (finding discovery on 68 class members inappropriate on "individual issues").

Therefore, this Court should deny defendants' request for individualized discovery because of their burdensome nature and incompatibility with the purpose and policy of both the FLSA and class action litigation.

### III.  INDIVIDUALIZED DISCOVERY NOT APPROPRIATE BECAUSE LIABILITY AND DAMAGES DECIDED BY REPRESENTATIVE TESTIMONY

In addition to the inefficiencies and burdensomeness discussed above, the individualized merits and damages discovery defendants seek is inappropriate in light of the well-established rule that, both during discovery and at trial, using sampling and offering the testimony of representative employees is sufficient in order to establish liability and issue a damages award to all plaintiffs.

The rationale for statistical sampling is set forth by the *Manual of Complex Litigation:* "[a]cceptable sampling techniques, in lieu of discovery and presentation of voluminous data from the entire population, can save substantial time and expense, and in some cases provide the only practicable means to collect and present relevant data." *Manual of Complex Litigation, Fourth ed.,* at §11.493 (2005).

In fact, courts routinely rely upon the testimony of a representative sample of plaintiffs to establish both liability and damages for the entire class. *See Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687-91 (1946); *U.S. Dept. of Labor v. Cole Enters., Inc.,* 62 F.3d 775, 781 (6th Cir. 1995) ("testimony of fairly representative employees may be the basis for an award of back wages to nontestifying employees"); *Reich v. S. New England Telecomms. Corp.,* 121 F.3d 58, 66-69 (2d Cir. 1997) (testimony of 39 employees, accounting for each of the five job categories in question, sufficient to support award to 1500); *Solis v. Best Miracle Corp.,* No. SACV 08-00998-CJC(MLGx), 2010 WL 1766851, at *4 (C.D. Cal. May 3, 2010) (finding representative testimony adequate and noting, "[c]ourts have allowed all employees to recover backwages on the representative testimony of 18 percent, 11 percent, or even 3.5 percent of employees"); *Harold Levinson Assocs., Inc. v. Chao*, 37 Fed. Appx. 19, 20-21 (2d Cir. 2002) (representative sample of employees can provide a foundation for assumptions about the overall employee pool, as long as a representative from each relevant category of employees testifies). [2]

---

[2]  *See also, Brock v. Seto*, 790 F.2d 1446, 1448 (9th Cir. 1986) (testimonial evidence from 4 out of 16 employees sufficient to establish prima facie case and warranted remand to District Court to estimate damages); *Donovan v. Simmons Petroleum Corp.*, 725 F.2d 83, 86 (10th Cir. 1983) (testimony of 12 former employees – at least one from each employer facility – supported by that of compliance officer and documentary evidence was sufficient to establish pattern of violations); *Donovan v. New Floridian Hotel, Inc.*, 676 F.2d 468, 472-473 (11th Cir. 1982) (testimony of 23 employees accepted for award to 207 employees - award denied to 56 non-testifying employees); *Hodgson v. Humphries*, 454 F.2d 1279, 1282-1283 (10th Cir. 1972); *Herman v. Hector I. Nieves Transp., Inc.*, 91 F.Supp.2d 435, 446-447 (D. Puerto Rico 2000) (testimony of 14 of approximately 100 truck drivers was adequate basis for determining the average number of hours worked and a pattern and practice of defendants' violations); *Archie,* 86 F.Supp.2d at 272 (damage estimates allowed for 12 employees based upon records of 182); *Reich v. New Mt. Pleasant Bakery, Inc.*, No. 89-CV-581, 1993 WL 372270, at *2, 6 (N.D.N.Y. 1993) (testimony of 15 employees supported award to 46 with court noting that it is not necessary for any employee from an affected group to testify as long as there is some evidence in the record supporting the claim for back wages); *Reich v. Waldbaum, Inc.*, 833 F.Supp. 1037, 1041-1042 (S.D.N.Y. 1993), reversed on other grounds 52 F.3d 35 (2d Cir. 1995) (testimony of 37 employees provided sufficient evidence to sustain the burden that

For example, in *Smith v. Lowe's Home Ctrs., Inc., supra,* the court found it appropriate to use statistical sampling to limit discovery. In doing so, the court rejected defendant's argument that written discovery on all 1,500 opt-in plaintiffs was necessary in order to establish that members of the class are not "similarly situated" under the FSLA for purposes of a decertification motion, stating:

> This Court agrees that limiting discovery to a statistically significant representative sampling, at this juncture, will both reasonably minimize the otherwise extraordinary burden imposed on the plaintiffs and their counsel and yet afford the defendant a reasonable opportunity to explore, discover and establish an evidentiary basis for its defenses. The Court will therefore limit the discovery appropriate to the de-certification and class certification proceedings to a statistically significant sample.

*Smith,* 236 F.R.D. at 357-58.

In its decision, the *Smith* court relied upon a Sixth Circuit Court of Appeals case recognizing that in FLSA class actions, only the testimony of "fairly representative employees," in the absence of testimony from all employees, is necessary at trial in order to determine liability and back wages. *Smith, supra,* 236 F.R.D. at 356 citing *Dept. of Labor v. Cole Enters., Inc.,* 62 F.3d 775, 781 (6th Cir. 1995) (relying on *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687-91 (1946) (testimony of 8 out of 300 plaintiffs sufficient to establish entitlement to recovery under FLSA)); *see also Reich,* 121 F.3d at 66-69 (finding testimony of representative sample of employees as part of proof of prima facie case under FLSA sufficient

---

work was performed for which 262 employees were not compensated); *McLaughlin v. DialAmerica Mktg., Inc.*, 716 F.Supp. 812, 824-825 (D.N.J. 1989), aff'd 935 F.2d 1281 (3d Cir. 1991) (350 non-testifying employees entitled to an award of back wages based on testimony of 43 former employees and the compliance specialist); *Donovan v. Kaszycki & Sons Contractors, Inc.*, 599 F.Supp. 860, 868 (S.D.N.Y. 1984) (pattern of FLSA violations by defendants with respect to payment of both regular and overtime wages for all employees established although not all employees were deposed or interviewed); *Donovan v. Hudson Stations, Inc.*, No. 77-2172, 1983 WL 2110, at *7-8 (D. Kan. Oct. 14, 1983) (noting ample authority for the proposition that the court can award compensation for nontestifying employees on the basis of representative testimony); *Donovan v. Sovereign Sec., Ltd.*, CV-81-0615, 1982 WL 2192, at *6 (E.D.N.Y. Apr. 28, 1982) (testimony of 3 employees supported award to 55).

evidence to establish awards for all plaintiffs); *Archie v. Grand Cent. P'ship, Inc.*, 86 F.Supp.2d 262, 272 (S.D.N.Y. 2000) (court rejected defendant's argument that each plaintiff must provide evidence of damages – pattern and practice of employer conduct was sufficient).

Limiting discovery to a representative sampling of plaintiffs in the instant case is likewise appropriate and necessary. The claims of all of the opt-in plaintiffs are similar, meaning that the responses to defendants' interrogatories, will, on the whole, be duplicative, and responses from representative samples of plaintiffs would be sufficient. Furthermore, to the extent additional information is thought to be needed by either party, they would still be free to request additional discovery after the representative sampling discovery was conducted.

Therefore, plaintiffs respectfully request that the Court deny individualized discovery from the plaintiffs and direct the parties to develop a sample.

## CONCLUSION

For the foregoing reasons, plaintiffs respectfully request that this Court grant plaintiffs' motion for a protective order.

Dated: June 1, 2010                                        **THOMAS & SOLOMON, LLP**

                                        By:    s/ Michael J. Lingle
                                               J. Nelson Thomas, Esq.
                                               Michael J. Lingle, Esq.
                                               *Attorneys for Plaintiffs*
                                               693 East Avenue
                                               Rochester, New York 14607
                                               Telephone: (585) 272-0540
                                               nthomas@theemploymentattorneys.com
                                               mlingle@theemploymentattorneys.com