UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CATHERINE GORDON, JAMES SCHAFFER, TERESA THOMPSON, PAMELA MIKA, JENNIFER PFENTNER and DIANA GALDON, on behalf of themselves and all other employees similarly situated,<br><br>                                                          Plaintiffs,<br>                          - vs -<br><br>KALEIDA HEALTH, et al.,<br>                                                          Defendants. | Civil Action No.<br>08-CV-00378 (WMS) |

## MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO COMPEL

Defendants Kaleida Health et al. ("Kaleida"), by their attorneys, Nixon Peabody LLP and Coburn & Greenbaum PLLC, submit this Memorandum of Law in opposition to Plaintiffs' motion to compel a list of all hourly employees employed by defendants for the past nine years, including their contact information, social security numbers, job titles and dates of employment allegedly in furtherance of their Rule 23 pre-certification discovery. The request of the names, contact and private information of tens of thousands of people is unduly burdensome, premature and unnecessary.

## FACTUAL BACKGROUND

Plaintiffs' Interrogatory No. 1 asks Kaleida to:

Identify each Hourly Employee and additionally Identify each Hourly Employee's supervisor(s) (including the dates of such supervision); Identify all other individuals who performed work in the Hourly Employee's unit or department; the reporting relationships from the Hourly Employee's supervisor through the Defendants' chain of command (including the dates of reporting relationships); Identify all individuals with human resource responsibility for that Hourly Employee (and the dates and type of such responsibilities); and Identify all entities and individuals that the Defendants claim Employed the Hourly Employee (including the dates of such Employment by each individual) and Describe in Detail the factual basis for that assertion.

13708255.1

The definition of "hourly employee" provided by Plaintiffs includes employees who worked on a *per diem* basis as well as employees who worked through a temporary or placement agency. *See* Affirmation of Sarah Cressman, dated December 5, 2011, Docket No. 331-1, Ex. A (Plaintiffs' Interrogatories), at Definition ¶8..

Kaleida responded to the Interrogatories on May 17, 2010, and provided a supplemental response on September 2, 2011. *See* Docket No. 331-1, Exs. B (Kaleida's First Reponses to Interrogatories) and C (Kaleida's Supplemental Response to Interrogatories). In its Supplemental Response to Plaintiffs' First Set of Interrogatories, Kaleida responded to Interrogatory 1 as follows:

> Kaleida Health has employed more than 8,000 hourly employees in each year since 1999[1]. Additionally, Kaleida does not have the information requested for all "hourly employees" as defined by Plaintiffs. In his Decision and Order dated October 13, 2009, Judge Skretny defined the relevant group of employees as "registered nurses, staff nurses, licensed practical nurses, nurses aides, and respiratory therapists, in Kaleida's hospitals and skilled nursing facilities". Additionally, the statute of limitations for these FLSA claims is three years and accrued on May 22, 2005. Thus, Kaleida objects to this Interrogatory on the grounds that it is overly broad and burdensome, not reasonably limited in time and scope, seeks information beyond the relevant time scope and as to persons not parties to this action. Kaleida Health further objects on the basis that it seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence, and thus is harassing in nature. However, subject to and without waiving these objections, pursuant to FRCP 33(d) and the agreement of counsel with regard to the scope of discovery at this time, and based on presently available information and belief, Defendants in response reference the following documents for the agreed upon time period May 15, 2005 – May 24, 2008: KAL 0000001 – 0009252; KAL 0040450 – 0146734; and KAL 0146837 - 0152149.

Docket No. 331-1, Ex. C (Kaleida's Supplemental Response to Interrogatories).

---

[1] Kaleida Health does not have an employee count for years prior to 1999 as this was the first year the merged organization had one payroll system.

The parties thereafter conferred via telephone on October 26, 2011, November 18, 20, and November 30th, 2011.  Declaration of Susan C. Roney in Opposition to Motion to Compel, dated December 16, 2011 ("Roney Decl."), ¶4.  Kaleida stood by its objection to producing the requested information for employees outside of the relevant group of employees as defined by Judge Skretny.  *Id*.

Plaintiffs' present motion seeks a list of *all* hourly employees from May 2002 through the present, including their "name, address, telephone number, social security number, job title(s), dates of employment location, department or unit where employed and names of supervisors."  Plaintiffs' Memorandum of Law, Docket No. 330, p. 8.  During the Rule 16 conference held before Judge Foschio on February 3, 2010, counsel for Plaintiffs indicated that they believe there are as many as 40,000 potential Rule 23 class members for the class they seek.  Roney Decl. ¶6.

However, in his October 13, 2009 Decision and Order, Judge Skretny specifically rejected Plaintiffs' request to notify "all current and former hourly employees of the defendants whose pay was subject to an automatic [meal period] deduction even when the employees should have been paid for their compensable work time."  Decision and Order, Docket No. 228, p. 9.  He found "this proposed class description is vague and not in accord with Plaintiffs' Complaint and affirmations, which, taken together, limited the proposed class to certain job titles and work locations."  *Id*.  Judge Skretny further determined that hourly workers engaged in clerical, food service, maintenance and other positions that do not involve direct patient care services" should be excluded and thus narrowed the class description to include only patient care employees with specific titles working at specific locations.  *Id*.  Kaleida respectfully submits that there is no reason why this narrowed description does not also apply to the putative Rule 23 class and no showing to that effect has been made by Plaintiffs.

13708255.1

Additionally, the definition of "Identify" in the Interrogatories' instructions does not include providing the person's social security number. *See* Docket No. 331-1, Exhibit A, Definition 9. Moreover, in his Decision and Order of October 13, 2009, Judge Skretny held that, in the interest of privacy, Kaleida need not produce telephone numbers or social security numbers. Thus, there is no good faith basis for Plaintiffs' request for that information now.

On October 28, 2009, Kaleida, in accordance with Judge Skretny's October 13, 2009 Decision and Order (Docket No, 228, p. 28), provided Plaintiffs' counsel with the names, current or last known addresses, locations of employment, and dates of employment for all potential members of the conditionally certified class. The number of such employees was approximately 5300. Approximately 767 Kaleida employees have filed consents to become parties to this action. Of those, approximately 400 meet Judge Skretny's definition of "registered nurses, licensed practical nurses, and respiratory therapist, in Kaleida hospitals and skilled nursing facilities," and are eligible opt in plaintiffs in the FLSA collective action.[2] Thus, Plaintiffs already have access to at least 300 employees who are not included in direct patient care.

## ARGUMENT

**A. Discovery sought is overly broad and onerous**

A district court must limit discovery if it determines that "the discovery sought is . . . obtainable from some other source that is more convenient, less burdensome, or less expensive . . . or . . . the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2)(C). Plaintiffs' present motion seeks a list of all hourly employees from May 2002 through the present, including for each their "name, address, telephone number, social security number, job title(s), dates of employment location, department or unit where employed

---

[2] Approximately fifty (50) of these "opt-ins" have failed to respond to Kaleida's discovery requests and it is currently in controversy whether they will remain opt in plaintiffs.

and names of supervisors." Plaintiffs' Memorandum of Law, Docket No. 330, p. 8. This broad request is unduly burdensome as Kaleida employs 9000 hourly employees every year (Docket 120, ¶3), especially given Judge Skretny's conclusion that plaintiffs failed to make an even modest factual showing that they were similarly situated to any employees who do not provide direct patient care. (Decision and Order, Docket No. 228, p. 9)

The instant motion amounts to nothing more than the quintessential fishing expedition, which district courts have not hesitated to deny. "Courts have ordinarily refused to allow discovery of class members' identities at the pre-certification stage out of concern that plaintiffs' attorneys may be seeking such information to identify potential new clients, rather than to establish the appropriateness of certification." *Jenkins v. TJX Cos., Inc.*, 2011 U.S. Dist. LEXIS 44372 (E.D.N.Y. Apr. 25, 2011) quoting *Dziennik v. Sealift, Inc.*, 2006 U.S. Dist. LEXIS 33011, at *1 (E.D.N.Y. 2006) (citations omitted). In *Charles v. Nationwide Mutual Ins. Co.*, 2010 U.S. Dist. LEXIS 143487 (E.D.N.Y. 2010), the plaintiff brought both a Rule 23 claim under state law and an FLSA claim, and sought to compel production of putative class member contact information at the pre-certification stage of the litigation. Analyzing the discovery sought under both FLSA and Rule 23 standards, the court denied the motion to compel. *Id*. *See also Dziennik*, 2006 U.S. Dist. LEXIS 33011, 2006 WL 1455464, at *2 (denying discovery of pre-certification discovery of names and addresses in Rule 23 case and distinguishing it from FLSA case). As to the Rule 23 claim, the court found that while the discovery of contact information could be relevant under certain circumstances, the plaintiff's request was premature. *Charles*, 2010 U.S. Dist. LEXIS 143487 at *22-23.

This Court has already held that a class of "all hourly employees" was overly broad when granting conditional certification of the FLSA class and, therefore, notice to such a broadly

13708255.1

defined putative class was not warranted. Docket No. 229. In response to Plaintiffs' request for conditional certification of the FLSA class, the Court narrowed the class to hourly patient care employees at Kaleida hospitals and skilled nursing facilities. The Court narrowed this definition based on the allegations in the Complaint that Kaleida required employees to work through their meal break to engage in patient care. Docket No. 229, pp. 9-10. Significantly, each of the named plaintiffs do indeed work in patient care only. There is no rationale for the Rule 23 Class to be any broader, as the state labor law claim is based on these same allegations that Kaleida required employees to work through lunch to engage in patient care. *See* Docket No. 235, First Amended Class Action Complaint ¶¶77, 78. Kaleida should not be forced to incur the cost and burden of such expansive discovery, nor sacrifice the privacy rights of its employees, based on the anemic and speculative nature of plaintiffs' allegations concerning non-patient care positions. Kaleida, thus, properly responded to Plaintiffs' interrogatory.

*Youngblood v. Family Dollar Stores, Inc.*, 2011 U.S. Dist. LEXIS 52821 (S.D.N.Y. 2011), cited by Plaintiffs, is distinguishable. That action was brought solely under the state Labor Law, and did not include an FLSA claim. There, the plaintiff sought the names and addresses of approximately 1500 putative class members. Unlike here, the job titles, locations, supervisors and social security numbers were not sought, and the number of putative class members was 1500 total spread throughout New York state, a sharp contrast to the tens of thousands of employees—spanning over 9 years—at issue here.[3] Here, furthermore, Plaintiffs already have the contact information for thousands of putative class members all located in Western New York, including hundreds of non-patient care providers. Finally, there was no indication that the plaintiffs in *Youngblood* had anything but "a good faith need for employee

---

[3] Counsel for Plaintiffs has indicated that they believe there are as many as 40,000 potential Rule 23 class members for the class they seek. Roney Decl. ¶6.

13708255.1

contact information for the purpose of establishing the propriety of [class] certification." *Id*. *See Calabrese v. CSC Holdings, Inc.*, 2007 U.S. Dist. LEXIS 16059, at *6 n.7 (E.D.N.Y. 2007) (noting that as opposed to a defendant seeking the names of potential class members, it is more common for plaintiffs to "seek the names of [nonparty potential class members] in an attempt to broaden their class, a tactic courts disfavor").

Indeed, notice was sent to the narrower class defined by Judge Skretny, and 398 have opted into the FLSA action, while most decided not to participate in the action. Kaleida simply cannot divulge the private information of tens of thousands of people, including many who received notice of the FLSA action and already decided they were not interested in participating. *See Hill v. R+L Carriers Shared Services, LLC*, 2010 WL 4175958 (N.D.Cal. 2010) ("considering the third parties' privacy rights and the history of discovery disputes in this case, […], the Court finds it inappropriate to order Defendant to provide the names, addresses, and telephone numbers of non-opt-in plaintiffs at this point.").

Additionally, the other hourly employees are all located in Western New York and work in locations where named plaintiffs and opt in plaintiffs work. They likely have had access to Plaintiffs' counsel's website. Plaintiffs' counsel does not need the data requested here in order to locate putative class members and interview them in an effort to support their motion for class certification. Indeed, as previously stated. approximately 300 employees who do not meet the FLSA class definition (but theoretically meet the Rule 23 putative class definition) filed consents to have Plaintiffs' counsel represent them in this action. Despite the pendency of this action for more than three years, no support for any claims by employees who do not provide direct patient care has been submitted. Plaintiffs fail to provide any explanation whatsoever as to why access to these 300 clients is insufficient for them to gather the facts necessary to make the requisite

showings of commonality and typicality under Rule 23. *See Kernats v. COMCAST Corp.*, 2010 U.S. Dist. LEXIS 20276 (N.D. Ill. 2010) ("When analyzing pre-certification discovery requests such as this one, courts often consider whether the class-action plaintiffs would be unable to locate and interview any putative class members without discovery from the defendants. Where, as here, plaintiffs have other means of accessing information for at least some class members--for example, three of the named plaintiffs still work in Comcast's call center with other CAEs--courts generally deny discovery requests like this one."); *Knutson v. Blue Cross & Blue Shield*, 254 F.R.D. 553, 558 (D. Minn. 2008) (in connection to FLSA claims, refusing to order defendant to produce contact information for 1500 employees, where defendant had already given information for 43 and plaintiff had worked for defendant for seven years and could easily obtain the information herself); *Krzesniak v. Cendant Corp.,* 2007 U.S. Dist. LEXIS 47518 (N.D. Cal. 2007) (refusing to compel production of an employee contact list where plaintiffs had other sources of "adequate information to move for class certification"). The list of putative class members is unwarranted, as plaintiffs can easily obtain further information to determine if they meet the numerosity, commonality, typicality, and adequate class representation class certification requirements from the thousands of putative class members, and 300 individual clients, to whom they already have access.

### B. Discovery of Social Security Numbers is Intrusive and Unwarranted

Social security numbers are inherently private information that must not be readily divulged. *See Entral Group Int'l, LLC v. YHCL Vision Corp.,* 436 F. Supp. 2d 404 (E.D.N.Y. 2006) (prohibiting disclosure of Social Security numbers in civil action absent particularized need). Even in the context of FLSA collective actions, where the contact information of putative class members is more urgent given the need for plaintiffs to opt in, courts have refused to order

defendants to give social security numbers of employees along with the contact information. *See Chowdry v. Duane Reade, Inc.*, 2007 U.S. Dist. LEXIS 73853 (S.D.N.Y. 2007), *see also Delaney v. Geisha NYC, LLC*, 261 F.R.D. 55, 60 (S.D.N.Y. 2009) (Only if plaintiffs found that a large number of notices were returned as undeliverable would the court even consider the request for disclosure of social security numbers). Here, Judge Skretny held that, in the interest of privacy, Kaleida need not produce telephone numbers or social security numbers when he decided the FLSA conditional certification motion. Decision and Order, Docket No. 228, p. 19. Thus, there is no good faith basis for Plaintiffs' request for that information now, in a motion addressing Rule 23 pre class certification discovery, where the need for immediate contact is much less urgent, and Plaintiffs have not articulated any particular need for social security numbers. As requested above, Plaintiffs already have access to thousands of putative class members, rendering the need for any contact information, much less social security numbers, unnecessary. Thus, the request for social security numbers as well as telephone numbers is palpably improper and must be denied.

## CONCLUSION

For the foregoing reasons, the Plaintiffs' motion should be denied in its entirety.

DATED:   Buffalo, New York
         December 16, 2011

NIXON PEABODY LLP

By:   /s/ Susan C. Roney
      Susan C. Roney, Esq.
40 Fountain Plaza, Suite 500
Buffalo, New York  14202
Tel:  (716) 853-8100
Email:  sroney@nixonpeabody.com

13708255.1

Jonathan W. Greenbaum, Esq.
COBURN & GREENBAUM, PLLC
1710 Rhode Island Avenue, NW
Second Floor
Washington, DC   20036
Tel:  (202) 657-5006
Email:  jg@coburngreenbaum.com

*Attorneys for Defendants*


TO: J. Nelson Thomas
THOMAS & SOLOMON LLP
*Attorneys for Plaintiffs*
693 East Avenue
Rochester, New York 14607