UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CATHERINE GORDON, *et al.*,

                   Plaintiffs,

   v.

KALEIDA HEALTH, *et al.*,

                   Defendants.
_____

                            **DECISION**
                              and
                            **ORDER**

                          08-CV-378S(F)

APPEARANCES:        THOMAS & SOLOMON, LLP
                            Attorneys for Plaintiffs
                            MICHAEL J. LINGLE,
                            SARAH E. CRESSMAN, of Counsel
                            693 East Avenue
                            Rochester, New York   14607

                            COBURN & COFFMAN, PLLC
                            Attorneys for Defendants
                            JONATHAN W. GREENBAUM, of Counsel
                            1244 19th Street, NW
                            Washington, D.C.   20036

                            NIXON PEABODY, LLP
                            Attorneys for Defendants
                            SUSAN C. RONEY, of Counsel
                            40 Fountain Plaza, Suite 500
                            Buffalo, New York   14202

**JURISDICTION**

     By order of Hon. William M. Skretny, dated January 6, 2010 (Doc. No. 252), this matter was referred to the undersigned for all non-dispositive pretrial matters pursuant 28 U.S.C. § 636(b)(1)(A).  The matter is presently before the court on Plaintiff's motion to compel filed December 5, 2011 (Doc. No. 329) ("Plaintiffs' motion").

In this action under the Fair Labor Standards Act ("FLSA") and New York law, Plaintiffs allege Defendants violated the rights of Defendants' non-exempt hourly employees by failing to pay such hourly employees at the employees' regular hourly or overtime rates for all periods of time Defendants permitted or required Defendants' hourly employees to perform work. Plaintiffs specifically allege that Defendants' violations arise from three distinct policies or practices Defendants established and applied to such employees.  According to Plaintiffs, Defendants require or permit hourly employees to work without pay during their (1) assigned one-half hour meal break; (2) periods of time prior to and immediately after the end of the employees' scheduled work shifts; and (3) while attending training sessions conducted by Defendants.  Because the alleged uncompensated work results from policies and practices adopted and applied by Defendants to all facilities operated by Defendants where the Defendants' hourly employees work, Plaintiffs assert both a representative collective action on behalf of all similarly situated employees subject to the protections of the FLSA, and a class action pursuant to Fed.R.Civ.P. 23 ("Rule 23") to enforce the rights of Defendants' hourly employees under the FLSA the New York wage and hour laws for unpaid work at the employees' regular pay rate or, as applicable, overtime rates.  Plaintiffs' motion requests discovery of the identity of putative class members in support of Plaintiffs' class action based on New York wage and hour laws.

Defendants represent a consortium of organizations which provide comprehensive medical care and related services within Western New York through approximately 75 hospitals, nursing homes, clinics, laboratories, and out-patient offices operated under the direction of Defendant Kaleida Health ("Kaleida Health"), a not-for-

profit New York corporation.[1]  Plaintiffs claim the institutional Defendants, and Kaleida Health, are the employers of the hourly employees who are members of the putative Rule 23 class as alleged by Plaintiffs.  Defendants annually employ approximately 9,000 such hourly workers including registered nurses, license practical nurses, aides, respiratory therapists, medical technicians, as well as administrative, clerical, food service, maintenance, and security workers.  Plaintiffs estimate that as many as 40,000 present and former hourly employees may be eligible for inclusion in Plaintiffs' class action.

In a Decision and Order dated October 14, 2009, District Judge Skretny, at Plaintiffs' request, approved a conditional collective action for Plaintiffs' FLSA claims, *i.e.*, one for Plaintiffs' and other "similarly situated" employees, including registered nurses, limited to Defendants' past and present hourly employees providing direct patient care at Kaleida hospitals, and skilled nursing and long-term care facilities who, like Plaintiffs, were subject to Defendants' "automatic meal break deduction," *Gordon v. Kaleida Health*, 2009 WL 3334784, at *8 (W.D.N.Y. Oct. 4, 2009), for one-half hour of an employee's regular hourly rate of pay.  Plaintiffs' FLSA claim seeks back pay for work performed without pay during the employees' meal breaks caused by Defendants implementation of the "automatic meal break deduction" as Plaintiffs allege.  According to Defendants, as a result of Judge Skretny's ruling, approximately 767 of 5,300 potentially eligible hourly employees opted-in to Plaintiffs' FLSA collective action of

---

[1] The exact corporate, ownership and administrative relationships among the 18 named institutional Defendants and Kaleida Health are not revealed in the record; however, Defendants represent that Kaleida Health resulted from a merger in 1998 of several of Western New York's largest independently owed and operated private hospitals.  Defendants James R. Kaskie and David R. Whipple are, respectively, CEO and Senior Human Resources Vice-President of Kaleida Health.

whom about 400 met the conditional certification limited to such employees who provided direct patient service as defined by Judge Skretny.  Memorandum of Law In Opposition to Motion to Compel (Doc. No. 335) at 4 ("Defendants' Memorandum").  On this basis, Defendants assert that Plaintiffs have received identification information pertaining to at least 300 hourly employees potentially eligible as putative members of Plaintiffs' class action to enforce the class members' rights as alleged under the New York law.  *Id.*

Defendants object to Plaintiffs' request for information identifying the putative members of Plaintiffs' alleged Rule 23 class based on Plaintiffs' state claim asserting the request is overbroad and unduly burdensome, and seeks contact information such as social security and telephone numbers that are unnecessary and unduly intrusive.  Defendants' Memorandum at 4-9.  Specifically, Defendants contend that given the large number of Defendants' present and past hourly employees, 9,000, as to whom Plaintiffs' requests for contact information are directed and Judge Skretny's finding that Plaintiffs had demonstrated a representative capacity limited to Defendants' hourly employees engaged in patient care such as registered and licensed practical nurses, Plaintiffs' request is unnecessarily burdensome.  *Id.* at 5-6.  Defendants also contend that Plaintiffs are not similarly situated to putative class members who do not perform work involving direct patient care and that as a result Plaintiffs' request for worker contact information constitutes an unwarranted "fishing expedition."  *Id.* at 5.  There is no merit in these objections.

First, Judge Skretny's conditional certification of Plaintiffs' FLSA action did not consider the potential viability of Plaintiffs' alleged class action based on Defendants'

failure to pay wages for pre-shift and post-shift time worked by putative class members as well as unpaid time by such employees for their attendance at Defendants' training sessions in violation of New York state law. *Gordon*, 2009 WL 3334784, at *1 n. 5 (noting Plaintiffs' Rule 23 allegations are based on Defendants' state labor law violations and Plaintiffs were granted an extension of time within which to seek class certification for such claims).

Second, whether granting class certification of Plaintiffs' state labor claim on each of the three asserted violations – unpaid work during meal breaks, pre and post shift time, and training time – depends not on a finding of whether Plaintiffs are similarly situated to other employees who have opted-in, the prerequisite for an FLSA claim in a representative action, but whether Plaintiffs' class action allegations – numerosity, commonality, predominance, typicality and appropriateness – have satisfied Rule 23 requirements.  Moreover, as the conditional FLSA certification was limited to hourly employees, particularly nurses, with direct patient contact, the certification by definition did not produce any opt-in employees from within the other members of the putative class, *i.e.*, employees such as Defendants' administrative staff, whose job description is likely to preclude such contact.  Thus, Judge Skretny's conditional certification of one aspect of Plaintiffs' FLSA representative claim limited to unpaid wages resulting from Defendants' meal break policy is not controlling on whether information requested by Plaintiffs' motion should be provided.  It is well-established that in wage and hour cases, pre-class certification discovery of putative class member contact information is permissible to assist in demonstrating that representative plaintiffs can satisfy Rule 23 criteria. *Doyon v. Rite Aid Corporation*, ___ F.R.D. ___, 2011 WL 5837942, at *4 (D.Me.

Nov. 18, 2011) (citing Second Circuit caselaw).  Contrary to Defendants' assertion, there is no indication in the record that Plaintiffs seek the requested information in order to bolster participation in the FLSA action as limited by Judge Skretny, and Defendants point to none.  Rather, at this stage of the litigation, Plaintiffs' Interrogatory No. 1, seeking classification contact information, appears directed in good faith to Plaintiffs' present goal of obtaining certification of Plaintiffs' class action claims.  Moreover, as the opt-in cut-off of February 2, 2010 for the conditionally certified FLSA established by the District Judge, Doc. No. 233, has long since passed it is unlikely that Plaintiffs seek the contact information in order to bolster the size of the FLSA collective action.  Thus, it cannot be said Plaintiffs seek the requested information for an improper purpose.

Finally, Defendants do not point to any reason to believe that providing the requested information would in fact be unduly burdensome.  Defendants fail to provide any statement under oath from a person with knowledge demonstrating that the requested information is not readily available in electronic form involving a minimum of technical effort to enable the retrieval of Defendants' digitally stored records responsive to Plaintiffs' request.

However, the threshold issue is not whether Plaintiffs may be entitled to putative class member contact information at all, but whether Plaintiffs require such information to assist in meeting Plaintiffs' admittedly higher burden to establish Rule 23 requisites at this time.  *See Doyon,* 2011 WL 5837942, at *5 (recognizing that Rule 23 requirements are "more demanding" than required for an FLSA collective action).  Plaintiffs maintain access to putative class members information regarding the circumstances of their respective employment with Defendants will be essential to overcoming Defendants

expected opposition to class certification based on asserted differences among the class regarding the circumstances of their employment thus negating Plaintiffs' class allegations. Memorandum of Law in Support of Plaintiffs' Motion to Compel (Doc. No. 330) ("Plaintiffs' Memorandum") at 7 (referencing Defendants' opposition to Plaintiffs' FLSA certification request by relying on "highly disparate work environments" for Defendants' hourly employees). But the relevant question is whether such contact information is needed by Plaintiffs at this time or whether Plaintiffs may be able to meet their burden to establish Rule 23 requirements by thorough use of standard discovery devices such as interrogatories, document requests, requests to admit and deposition practice, including direct contact with putative class members whose identity Plaintiffs may already know through other means. *See Charles v. Nationwide Mutual Insurance Company, Inc.*, 2010 WL 7132173, at *8 n. 9 (finding class plaintiffs' contact information request premature in absence of the exercise of standard discovery devices directed to meeting Rule 23 requisites for plaintiffs' class action).

As noted, in this case, Plaintiffs claim class members were subject to the three alleged forms of state wage and hour violations as a result of centrally established and administered employment policies and practices that are implemented by the supervisors of putative class members working at Defendants' various facilities. As to Plaintiffs' claims for meal break deduction, and pre-shift and post-shift work, the existence and implementation of such practices resulting from a company-wide policy or practice may well satisfy Rule 23's commonality requirement. *See Hamelin v. Faxton-St. Luke's Healthcare*, 275 F.R.D. 385, 395 (N.D.N.Y. 2011) (finding common questions of law and fact arising from meal break policy, including validity under New York law of

delegating to supervisors authority to avoid automatic deduction, sufficient to support Rule 23 certification for plaintiffs' state wage and hour law based class claims).

Additionally, although not specifically alleged, a fair reading of Plaintiffs' allegations suggests that if Plaintiffs and putative class members were required or permitted by Defendants to attend training sessions without compensation, the training sessions and any required attendance threat by Defendants' hourly employees, like implementation of the Defendants' meal break policy, were also functions of Defendants' centrally established personnel policies.  First Amended Complaint ¶ 19 (describing "defendants' centrally organized and controlled . . . on-line training and continuing education instruction").  Plaintiffs also specifically allege that Defendants' failure to compensate Plaintiffs and putative class members for pre- and post-shift time worked results from Defendants' "policies, practices and/or time recording systems," First Amended Complaint ¶ 73b; facts reasonably to be expected as demonstrable by reference to Defendants' records and documents, as well as the personal knowledge of relevant executives, managers, and supervisors of Defendants' various categories of hourly employees.

Indeed, Judge Skretny determined, without reference to extensive individualized information, that Plaintiffs had satisfied their burden to establish Plaintiffs were sufficiently similarly situated to warrant conditional certification of Plaintiffs' FLSA action upon a finding that Plaintiffs and putative collective action members were "'subject to a common practice,'" established by Kaleida Health which "may have resulted in FLSA overtime violations."  *Gordon*, 2009 WL 3334784, at *7 (quoting *Scholtisek v. Eldre Corp.*, 229 F.R.D. 381, 390 (W.D.N.Y. 2005).  As Judge Skretny also reminded,

certification of the class does not require "individualized inquiry," *Gordon*, 2009 WL 3334784, at *8 (citing *Sexton v. Franklin First Financial, Ltd.*, 2009 WL 1706535, at *8 (E.D.N.Y. June 6, 2009) (FLSA certification does not require individualized inquiry only "one based on policy, practice and conduct.") (internal citations omitted).  Of course, the very purpose of a Rule 23 class action is to avoid the need to engage in discovery of the entirety of the potential class.  MANUAL FOR COMPLEX LITIGATION, FOURTH, § 21.14 (noting discovery of individual class members may be necessary where opposing party "contends that proof of the claims or defenses unavoidably raises individual issues.")

      While it cannot at present be said that individual putative class members could not provide facts relevant to Rule 23 requirements for this case, yet until Defendants' records and managers are scrutinized it is also entirely possible that such individualized information will prove to be cumulative of evidence available from Defendants of an equal or greater probative value to establish such Rule 23 criteria.  Moreover, absent Plaintiffs' motion to certify, it is not known with certainty how or on what basis Defendants may actually oppose certification.  Thus, although in opposition to Rule 23 class certification Defendants may attempt to assert variations in work circumstances of putative class members as predominating over common questions, Plaintiffs' ability to demonstrate commonality, predominance and typicality will not necessarily require obtaining discrete employment information from any individual class members. *Compare Youngblood v. Family Dollar Stores, Inc.*, 2011 WL 1742109, at *2 (S.D.N.Y. Jan. 5, 2011) (granting plaintiffs' putative class contact information to overcome defendants' assertion that putative class constituted exempt employees based on individualized circumstances upon which defendants' exemption was predicated and

citing *Myers v. Hertz Corporation,* 624 F.3d 537, 549 (2d Cir. 2010) stating that "exemption [from overtime protection] inquiry requires examination of the duties that the employee actually performs . . ..").

In this case, while Defendants have asserted exemption from state wage and hour laws as an affirmative defense, Answer "Eleventh Defense" at 9, Defendants have not indicated that Plaintiffs' class certification request will be opposed on that basis, nor have Defendants opposed the instant request on the ground that under New York law Defendants' registered nurses are exempt from New York's overtime pay requirements as professional employees.  *See Torres v. Gristede's Operating Corp*. 2006 WL 2819730, at *13 (S.D.N.Y. Sep't. 29, 2006) N.Y. Comp. Codes R. & Regs. tit. 12 ("12 N.Y.C.R.R.") §142-2.14 (c)(4)(iii) unlike comparable federal regulations, does not include salary test, only a duties test in determining employee's exemption from overtime benefit pursuant to 12 N.Y.C.R.R. tit. 12 §142-2.2 (citing caselaw)); *Scholtizek*, 229 F.R.D. at 391-92 (noting difference between federal and New York law criteria for exempt employees); *Bongat v. Fairview Nursing Care Center, Inc.*, 341 F.Supp.2d 181, 187 (N.D.N.Y. 2004) (noting New York regulations difference with federal law for registered nurses overtime protection and finding that fact that such nurses are hourly employees does not negate conclusion that under New York's duties test for such exemption, registered nurses are exempt from New York overtime protection (citing *Dingwall v. Friedman Fisher Assocs.,* 3 F.Supp.2d 215, 220 (N.D.N.Y. 1998))).  *Cf. Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1061 (2d Cir. 1988) (nurses not exempt as professional employees under federal law if paid on an hourly basis).  Thus, there is no reason at present to find Plaintiffs require putative class members contact information to

enable Plaintiffs to satisfy their burden under Rule 23 regarding certification of Plaintiffs' class action claims to enforce New York wage and hour law's protections given Plaintiffs' assertion of the apparent existence of Defendants' centrally established and enforced work and compensation policies, including unpaid shift-time and training time, for hourly employees.  Certainly this consideration appears true of Defendants' registered nurses, a group presumably comprising a large portion of Plaintiffs' putative state law claims class.

However, as depending on the results of Plaintiffs' exercise of standard discovery devices directed to pre-class certification requirements, Plaintiffs' motion may notwithstanding prove to have merit, Plaintiffs' motion at this time should be DENIED without prejudice.  *See, e.g., Jenkins v. TJX Companies, Inc.,* 2011 WL 1563677, at *3 (E.D.N.Y. Apr. 25, 2011) (denying Rule 23 precertification contact information without prejudice to renewal following plaintiffs' exercise of ususal range of discovery devices).  Based on the foregoing analysis and findings, the court need not address the other contentions of the parties.  Further, to satisfy the court's obligation to carefully supervise the process of class action certification and to determine the exact extent, if any, of the need for pre-certification discovery, it is necessary to schedule Plaintiffs' motion for certification ancillary to the Plaintiffs' asserted need for related discovery and to consider similar requests that may be made by Defendants.

Accordingly, in order to expedite resolution of Plaintiffs' expected motion for class certification, the parties are directed to meet and confer and submit to the court jointly a proposed scheduling order directed to class certification and related discovery **not later than February 22, 2012**.  If the parties are unable to agree on such joint order, each

party shall submit an individual proposed order.  A Rule 16(b) conference to consider and adopt such proposed scheduling order is scheduled for **February 29, 2012 at 11:30 a.m.**

## CONCLUSION

Based on the foregoing, Plaintiffs' motion (Doc. No. 329) is DENIED without prejudice.

SO ORDERED.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: February 9, 2012
      Buffalo, New York