UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CATHERINE GORDON, JAMES SCHAFFER, TERESA THOMPSON, PAMELA MIKA, JENNIFER PFENTNER and DIANA GALDON, on behalf of themselves and all other employees similarly situated,

                          Plaintiffs,

- vs -

KALEIDA HEALTH, et al.

                          Defendants.

**Civil Action No.
08-CV-00378 (WMS)**

**MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO AMEND COMPLAINT**

      Defendants Kaleida Health et al. ("Defendants" or "Kaleida") submit this memorandum of law in opposition to Plaintiffs' Motion to Amend/Correct the Complaint.  Plaintiffs seek to amend the complaint to add back into this case two claims (for misrepresentation and conversion) that they voluntarily dismissed from this action three and one-half years ago.  After the voluntary dismissal, these claims were re-filed by the plaintiffs in New York State Supreme Court and then removed back to the Western District of New York in a new action.  In January 2012, this Court granted the defendants' Motion to Dismiss and dismissed, without prejudice, the misrepresentation and conversion claims to the extent that they seek recovery for straight time pay.  In dismissing these claims, this Court cited to Plaintiffs' prior voluntary dismissal and specifically refused to grant Plaintiffs leave to replead. The Court's Decision noted that consolidating those claims in this action would run counter to Plaintiffs' "express desires and confer an unjustified benefit."

13804191.2

Defendants now oppose the proposed amendment as futile and dilatory, and further seek to ensure that, if Plaintiffs are granted leave to amend, conditions be imposed so that they are not conferred an "unjustified benefit."

With respect to the misrepresentation claim, the allegations in the proposed Second Amended Complaint are too generalized and conclusory and are subject to dismissal, again, for insufficient pleading. The allegations in support of the conversion claim are likewise insufficient. For both the misrepresentation and conversion claims, the proposed amended complaint continues to assert claims based on overtime pay that this Court has already held were preempted by the FLSA. Finally, if leave to amend is granted to any extent, it should be made upon the condition of Plaintiffs' payment of Defendants' attorney's fees.

## BACKGROUND FACTS

On May 22, 2008, Plaintiffs commenced this action by filing a single Complaint alleging thirteen different causes of action. The original Complaint alleged that Defendants failed to properly pay wages to their employees, for example, for time spent working during meal periods, preliminary and post-liminary work periods, and training sessions. (See Civil Action No. 08-CV-378, Dk. No. 1).

Plaintiffs' original Complaint contained the following specific claims: (1) violation of the Fair Labor Standards Act ("FLSA"); (2) violation of the New York Labor Law ("NYLL"); (3) breach of contract; (4) breach of implied covenant of good faith and fair dealing; (5) conversion; (6) unjust enrichment / restitution; (7) quantum meruit; (8) fraud and deceit; (9) misrepresentation; (10) failure to keep accurate records pursuant to the Employee Retirement Income Security Act ("ERISA"); (11) breach of fiduciary duties pursuant ERISA; (12) violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"); and (13) estoppel.

On July 1, 2008, the Defendants filed a Motion to Dismiss pursuant to FRCP 12(b) seeking dismissal of the Original Complaint in its entirety. In support of that Motion, Defendants filed a complex Memorandum of Law and numerous exhibits addressing each of the thirteen separate claims that were asserted in the Original Complaint. (See Civil Action No. 08-CV-378, Dk. No. 90-91). On August 1, 2008, while the Defendants' Motion to Dismiss was pending, Plaintiffs voluntarily dismissed the majority of the claims asserted in their Original Complaint pursuant to FRCP 41(a)(1), including the misrepresentation and conversion claims that they now seek to add back into this lawsuit. Specifically, rather than await a ruling from this Court on the pending Rule 12 Motion, Plaintiffs filed a Notice of Voluntary Dismissal of Certain Claims. (See Civil Action No. 08-CV-378, Dk. No. 112). In light of the voluntary dismissal, the only claims that remain in this action are the following: (1) claims under the FLSA, (2) claims under NYLL, and (3) estoppel. Thus, the Defendants' Motion to Dismiss was mooted as to all arguments for dismissal except those relating to the FLSA, NYLL and estoppel.

**Claims Re-filed in State Court and Removed Back to the WDNY**

On August 6, 2008, Plaintiffs re-filed all of the claims that they voluntarily dismissed from the original federal action in two separate lawsuits in the Supreme Court of New York, Erie County (hereinafter "State Actions"). (Supreme Court Index Nos. 2008-9073 and 2008-9072). The State Court action corresponding to Index No. 2008-9072 included the following common law causes of action: (1) conversion; (2) fraud and deceit; (3) misrepresentation; and (4) estoppel. Plaintiffs, however, withheld service of the Summonses and Complaints for the two State Court actions until December 3, 2008, just days after this Court issued its ruling on the Rule 12 Motion to Dismiss pending in the present action. (Civil Action No. 08-CV-378, Docket

No. 149). Plaintiffs' obvious intent was to force the defendants to litigate in two separate forums over claims that are virtually identical.

On December 23, 2008, Defendants filed Notices of Removal pursuant to 28 U.S.C. § 1446, removing both State Court actions back to this federal court. (See Notices of Removal, Civ. Action Nos. 08-CV-950 and 08-CV-951). The removed State Court action under Index No. 2008-9072 was assigned Civil Action No. 08-CV-951 in the Western District of New York. In response, Plaintiffs moved to remand Civil Action No. 08-CV-951 back to State Court. (See Civ. Action No. 08-CV-951, Docket No. 10). Civil Action No. 08-CV-951 included the misrepresentation and conversion claims that Plaintiffs voluntarily dismissed from this action and now seek to reassert in their proposed Amended Complaint.

**Dismissal in Civil Action No. 08-CV-951**

Defendants, once again, moved to dismiss all of the claims contained in both removed actions. On January 17, 2012, this Court issued a Decision and Order in connection with the Motions to Dismiss and Plaintiffs' Motion to Remand. Plaintiffs' Motion to Remand was denied in its entirety (Civil Action No. 08-CV-951, Decision and Order, Docket No. 32). Plaintiffs' fraud claim was dismissed with prejudice. (Civil Action No. 08-CV-951). Plaintiffs' conversion and misrepresentation claims were dismissed with prejudice to the extent that they sought to recover payments for overtime on the grounds that such claims were preempted by the FLSA. (Civil Action No. 08-CV-951). The conversion and misrepresentation claims were dismissed without prejudice to the extent that they sought to recover payments for straight time or "gap time." (Civil Action No. 08-CV-951). [1] This Court refused to allow Plaintiffs' straight time

---

[1] Plaintiffs' estoppel claims were also dismissed, but the Court noted that Plaintiffs could continue to assert an equitable tolling argument as part of their remaining claims. (Civil Action No. 08-CV-951).

claims for conversion and misrepresentation to go forward and refused to consolidate the claims with the present action, citing Plaintiffs' choice to voluntarily dismiss the claims. Specifically, the Court held that "[g]iven Plaintiffs' affirmative decision not to pursue their conversion claim in this forum, consolidation would run counter to their express desire and confer an unjustified benefit." *Id*. at p. 22.

The same is true with respect to the voluntarily dismissed misrepresentation claim. This Court held that "[b]ecause of that voluntary dismissal, Plaintiffs will not be given leave to replead this cause of action at this time." *Id*. at pp. 22, 23. The Court ordered that "should Plaintiffs seek to replead the claims for conversion and/or negligent misrepresentation, they must do so in 08-CV-378, from which they previously voluntarily dismissed the very same claims." *Id*. at pp. 23, 24.

On February 16, 2012, Plaintiffs moved to amend/correct the complaint to add the voluntarily dismissed claims pursuant to Rule 15(a). (08-CV-378, Docket No. 344). The proposed Second Amended Complaint seeks to add the misrepresentation and conversion claims back into this action. Docket No. 347. The Proposed Second Amended Complaint also deletes the estoppel claim consistent with Judge Skretny's Decision and Order. In this Motion, Plaintiffs incorrectly suggest that the Court has already granted them leave to replead in its Decision and Order. (See 08-CV-378, Plaintiffs' Memorandum of Law, Docket No. 344, p. 2). In fact, they were expressly denied permission to replead and were directed to file a motion pursuant to FRCP 15(a)(2) if they wished to reassert those claims in this action.

Defendants oppose the plaintiffs' Motion seeking to reassert the misrepresentation and conversion claims that they voluntarily dismissed.

## ARGUMENT

## THE AMENDMENT IS FUTILE, PREJUDICIAL AND DILATORY

**A. Standard for Amendment**

Rule 15 permits amendments only when: "(1) the party seeking amendment has not unduly delayed, (2) the party seeking amendment is not acting in bad faith or with dilatory motive, (3) the amendment would not cause undue prejudice to the opposing party, and (4) the amendment is not futile." Foman v. Davis, 371 U.S. 178, 182 (1962); see Xiang Li v. Morrisville State College, 434 Fed. Appx. 34 (2d Cir. 2011) ("Although Rule 15(a)(2) provides that leave to amend shall be 'freely give[n] . . . when justice so requires,' justice does not so require if amendment would be futile"). Here an amendment would be futile, dilatory and prejudicial.

**B. The Proposed Amendment is Dilatory, Prejudicial and Otherwise Not in the Interest of Justice.**

The amendment here seeks to add back into this lawsuit claims that were voluntarily dismissed from this same action by the plaintiffs, on their own accord, solely to avoid the Court's decision on a pending motion to dismiss. Through that procedural gamesmanship, Plaintiffs delayed the resolution of those claims for over three years but ended up in the same place they would have been if they had not voluntarily dismissed these causes of action from their original Complaint. These dilatory actions are evident, have multiplied the litigation, and forced Defendants and this Court to spend considerable resources in dealing with Plaintiffs' delay tactics.

Plaintiffs' justification for the voluntary dismissal – that it was done to keep the FLSA claim "moving forward" – is nonsensical. Plaintiffs re-filed the claims in state court immediately after the voluntary dismissal but held off on service for almost 4 months and waited

for the District Court to issue its ruling on the dispositive motion pending at that time. Those tactics forced Defendants to redirect their efforts to removing, responding to and once again seeking to dismiss the claims. Absent that runaround, the fate of these claims would have been decided in December 2008, when the Court issued its decision on the motion to dismiss. Re-filing the claims in state court also forced Defendants and this Court to review issues of remand and consolidation years after the fact, and rendered all prior efforts made on the original motion to dismiss futile. Indeed, Plaintiffs filed two separate actions in state court, segregating the common law claims (including the misrepresentation and conversion claims) from the claims based on federal statute. The forum shopping aspect of that maneuver is inescapable, as Plaintiffs segregated these claims in a manner that would allow them to argue that this Court should choose not to exercise supplemental jurisdiction. How the filing of three separate lawsuits in two different court systems can be described as keeping the claim "moving forward" is beyond comprehension. Other than shopping for a better forum, avoiding the pending motion to dismiss, redirecting the efforts of Defendants and delaying the litigation, the voluntary dismissal of the claims served no purpose.

Defendants' prejudice is obvious, as they have been forced to incur considerable expenses and were denied a timely resolution of these claims because of Plaintiffs' maneuvers, just to end up in the same place the parties would have been in December 2008. Defendants' efforts are largely rendered futile because, despite Defendants' motions and this Court's decision, Plaintiffs perpetuate their meritless allegations.

### C. The Proposed Amendments Lack Merit and are Futile

Leave to amend should not be granted because the proposed amendments are also futile. Despite the guidance contained in this Court's Decision and Order, Plaintiffs (1) fail to allege the

misrepresentation claim with sufficient particularity, (2) fail to adequately plead the conversion claim, and (3) continue to make allegations that this Court has already found were preempted by the FLSA.

    1. <u>The Misrepresentation Claim Lacks Particularity</u>

The misrepresentation claim was dismissed because it was not pled with the particularity required by Rule 9(b).  The Court held:

> Here, plaintiffs offer insufficient details about defendants' purported misrepresentation. They do not identify which entities, individuals, or agents were responsible for making the purported misrepresentations […] Moreover, they provide no particulars about the misrepresentations themselves.  There is no attempt to describe what information was concealed, which corporate documents contain misstatements, what those misstatements were, how the question was presented, who responded on behalf of which Defendant, and how a statement that break time in not compensable violated the law.  Plaintiffs have not isolated any particular act or representation made by any specific entity or person on any particular date […].  In short, their allegations are simply too generalized and conclusory to pass muster.

Decision and Order, 08-cv-951, Docket No. 32, p. 19.

Although Plaintiffs add more allegations to the proposed amendment, the allegations are largely the same broad and generalized allegations referring to "defendants" en masse without any particularity.  For example, Plaintiffs allege that "Kaleida represented in employee manuals and policy manuals to plaintiffs and class members they would be paid for all hours worked including those worked both under and in excess of a forty in a work week."  Docket No. 347, Proposed Second Amended Complaint, ¶87.  No manuals are identified, much less to which defendant these manuals are attributed, what specific statements were made, and when any such manuals were dated or distributed.

To further demonstrate the generality and broadness of these allegations, the Plaintiffs make the same allegations, almost verbatim, in a separate lawsuit pending before this Court,

pertaining to the Catholic Health System, which is an entirely different employer with completely different employees, practices and policies.  Compare 08-CV-378, Docket No. 347 with 08-CV-380, Docket No 301.  The allegations in the proposed amendment cannot be satisfactorily "particular" to Kaleida when the exact same allegations are made about a totally unrelated employer.

The only more "specific" allegations provided in the proposed amendment pertain to certain supervisors of Ms. Galdon, Ms. Gordon and Ms. Thompson who allegedly refused to approve requests for payment for work performed during lunch breaks at unspecified points in time and without any specifics on what actually occurred.  (See Proposed Second Amended Complaint, ¶¶93, 94).  The allegations do not specify which of the named defendants was involved, do not specify any actual misrepresentations, and do not provide a date for the alleged actions.  For example, it is not even clear whether the alleged misrepresentations were made during the statute of limitations period for such claims.  These allegations fail to satisfy the particularity requirement and fail to address this Court's explicit holding that "Plaintiffs ha[d] not isolated any particular act or representation made by any specific entity or person on any particular date."  Decision and Order, 08-CV-951, Docket No. 32, p. 19 (citing Alnwick v. European Micro Holdings, Inc., 281 F. Supp. 2d 629, 640 (E.D.N.Y. 2009) (vague windows of time are insufficient to satisfy pleading standards of Rule 9(b)).

It is, furthermore, not clear how any of these allegations that certain named plaintiffs were told not to work at certain times and that they wouldn't be paid for some activities amount to a misrepresentation.  Further, even assuming these alleged statements to be misrepresentations, there is no allegation that the activities that were the subject of these alleged misrepresentations were even compensable to begin with.  Reich v. S. New England Telecom.

Corp., 121 F.3d 58, 64 (2d Cir. 1997) (holding that a meal break is compensable only where "a worker performs activities predominantly for the benefit of the employer."). Moreover, the additional allegations do not specify which of the named defendants was involved and do not provide the date of any alleged actions. (For example, it is not even clear whether the alleged misrepresentations were made during the statute of limitations period for such claims).

Additionally, Plaintiffs still have not alleged that a special relationship exists. This Court held that "[a]lthough Plaintiffs have not alleged a special relationship, this Court is not convinced that they cannot do so as a matter of law." Decision and Order, 08-cv-951, Docket No. 32, p. 20. The Court also noted that union employees and their employers could possibly be parties to a special relationship, although the law was clear that a simple employer-employee relationship was insufficient to establish a special relationship. *Id*. Plaintiffs, in their proposed amendment, have, again, failed to allege a special relationship despite this Court's guidance on the issue. The misrepresentation allegations only identified three named plaintiffs, failed to identify which entity they worked for, or how a special relationship can be inferred. Indeed, there is not a single allegation that any of the plaintiffs was a party to a collective bargaining agreement. As with the particularity of the alleged misrepresentations, Plaintiffs' repeated failure to make successful allegations following the Court's guidance evinces that their claims have no factual basis.

With respect to the individual defendants, James Kaskie and Davis Whipple, they are not alleged to have made any misrepresentations whatsoever, and the claims against them are entirely without basis and should not be allowed. These generalized allegations continue to be insufficient to establish a claim for misrepresentations against any single defendant, much less 21 different defendants. Despite an opportunity to satisfy the particularity requirement,

Plaintiffs' misrepresentation claim continues to be lacking. This claim has already been voluntarily dismissed by the plaintiffs and subsequently dismissed by the Court without prejudice. Plaintiffs should not be allowed a third bite at the apple, and leave to amend to add this claim should be denied.

### 2. The Conversion Claim is Futile

Plaintiffs' conversion claim as pled in the proposed Second Amended Complaint is likewise futile. As a preliminary matter, even with the proposed amendment, the claims are incredibly vague. For example, Plaintiffs do not allege when the alleged conversion occurred, so that it is not even clear whether the alleged events occurred within the applicable statute of limitations period. The allegations also fail to state who allegedly engaged in the conversion, other than once again naming Defendants en masse. Moreover, since Defendants initially moved to dismiss the conversion claim in 2008, other courts have addressed nearly identical, boilerplate wage-hour complaints brought by these same Plaintiffs' counsel against other healthcare systems and have found that conversion claims are not viable in this context. Manning v. Boston Med. Ctr. Corp., 2011 U.S. Dist. LEXIS 29165, *7 (D. Mass. Mar. 10, 2011) (dismissing, inter alia, conversion claims as vague and conclusory); Nakahata v. New York-Presbyterian Healthcare Sys., 2011 U.S. Dist. LEXIS 8585, *29 (S.D.N.Y. Jan. 28, 2011) (noting that plaintiffs' wage-hour "claim for conversion also fails because New York law requires the plaintiff to have ownership, possession, or control of the money before its conversion.").

Finally, even though the Court has ruled that the FLSA does not preempt Plaintiffs' common law claims to the extent they seek to recover straight time pay, such claims are still superfluous given Plaintiffs' claims under the New York Labor Law. Krichman v. J.P. Morgan Chase & Co., 2008 U.S. Dist. LEXIS 99481, *11 (S.D.N.Y. Dec. 8, 2008) (dismissing common

law breach of contract claim as "nothing more than an attempt to cloak statutory claims in contract theory."). Similarly here, Plaintiffs' proposed amendment to add common law claims (of both conversion and misrepresentation) are nothing more than a thinly-veiled attempt to include additional, vexatious claims that add no value to their complaint.

Accordingly, Plaintiffs' proposed amended conversion claim is futile.

### 3. Plaintiffs Attempt to Revive Claims the Court Held were Preempted

This Court held that all the common law claims, including the conversion and misrepresentation claims, are preempted by the FLSA to the extent they pertain to the recovery of overtime pay. Decision and Order, 08-cv-951, Docket No. 32, p. 14. Plaintiffs' proposed amendments fail to take this holding into consideration, as the proposed new allegations expressly make claims regarding the employees' rights under the FLSA, "overtime wages," work in excess of forty hours, and premium pay. *See e.g.*, Proposed Amended Complaint, 08-CV-378, Docket No. 347, ¶¶83, 84, 87, 99, 100, 101, 103, 105-107. It is unnecessary for Defendants to once again repeat their arguments regarding preemption; the holding of this Court serves as res judicata and prevents Plaintiffs from once again bringing forth the preempted claims. Further, Defendants should not have to move (a third time) to limit these common law claims. The preempted allegations made are futile and leave to amend should be denied.

## POINT II

### PAYMENT OF FEES SHOULD BE A PRE-CONDITION
### TO ANY LEAVE TO AMEND

If leave to amend is permitted to any extent, attorneys' fees should be granted pursuant to FRCP 41(d).[2] FRCP 41(d) allows the Court to award costs *and attorneys' fees* to defendants:

---

[2]   Defendants moved for attorneys' fees in connection with the judgments dismissing the removed state actions (Docket Nos., 08-CV-950, 08-CV-951), pursuant to Rule 41 and the
*(Footnote continued on next page)*

> **Costs of a Previously Dismissed Action**. If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court:
>
>> (1) may order the plaintiff to pay all or part of the costs of that previous action; and
>>
>> (2) may stay the proceedings until the plaintiff has complied.

Although Rule 41(d) does not, by its terms, identify attorneys' fees, federal courts have generally allowed the recovery of attorneys' fees as part of a Rule 41(d) award.  New Phone Co. v. N.Y. City Dep't of Info. Tech. & Telecomm., 2007 U.S. Dist. LEXIS 74693, *16-17 (E.D.N.Y. 2007) ("Although Rule 41(d) does not explicitly provide that attorneys' fees may be awarded, the weight of authority in this Circuit supports such an award"); Blauinsel Stiftung v. Sumitomo Corp., 2001 U.S. Dist. LEXIS 20746, at *26-27 (S.D.N.Y. 2001); Rest. Teams Int'l v. Dominion Capital Fund, Ltd., 2002 U.S. Dist. LEXIS 13167 (S.D.N.Y. 2002); International Controls and Measurements Corp. v. Watsco, Inc., 853 F.Supp. 585, 592 (N.D.N.Y. 1994) ("Pursuant to Fed. Rule 41(d), defendants seek their costs and reasonable attorney fees incurred in defending this motion. That rule provides that the court has discretion to award such costs and fees"). Moreover, an award under Rule 41(d) is within the court's discretion.  See Zucker v. Katz, 708 F. Supp. 525, 539 (S.D.N.Y. 1989).

      Rule 41(d) expressly allows for recovery of attorney's fees when voluntarily dismissed actions are re-filed.  By seeking to amend the Complaint, Plaintiffs are seeking to re-file voluntarily dismissed claims.  Although it was the Court that decided to dismiss the claims

---

inherent power of the Court.  Defendants do not ask for a duplicative award of attorneys' fees by raising the issue in the present motion.  To the extent attorneys' fees are granted in those motions for items recoverable here, we ask that the Court offset those amounts against the recovery allowed here.

without prejudice after the claims were re-filed in the 08-CV-951 Action, the Court's decision was forced by Plaintiffs' prior voluntary dismissal.  As such, Defendants should be compensated for incurring fees in having to engage in duplicative efforts to dismiss these claims.  That the claims were previously re-filed in State court does not shield the application of Rule 41, to the contrary, that the claims were re-filed twice highlights the need for an award of costs and fees.

Rule 41(d) is intended to prevent forum shopping, so it also "serves the broader purpose of penalizing a plaintiff for re-filing the very suit he has previously dismissed . . . ." Adams v. New York State Educ. Dep't, 630 F.Supp.2d 333 (S.D.N.Y. 2009); Phillips v. Merrill Lynch, 2006 U.S. Dist. LEXIS 50952, at *19 (D.Conn. 2006) (quoting Ferens v. John Deere Co., 494 U.S. 516, 527 (1990)) ("The forum-shopping that Rule 41(d) is intended to guard against occurs when a plaintiff voluntarily dismisses the initial suit and re-files the same action in another court, forcing the defendant to incur further costs, because the plaintiff believes he may capture more favorable law in the second venue than the first"); Blauinsel Stiftung , 2001 U.S. Dist. LEXIS 20746, at *27 (observing that the intended purpose of Rule 41(d) is to deter forum shopping and vexatious litigation, which "is particularly applicable here given that Plaintiff's admitted purpose in voluntarily dismissing the [prior] suit was to avoid this court's . . . [o]rders") (citations and internal quotation marks omitted).

The present motion marks the second time the voluntarily dismissed claims have been re-filed.  An award of attorneys' fees in this extraordinary situation is amply supported.  While it is not necessary to show that the plaintiff acted in bad faith before an award under Rule 41(d) can be made, Plaintiffs' procedural maneuvers here would support such a conclusion.  See Loubier v. Modern Acoustics, Inc., 178 F.R.D. 17, 22 (D. Conn. 1998) ("There is no requirement in Rule 41(d) or the relevant case law that a defendant must show bad faith on the part of the plaintiff in

order to recover costs") (citations omitted).  Plaintiffs voluntarily dismissed these claims before the Court had an opportunity to decide their merit in the then pending motion to dismiss.  Plaintiffs then waited until the Court rendered its decision on the motion to dismiss in December 2008 to serve Defendants with the Summons and Complaints in the state actions that they had filed back in August 2008.  This maneuver forced Defendants to remove the action back to federal court and move to dismiss once again.  This Court dismissed the misrepresentation and conversion claims without prejudice due to Plaintiffs' prior voluntary dismissal, in an effort not to confer an "unjustified benefit" to Plaintiffs by simply reinstating claims they had voluntarily dismissed without any condition.

In Loubier, 178 F.R.D. at 22, the court granted reasonable costs and fees pursuant to Rule 41(d) in a case with a "long and tortuous history" where plaintiffs have had more that "one bite at the apple."  There, a state court had dismissed the plaintiffs' claims for failure to prosecute.  Claims were thereafter brought in a trilogy of actions in the District of Connecticut, and, following a motion to dismiss, the plaintiffs voluntarily dismissed their claims recognizing the merit of the motion.  The plaintiffs then commenced another action in the District of Connecticut purportedly resolving the issues raised in the prior motion to dismiss.  The Court granted attorneys' fees and costs spent in the prior federal action, rejecting the plaintiffs' argument that they were amply justified and should be "applauded" for voluntarily dismissing the prior action, promoting the interests of judicial economy.  Id.  The Court stated that "[c]ertainly the commencement of five separate actions, with the attendant prejudgment garnishments, and the necessary expense and inconvenience to the defendants are factors that we should take into consideration in deciding whether to award costs and attorneys' fees to defendants."  Id.

As previously set forth, Plaintiffs' justification for the voluntary dismissal here, that it was done to keep the FLSA claim "moving forward," is illogical and certainly did not promote judicial economy.  In deciding to grant attorneys' fees and costs, the Court can consider Plaintiffs' dilatory tactics and the fact that the claims as set forth in the Proposed Second Amended Complaint continue to be insufficient, despite two motions to dismiss and this Court's detailed guidance on what allegations must be included for the claims to survive. See *e.g.* Loubier, 178 F.R.D. at 22 (taking into account in granting attorneys' fees that "[t]here has been one mistake after another in the pleadings, all of which have been at a cost to the defendants."). Defendants' efforts in moving to dismiss these claims are certainly compensable, particularly as Plaintiffs have rendered these efforts futile by perpetuating the meritless allegations.  Justice requires that Defendants be compensated.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' Motion to Amend/Correct the Complaint to add voluntarily dismissed claims, or that, if leave to amend is granted to any extent, it be conditioned on the payment of Defendants' attorneys' fees, and for any other relief the Court deems just and proper.

DATED:    Buffalo, New York
          March 5, 2012

                              NIXON PEABODY LLP

                              By:    /s/ Susan C. Roney
                                  Susan C. Roney, Esq.
                              *Attorneys for Defendants Kaleida Health, et al.*
                              40 Fountain Plaza, Suite 500
                              Buffalo, New York   14202
                              Tel:  (716) 853-8100
                              Fax:  (716) 853-8109
                              Email:   sroney@nixonpeabody.com

Jonathan W. Greenbaum, Esq.
COBURN & GREENBAUM, PLLC
1710 Rhode Island Avenue, NW
Second Floor
Washington, DC   20036
Tel:  (202) 657-5006
Email:  jg@coburngreenbaum.com

*Attorneys for Defendants Kaleida Health, et al.*