UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CATHERINE GORDON, et al.,

                        *Plaintiffs*,

v.                                        Civil Action
                                            No. 08-CV-0378 (WMS)

KALEIDA HEALTH, et al.,

                        *Defendants.*

# MEMORANDUM OF LAW IN SUPPORT OF
# PLAINTIFFS' MOTION TO COMPEL

THOMAS & SOLOMON LLP
*Attorneys for Plaintiffs*
693 East Avenue
Rochester, NY 14607
Telephone: (585) 272-0540

Of Counsel:    Michael J. Lingle, Esq.
                     Sarah E. Cressman, Esq.

**PRELIMINARY STATEMENT**

Plaintiffs seek an order compelling defendants to engage in meaningful meet and confer discussions regarding an ESI protocol with both parties' respective ESI experts/consultants. Defendants have refused to engage in any such conferrals with plaintiffs, and until a week ago, defendants had also failed to provide plaintiffs with *any* information regarding their proposed ESI protocol. Plaintiffs also seek an order that if the parties are unable to agree upon an ESI protocol by a deadline set by the Court, that each side submit its own proposed ESI protocol to the Court for a ruling as to which protocol should be adopted in this case.

**DEFENDANTS SHOULD BE COMPELLED TO ENGAGE IN MEANINGFUL MEET AND CONFER DISCUSSIONS REGARDING AN ESI PROTOCOL**

Plaintiffs do not oppose defendants' use of predictive coding as a search methodology for responsive ESI; plaintiffs' objection here is to defendants' refusal to engage in any meaningful conferral with plaintiffs and to defendants' lack of transparency in this process. It was almost a full month after announcing their intention to utilize predictive coding on August 29th until defendants provided plaintiffs with any information whatsoever about the search process they intended to utilize.

Pertinent authority on the use of predictive coding as a search methodology (which has been provided to the parties by this Court) instructs that cooperation, an important aspect of which is transparency, is essential:

> [I]f the use of predictive coding is challenged in a case before me, I will want to know what was done and why that produced defensible results. … That may mean allowing the requesting party to see the documents that were used to train the computer-assisted coding system. … Proof of a valid "process," including quality control testing, also will be important.

*Moore v. Publicis Groupe & MSL*, --- F.R.D. ---, No. 11 Civ. 1279, 2012 WL 607412, at *2 (S.D.N.Y. Feb. 24, 2012).  The Court in *Moore* further stated, "[a]n important aspect of cooperation is transparency in the discovery process.  [Defendant's] transparency in its proposed ESI search protocol made it easier for the Court to approve the use of predictive coding."  *Id*. at *11.  In that case, the parties discussed and agreed upon, and the Court endorsed, a detailed ESI protocol utilizing predictive coding that included the following categories of information:  the sources of potentially discoverable ESI; the custodians (email accounts) to be searched; the search methodology to be utilized (predictive coding), which included a detailed description of how the predictive coding process will work.  *Id*. at *13-23.

Defendants apparently believe that the only issue they need to discuss with plaintiffs, if anything at all, is custodians.  *Moore* clearly instructs that this is not the case.  The entire predictive coding process must be transparent.  For example, if a predictive coding methodology that involves seed set documents is used, defendants must give their seed set documents (the documents used to train the computer) to plaintiffs' counsel.  *Id*. at *3.  Defendants' proposed ESI protocol here does not provide for any such production.  This is just one example of the type of information the parties must exchange and the types of issues that need to be discussed.

Kaleida's predictive coding vendor and plaintiffs' ESI consultant with predictive coding expertise need to be part of the conferral process in order to resolve these types of issues.  The easiest and most efficient way to work this out is for counsel for both parties and their respective ESI consultants to get together and hammer out all of the details necessary to put a predictive coding protocol in place.  This process simply will not work without the

involvement of the ESI experts for both sides.  But for defendants' refusal to cooperate, an ESI protocol could have already been in place by now.  Further, any argument by defendants that they have no choice but to proceed with their ESI search unilaterally in light of the current ESI deadlines must be rejected because their own inactions have caused this predicament.

**CONCLUSION**

For the foregoing reasons, plaintiffs respectfully request the entry of an Order compelling defendants to engage in meaningful meet and confer discussions with the parties' respective ESI consultants for the purpose of reaching agreement on an ESI protocol, and that in the event the parties are unable to reach an agreement by a deadline set by the Court, that each side submit its own proposed ESI protocol to the Court for a ruling as to which protocol should be adopted in this case.

Dated:  October 5, 2012

**THOMAS & SOLOMON LLP**

By: /s/ Sarah E. Cressman
Michael J. Lingle, Esq.
Sarah E. Cressman
*Attorneys for Plaintiffs*
693 East Avenue
Rochester, New York 14607
Telephone:  (585) 272-0540
mlingle@theemploymentattorneys.com
scressman@theemploymentattorneys.com