UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CATHERINE GORDON, JAMES SCHAFFER, TERESA THOMPSON, PAMELA MIKA, JENNIFER PFENTNER and DIANA GALDON, on behalf of themselves and all other employees similarly situated,

Plaintiffs,

- vs -

KALEIDA HEALTH, et al.

Defendants.

**Civil Action No.
08-CV-00378 (WMS)**

## MEMORANDUM OF LAW IN
## OPPOSITION TO MOTION TO COMPEL ESI MEET AND CONFER

Defendants Kaleida Health, et al. ("Defendants" or "Kaleida"), by their attorneys Nixon Peabody LLP, submit this memorandum of law in opposition to Plaintiffs' motion to compel a meet and confer between the parties on ESI. Defendants have long voiced their objections to Plaintiffs using D4 as an expert consultant in this litigation, due to a clear conflict of interest because D4 had previously been retained as an expert by the defendants in this same litigation and had received confidential information from the defendants pursuant to that earlier retention. In fact, this Court urged Plaintiffs' counsel to retain a new expert in January 2012 in order to avoid further delay. Yet, Plaintiffs' counsel apparently failed to do so and now to insists on consulting with D4 on all issues relating to Kaleida's production of its ESI, forcing Defendants to move to disqualify D4 from serving as Plaintiffs' expert consultant. Plaintiffs now move to compel a meet and confer on ESI, while Kaleida's motion to disqualify D4 is pending. Thus, not only is this motion premature, but, moreover, Defendants have fulfilled their discovery and conferral obligations, and Plaintiffs' motion is without merit.

14181324.1

**FACTUAL BACKGROUND**

The factual background is set forth in the accompanying Declaration of Susan C. Roney, dated October 16, 2012, and will only be repeated below as necessary.

**ARGUMENT**

**POINT I**
**PLAINTIFFS' MOTION TO COMPEL A MEET AND CONFER MUST BE DENIED AS UNNECESSARY AND PREMATURE**

Defendants have decided to use predictive coding methodology to identify relevant electronically stored information ("ESI") to produce to Plaintiffs. While cooperation among counsel with regard to issues relating to the production of ESI is encouraged, federal district courts interpreting the Sedona Principles have held, absent an explicit <u>agreement</u> otherwise, the discretion over the means and manner of collection and production remains with the producing party:

> The Sedona Principles wisely state that it is, in fact, the producing party who is in the best position to determine the method by which they will collect documents. The producing party responding to a document request has the best knowledge as to how documents have been preserved and maintained. That being said, the producing party under the Sedona Principles doesn't have carte blanche to specify the mode of collection and it is clear that manual collection is sometimes even disfavored. However, absent an agreement or timely objection, the choice is clearly within the producing party's sound discretion.

*Ford Motor Co. v. Edgewood Props.*, 257 F.R.D. 418, 427-428 (D.N.J. 2009) (emphasis added). The Sedona Principles themselves recognize this reality: "<u>A responding party</u> may properly access and identify potentially responsive electronic data and documents by using reasonable selection criteria, such as search terms or samples." The Sedona Principles: Best Practices Recommendations & Principles for Addressing Electronic Document Production, Principle 11 (2003) (emphasis added).

The Sedona Conference itself has further recognized several legitimate good faith reasons as to why parties may be unable to reach agreement as to search methodology protocol:

- First, parties are not accustomed to sharing, let alone negotiating, the methodology they intend to use for search and collection of ESI. This resistance is compounded by concern that selection criteria may reveal the mental processes of counsel and be work product.
- Second, parties requesting ESI are often unaware of the search and collection methodologies that might be available to the responding party. For example, the requesting party is unlikely to know how the responding party has organized its ESI or what search criteria could yield the most relevant and useful information.
- Third, parties may not be familiar with advanced technological tools to reduce the cost of manual search and collection procedures.
- Finally, parties may fear that a court will reject a specific technological tool or method as being "unreasonable," resulting in the need to repeat a search or production, the loss of privilege or work product protection, or a sanction.

The Sedona Conference Cooperation Proclamation: Resources for the Judiciary, 20-21 (August 2011) (https://thesedonaconference.org/download-pub/425).

Defendant's obligation is to comply with the document requests propounded in this matter, certify that a good faith search for responsive documents has been completed and any materials reasonably discovered have been disclosed.  Fed. R. Civ. P. 26.  Defendants will comply with that obligation.  In the absence of any claim by Plaintiffs of Defendants failing to comply with their obligation under the rules to review and produce responsive material after a reasonable search, the present motion is premature.  *See Ford Motor Co.*, 257 F.R.D. at 428 ("It would be improvident at this juncture to grant Edgewood the relief it seeks when it has not shown any indicia of bad faith on the part of Ford. To countenance such a holding would unreasonably put the shoe on the other foot and require a producing party to go to herculean and costly lengths (especially in a document-heavy case such as this) in the face of mere accusation to rebut a claim of withholding.  This scenario is not contemplated by the Federal Rules.").

As courts considering e-discovery disputes have explained, Plaintiff s would be better placed by examining the result of defendant's production and using their own reasonable discovery tools to determine if any *actual* grounds for bad faith exist, and only then, if necessary, move to compel.  *Id.* ("If Edgewood wishes to press its argument that correspondence or other documentation in the realms in which it is concerned about must exist, it can take that up in

3

depositions with fact witnesses who have knowledge in these areas. If relevant, unproduced documents appear or are even referenced in these depositions, Edgewood can move for the appropriate relief before this Court at that time, whether it be via another motion to compel documents, or for sanctions.").

In the absence of agreement as to methodology, a producing party should proceed in its discretion with its reasonable search in order to fulfill its good faith production under the rules, and provide opposing party with a good faith detailed explanation of its protocol. *See Treppel v. Biovail Corp.*, 233 F.R.D. 363, 374-375 (S.D.N.Y. 2006) ("Absent agreement with Mr. Treppel about a search strategy, Biovail should have proceeded unilaterally, producing all responsive documents located by its search. It shall now do so promptly. In addition, Biovail shall provide the plaintiff with a detailed explanation of the search protocol it implements.") (notes omitted). Defendants have given Plaintiffs a description of their predictive coding protocol and, of course, will disclose the results of the search in the form of the responsive documents.

Moreover, Plaintiffs incorrectly state that if predictive coding is done, the Defendants "must" give Plaintiffs access to the seed set, citing to *Da Silva Moore v. Publicis Groupe*, 2012 U.S. Dist. LEXIS 23350 (S.D.N.Y. Feb. 12, 2012). *See* Memorandum of Law, Docket No. 385, p. 2. *Moore* does not state this. There, the defendant <u>agreed</u> to provide the plaintiff access to the seed set; it was not mandated by the court. While the court encouraged transparency, it also recognized that "not all experienced ESI counsel believe it necessary to be as transparent as MSL was willing to be" and simply recommended "that counsel in future cases be willing to at least discuss, if not agree to, such transparency in the computer-assisted review process." *Da Silva Moore*, 2012 U.S. Dist. LEXIS 23350, at *37. In this case, the parties have previously discussed access to search results and Kaleida has indicated that it is not willing to allow Plaintiffs access to the non-responsive documents. Thus, the issue has been discussed, but the parties disagree.

Plaintiffs themselves have not sufficiently executed their obligation under the conference's guidelines to respect and recognize Defendants' position:

> *3. Appreciating and addressing opposing counsel's legitimate concerns is an important prerequisite to cooperative fact-finding.*
>
> a. The Opportunity:
>
> Inability to reach agreement can result from a failure or unwillingness to appreciate the legitimate concerns that are driving opposing counsel's position. Recognizing those concerns, including each party's burden of proof, and being creative and sincere when proposing solutions will go a long way toward facilitating reciprocity and eventual agreement with respect to the scope of preservation. <u>Before concluding that opposing counsel is being obstinate, consider the legitimate client interests opposing counsel must protect. Responding counsel should be specific in expressing any concerns or objections.</u>

The Sedona Conference Cooperation Guidance for Litigators & In-House Counsel , 4-5 (March 2011) (https://thesedonaconference.org/download-pub/465) (emphasis added).

While Plaintiffs may argue that "without knowing the search methodology for Defendants' previously-produced documents, [it] cannot evaluate the new searches that Defendants propose will result in the identification and production of electronic documents 'not previously produced,'" this argument does not appear to have ever been used to reach beyond the production of methodology descriptions and search terms to justify an order requiring the production of the actual underlying 'seed set' documents to opposing counsel. *Romero v. Allstate Ins. Co.,* 271 F.R.D. 96, 110 (E.D. Pa. 2010); *see also Sloan Valve Co. v. Zurn Indus.,* 2012 U.S. Dist. LEXIS 71916, 34-35 (N.D. Ill. May 23, 2012) (requiring only "identifying the search terms, custodians, and date restrictions"); *McNulty v. Reddy Ice Holdings, Inc.,* 271 F.R.D. 569, 571 (E.D. Mich. 2011) (ordering "reasonably fashioned search terms and criteria").

Plaintiffs are no more entitled to micromanage the means and manner of collection and production in this ESI situation, than they would be entitled to follow Defendants around a warehouse ordering them on how to gather and where to search for a paper document production. Plaintiffs confuse Defendants' disagreeing with them with a failure to meet and confer.  In any

event, contrary to Plaintiffs' representations, Defendants have not objected to conferral regarding ESI. Defendants are willing to confer regarding ESI issues once the motion to disqualify Plaintiffs from utilizing an expert consultant that Defendants have previously retained in this same litigation is decided. Defendants have also agreed to confer regarding Custodians pending the resolution of the motion to disqualify Plaintiffs' ESI expert consultant. The issue of Custodians for the ESI search should not require an expert consultant. Instead of working toward an amicable resolution, Plaintiff has resorted to motion practice before this Court to compel additional meet and confer sessions, while the motion to disqualify their consultant is pending, and they have ignored this Court's advice ten months ago to retain a different consultant.

## CONCLUSION

For the foregoing reasons, Defendants ask that the Court deny Plaintiffs' motion to compel the parties to meet and confer, and for such other relief as the Court might deem just and proper.

Dated: Buffalo, New York
October 16, 2012

**NIXON PEABODY LLP**

By: /s/ Susan C. Roney
Susan C. Roney, Esq.
40 Fountain Plaza, Suite 500
Buffalo, New York   14202
Tel:  (716) 853-8100
Email:  sroney@nixonpeabody.com

Jonathan W. Greenbaum, Esq.
**COBURN & GREENBAUM PLLC**
1710 Rhode Island Ave, NW
Second Floor
Washington, DC   20036
Tel:  (202) 657-5006
Email:  jg@coburngreenbaum.com

*Attorneys for Defendants*

6

14181324.1

TO: J. Nelson Thomas, Esq.
Michael J. Lingle, Esq.
Sarah Cressman, Esq.
THOMAS & SOLOMON LLP
*Attorneys for Plaintiffs*
693 East Avenue
Rochester, New York 14607
Tel: (585) 272-0540
Email: nthomas@theemploymentattorneys.com
mlingle@theemploymentattorneys.com
scressman@theemploymentattorneys.com

14181324.1