UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CATHERINE GORDON, JAMES SCHAFFER, TERESA THOMPSON, PAMELA MIKA, JENNIFER PFENTNER and DIANA GALDON, on behalf of themselves and all other employees similarly situated,

                              Plaintiffs,

v.

KALEIDA HEALTH, et al.,

                              Defendants.

**Civil Action No.
08-CV-00378-WMS**

## DEFENDANTS' REPLY BRIEF IN SUPPORT OF SUMMARY JUDGMENT ON GORDON'S, MIKA'S, AND THOMSON'S NEW YORK MINIMUM WAGE ORDER AND LABOR LAW CLAIMS

**NIXON PEABODY LLP**
*Attorneys for Kaleida Health Defendants*
40 Fountain Plaza, Suite 500
Buffalo, New York 14202
Tel: (716) 853-8100

**COBURN & GREENBAUM PLLC**
1710 Rhode Island Ave, NW
Second Floor
Washington, DC 20036
Tel: (202) 657-5006

14330361.1

**PRELIMINARY STATEMENT**

Defendants, Kaleida Health, et al. ("Defendants" or "Kaleida"), submit this memorandum of law in further support of their Motion for Summary Judgment seeking dismissal of the claims brought by named Plaintiffs Catherine Gordon, Pamela Mika, and Teresa Thomson pursuant to the New York Minimum Wage Orders ("Minimum Wage Orders") and the New York Labor Law ("NYLL").

In their Opposition to Summary Judgment ("Opposition"), Plaintiffs do not effectively address, much less refute, that Gordon, Mika, and Thomson are exempt from the wage and hour requirements of the Minimum Wage Orders and the NYLL. Plaintiffs ignore the relevant case law showing that RN's such as these three named Plaintiffs meet the duties requirements of exempt professionals. They also fail to offer any facts or argument to rebut the admissible evidence presented in support of summary judgment establishing that Gordon, Mika, and Thomson perform the duties of exempt professional Registered Nurses ("RNs"). Moreover, Plaintiffs acknowledge that Gordon earned more than the statutory minimum required for exemption from NYLL § 191 in all but twenty-three weeks of her employment, Mika did in all but five weeks, and Thomson did in all but seventeen weeks, thus establishing the exemption for all but those weeks.

Having no meaningful opposition to exemption under the Minimum Wage Orders and NYLL § 191, Plaintiffs devote the majority of their Opposition to asserting impermissible deduction claims under NYLL § 193. They cite inapposite case law addressing whether unpaid bonuses are impermissible deductions under NYLL § 193, and claim that it controls the instant off-the-clock action. At the same time, Plaintiffs disregard federal and state precedent squarely on point, which establishes that NYLL § 193 does not apply to claims of off-the-clock work. Accordingly, Plaintiffs' efforts to substantiate their impermissible deductions claims are futile.

Because Plaintiffs have failed to refute these grounds for dismissal, Defendants respectfully request that the Court grant summary judgment dismissing, in their entirety: (1) Gordon's, Mika's, and Thomson's Minimum Wage Order claims; (2) Gordon's, Mika's, and Thomson's NYLL § 193 claims; (3) Gordon's NYLL § 191 claims for all but twenty-three weeks of her employment between 2002 and the present; (4) Mika's NYLL § 191 claims for all but five weeks

between 2002 and 2008; and (5) Thomson's NYLL § 191 claims for all but seventeen weeks between 2002 and the present.

## ARGUMENT

### POINT I

### GORDON, MIKA, AND THOMSON ARE EXEMPT FROM NYLL § 191 REQUIREMENTS FOR MOST WEEKS DURING THEIR EMPLOYMENT

A. Gordon, Mika, and Thomson qualify without dispute as bona fide professionals based on their job duties, satisfying the first prong of NYLL § 191's two-pronged exemption.

In Footnote 2 of their Opposition, Plaintiffs assert that Defendants failed to establish that Gordon, Mika, and Thomson qualify for the professional exemption under NYLL § 191. (Pl. Opp.[1] at 2, n.2). Specifically, Plaintiffs claim that Defendants did not meet their burden of proof because they did not attach to their moving papers all of Gordon's, Mika's, and Thomson's registration certificates issued by the New York State Education Department.

In fact, Defendants have provided unrebutted evidence that is both admissible and sufficient under Federal Rule of Civil Procedure ("Rule") 56 to establish that Gordon, Mika, and Thomson are exempt professionals. As set out in detail in Defendants' motion papers, because the term "professional" is not defined in Article 6 of the NYLL, the definition found in the Minimum Wage Orders applies. (Def. Memo.[2] at 8). The Minimum Wage Orders' definition says that an employee qualifies as a "professional" if she performs work "requiring knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction and study." 12 N.Y.C.R.R. § 142-3.12(c)(2)(iii)(a). Courts in the Second Circuit have held that RNs, like Gordon, Mika, and Thomson, meet the duties criteria of the professional exemption. (Def. Memo. at 6) (collecting authorities).

---

[1] References to "Pl. Opp." are to plaintiffs' Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment Dismissing Gordon's, Mika's and Thomson's NYLL Claims, filed on January 31, 2013. (Dk. No. 448).

[2] References to "Def. Memo." are to defendants' Memorandum of Law in Support of their Motion for Summary Judgment Dismissing Gordon, Mika, and Thomson's New York Minimum Wage Order and Labor Law Claims, filed on December 17, 2012. (Dk. No. 431-2).

14330361.1

Defendants have provided ample admissible evidence on this issue to satisfy their burden under Rule 56. Defendants supplied documentary evidence showing that Gordon and Thomson are RNs and have registered with the proper state licensing department. Defendants submitted copies of Gordon's and Thomson's registration certificates issued by the New York State Education Department that are maintained by Defendants within Plaintiffs' personnel files. (Foster Decl.[3], Exhs. A, B). Moreover, Ellie Foster, Kaleida's former Director of Labor Relations, provided sworn testimony that the three named Plaintiffs have worked as RNs and are or were registered with the State Education Department. (*Id.* ¶ 4). In their Statement of Undisputed Material Facts, Defendants also show that Gordon, Mika, and Thomson are or were registered with the State Education Department. (Dk. No. 431-1, ¶¶ 2, 6, 10). Plaintiffs do not dispute these key facts in their Rule 56(a)(1) Statement, but merely grumble about the "cited evidence." (Dk. No. 448-1, ¶¶ 2, 6, 10).

In the face of such evidence, Plaintiffs' only issues are that copies of all of Gordon and Thomson's registration certificates were not provided as evidence, and that Mika's certificates were not produced. Plaintiffs never go so far as to claim that Gordon, Thomson, and Mika were not registered with the state. Plaintiffs offer no sworn testimony or documentary evidence of their own to counter Defendants' evidence. For example, while Plaintiffs' brief suggests that Defendants failed to show that Gordon or Thomson were registered with New York State after 2010, Plaintiffs do not submit any evidence showing that Gordon or Thomson were *not* registered from 2010 to the present. Similarly, while Plaintiffs' brief suggests that Defendants failed to show that Mika was registered with New York State, they offer nothing to show that Mika was *not* registered with the state.[4] As a result, these facts are not actually in dispute.

---

[3] References to "Foster Decl. ___" are to the declaration of Ellie Foster, Kaleida's former Director of Labor Relations, executed on December 13, 2012, and filed with defendants' motion papers. (Dk. No. 431-3).

[4] It is quite understandable that plaintiffs would not present evidence refuting that provided by defendants, as to do so would suggest that Gordon, Mika, and Thomson were not properly licensed to work as RNs. Such an admission would present a serious problem for them, since the three named plaintiffs admitted working as RNs for defendants during the relevant period. (Gordon Interrog. Resps. p. 2-3, Dk. No. 410-7; Mika Interrog. Resps. p. 2-3, Dk. No. 410-10; Thomson Interrog. Resps. p. 2, Dk. No. 410-12).

Moreover, in addition to the fact that Gordon, Mika, and Thomson have been registered with New York State at all relevant times, their job duties as RNs require advanced knowledge in a field of science acquired over long periods of study, meaning that they qualify as exempt professionals based on their duties even without state licenses. Further, Plaintiffs even admit in their Opposition that "Plaintiffs may meet the duties-based test for a bona fide professional set forth in the regulations." (Pl. Opp. at 3). Lastly, Plaintiffs fail to discredit or distinguish any of the case law Defendants relied upon to show that RNs like Gordon, Mika, and Thomson are exempt professionals based on their job duties.

Therefore, by failing to counter Defendants' evidence under Rule 56, Plaintiffs have effectively conceded the first prong of the Section 191 professional exemption: based on their job duties, Gordon, Mika, and Thomson qualify as bona fide professionals.

B. <u>During weeks when Gordon, Mika, and Thomson made more than $600 or $900, they were exempt from Section 191's wage and overtime requirements.</u>

Under Section 191, the second prong of the analysis requires that individuals meet a weekly income threshold for the professional exemption to apply. Individuals working in a professional capacity earning over $900 per week are exempt from the wage and hour requirements of Section 191. N.Y. Lab. Law § 190(7). From 1992 to January 14, 2008, the income threshold was $600 per week.

Plaintiffs make much of the fact that Defendants concede that there have been weeks when Gordon, Mika, and Thomson did not meet the earnings threshold for the professional exemption under NYLL § 191. (Pl. Opp. at 2-3). This observation does nothing to counter Defendants' motion. Defendants intentionally acknowledged in their initial motion papers that there have been weeks when the earnings threshold was not met. (Def. Memo. at 9). This motion seeks summary judgment only for the weeks when Gordon, Thomson, and Mika earned over the threshold, meaning that their claims for the forty-five total weeks when they did not meet the exemption would survive.

According to Section 191, the earnings requirement must be analyzed on a "per week" basis. The State Legislature clearly understood that earnings fluctuate, prompting it to incorporate a weekly income analysis into the Section 191 exemptions. If a week-to-week analysis is conducted, it logically follows that exemptions would apply

14330361.1

during some weeks but not others, and an employer would be entitled to the defense (and the employee's claims would be subject to summary judgment) for some weeks but not others. There is no suggestion in the statute or case law that the requisite amount must be paid in *all* weeks in order for the exemption to apply.

In their Opposition, Plaintiffs do not refute Gordon's, Mika's, or Thomson's earnings or the records Defendants relied upon to determine when the income threshold was met. They take issue only with Defendants seeking summary judgment for some, but not all, weeks. Given that Plaintiffs set forth no evidence to rebut Defendants' argument that the three named Plaintiffs meet the duties test of the professional exemption (see *supra* Part I(A)), Plaintiffs effectively concede both prongs of the professional exemption test under Section 191. Because Defendants have established that Gordon, Mika, and Thomson are learned professionals based on their job duties, and all three Plaintiffs have earned over $600 or $900 for the vast majority of their work weeks during the relevant time period, Gordon, Mika, and Thomson are exempt from wage and hour requirements under Section 191 for nearly all weeks.

C. Federal Rule of Civil Procedure 56 expressly allows a party to request summary judgment as to parts of claims or defenses.

To the extent that Plaintiffs argue that Defendants cannot make a motion for summary judgment on part, but not all, of Plaintiffs' NYLL § 191 claim, this argument is expressly refuted by the Federal Rules of Civil Procedure. Rule 56 was amended in 2010 "to make clear that summary judgment may be requested not only as to an entire case, or as to a complete claim or defenses, but also to *parts* of claims or defenses." Moore's Federal Practice 3d § 56.122[2]. Therefore, Defendants are not prevented on procedural grounds from moving to dismiss Gordon, Mika, and Thomson's Section 191 claims for most, but not all, weeks.

## POINT II

### GORDON, MIKA, AND THOMSON ARE EXEMPT FROM THE NEW YORK MINIMUM WAGE ORDERS

Plaintiffs cannot and do not refute that the three named Plaintiffs are exempt from the Minimum Wage Orders. Plaintiffs barely address the Minimum Wage Orders in their Opposition. They include only a cursory and flawed analysis of 12 N.Y.C.R.R. § 142-3.2 in Footnote 1. (Pl. Opp. at 1, n.1). They state that the Minimum Wage Orders provide that

14330361.1

NYLL exemptions are, for the most part, consistent with FLSA exemptions, meaning that Gordon, Mika, and Thomson would not be exempt under the NYLL because they were not exempt under the FLSA as hourly employees. (*Id.*). Here, Plaintiffs overlook a very basic step in statutory interpretation. They analyze the statute without consulting the Minimum Wage Orders' definition of "employee," which provides as follows: "Employee does not include any individual permitted to work in, or as: … (2) executive, administrative, or professional capacity." 12 N.Y.C.R.R. § 142.3.12(c)(2). The definition of "professional" under this section does not include a salary basis requirement. (Def. Memo at 5-6) (collecting cases). NYLL references to FLSA exemptions apply only to those who meet the threshold definition of "employee." Thus, the Minimum Wage Orders section incorporating FLSA exemptions does not apply to Gordon, Mika, and Thomson because, as professionals, they do not meet the threshold definition of "employee." By definition, the fact that Gordon, Mika, and Thomson were hourly employees does not prevent their exemption under the Minimum Wage Orders.

Plaintiffs' Minimum Wage Order claims are thus ripe for dismissal, as Plaintiffs' only argument in support of these claims fails as a matter of law.

## POINT III

### GORDON'S, MIKA'S, AND THOMSON'S NYLL § 193 CLAIM MUST BE DISMISSED AS A MATTER OF LAW

In their Opposition, Plaintiffs assert that Defendants' summary judgment motion "completely ignores" Plaintiffs' NYLL § 193 claim. (Pl. Op. at 4). In fact, Defendants broadly seek dismissal of all NYLL claims in their motion papers, thus including NYLL § 193. (Def. Memo. at 1, ¶ 1). Plaintiffs themselves assumed that Defendants' motion included NYLL § 193, as evidenced by the fact that Plaintiffs devote the bulk of their Opposition to briefing the impermissible deduction issue. Moreover, any ambiguity should be construed against Plaintiffs for their failure to cite any specific section of the NYLL in their Complaint.

To the extent that Plaintiffs have alleged a claim under Section 193, it fails as a matter of law. Plaintiffs maintain that they asserted valid claims for unpaid wages under Section 193 in that "by not paying Plaintiffs for work performed

14330361.1

during meal periods because they did not report that time pursuant to Kaleida's policy, Kaleida unlawfully deducted wages in violation of NYLL § 193." (Pl. Opp. at 5). Section 193 and its corresponding regulation govern deductions from employee wages. The statute, which was recently amended, permits certain wage deductions (*i.e.*, insurance premiums, union dues) and prohibits others (*i.e.*, penalties for violations of employer policies). It does not apply to alleged deductions from hours worked.

Courts in the Second Circuit have found that the term "deduction" is misconstrued when it is interpreted too broadly. *See*, *e.g.*, *Strohl v. Brite Adventure Ctr., Inc.*, 2009 U.S. Dist. LEXIS 78145, at *27-28 (E.D.N.Y. Aug. 28, 2009); *see also Sosnowy v. A. Perri Farms, Inc.*, 764 F. Supp. 2d 457, 472 (E.D.N.Y. 2011) ("[I]f the Plaintiff is alleging that the Defendants improperly determined he was tardy and therefore failed to pay him for hours worked, that would not constitute an improper deduction. This is simply an allegation that the Defendants failed to pay him for hours worked."). Similarly, New York courts have emphasized Section 193's limitations. *Hudacs v. Frito-Lay, Inc.*, 90 N.Y.2d 342, 349 (1997) ("Section 193 was intended to place the risk of loss for such things as damaged or spoiled merchandise on the employer rather than the employee.") (citation omitted); *Kane v. Waterfront Media, Inc.*, 2008 N.Y. Misc. LEXIS 10796, *9 (N.Y. Cty. Sup. Ct. Aug. 20, 2008) ("To state a claim for violation of Labor Law § 193, a plaintiff must allege a specific deduction from wages and not merely a failure to pay wages.") (italics omitted).

Fellow district courts in New York have expressly held that Section 193 is unavailable to employees who claim that their employer made "unlawful deductions" from wages by automatically deducting their meal breaks from their number of hours worked. *Church v. St. Mary's Healthcare*, 2012 U.S. Dist. LEXIS 138338, at *10 (N.D.N.Y. Sept. 26, 2012) ("The crux of Plaintiffs' claim is that defendant failed to pay them for the hours they worked during meal breaks. *Section 193*, however, prohibits employers from making unlawful deductions from employees' wages and does not govern deductions from the number of hours worked"); *Ellis v. Common Wealth Worldwide Chauffeured Transp. of NY, LLC*, 2012 U.S. Dist. LEXIS 40288, at *30-31 (E.D.N.Y. Mar. 23, 2012) (granting summary judgment to employer because Section 193 "does not cover failure to pay an employee for time worked"). In the case at bar, Plaintiffs similarly

have no recourse under Section 193. As explained in *Church*, a hospital meal break case nearly identical to the instant action, Section 193 does not apply to alleged "deductions" from the number of hours worked that occur as a result of meal break auto-deductions. *Church*, 2012 U.S. Dist. LEXIS 138338, at *10. Plaintiffs cannot assert an unlawful deduction claim because, as they concede, Defendants simply did not pay for a meal period which Plaintiffs did not record as time worked. Courts have unanimously held that such a practice is not a deduction from wages under Section 193.

Plaintiffs rely heavily in their Opposition on a 2009 New York State Department of Labor ("DOL") opinion letter to establish that they have a viable claim under Section 193. (Pl. Opp. at 5-6; Dk. No. 448-6). Simply put, Plaintiffs misread the letter. It does not state anywhere that Section 193 allows Plaintiffs to recover wages when an employer fails to pay an employee for work performed during meal breaks. Instead, the DOL mentions Section 193 only because the individual who wrote the letter to the DOL explained that an employee violated company policy by failing to take a lunch break without notifying the manager. In response to that background fact, the DOL simply noted that "deductions from wages *for violations of an employer's policies* are prohibited by Section 193 . . . ." (Dk. No. 448-6, p. 2) (emphasis added). Actually, the opinion letter states multiple times that Section 191 is the statutory section entitling Plaintiffs to full payment of wages for all hours worked. (*Id.* at 1, 2). The opinion letter is clearly inapposite and, to the extent it is interpreted as contrary to the more recent cases cited above, it should be disregarded.

Plaintiffs' citation to a handful of cases which address Section 193's application to unpaid non-discretionary bonuses is inapposite. In these cases, courts determined that employees had viable Section 193 claims because their employers neglected to provide guaranteed payments that had been earned and vested. *See, e.g., Ryan v. Kellogg Partners Inst. Servs.*, 19 N.Y.3d 1, 16 (2012). These cases establish that guaranteed, non-discretionary bonuses constitute "wages" under NYLL 190(1), and that employers deduct from wages in violation of Section 193 by neglecting to pay out such bonuses. *Id.* The instant case is clearly distinguishable: Defendants never deducted any wages. Instead, Defendants paid Plaintiffs for all hours properly reflected in Kaleida's timekeeping system. Even if Plaintiffs worked through their unpaid meal breaks as they claim, Defendants' actions would amount to nothing more than a failure to pay for all hours

14330361.1

worked, which can be remedied pursuant to Section 191, not Section 193. *Church*, 2012 U.S. Dist. LEXIS 138338, at *10; *Strohl*, 2009 U.S. Dist. LEXIS 78145, at *27-28. Contrary to Plaintiffs' assertion, the inapposite state court cases they rely upon do not control in the face of federal district court decisions addressing the precise issue before this Court.

Finally, Plaintiffs make general policy arguments in hopes of salvaging their Section 193 claim. Plaintiffs assert that because Article 6 of the NYLL is remedial in nature and meant to be liberally construed, they should be allowed to recover under Section 193. If Section 193 were interpreted as broadly as Plaintiffs would like it to be, it would allow for any claim for unpaid wages to be made under that section, a result that the State Legislature clearly did not intend. If Plaintiffs could bring claims pursuant to Section 193 to recover payment of wages for off-the-clock work, Section 191 would become redundant and its exemptions would be obviated. The State Legislature obviously did not mean for Section 193 to subsume Section 191 in this manner.

Plaintiffs' reliance upon Section 198(3) is also unfounded. Section 198 is not a substantive provision, but instead relates to remedies. It does not confer a right to recovery; it simply provides that Plaintiffs can recover costs and attorneys' fees if they prevail on claims brought under other sections of the NYLL. It is readily apparent from the unambiguous language of Section 198 that the State Legislature did not intend it to broaden the substantive rights of other NYLL provisions.

Accordingly, Section 193 does not offer any recourse to Gordon, Mika, or Thomson in the case at bar.

## CONCLUSION

Based upon the foregoing reasons, and those set forth in Defendants' initial moving papers, Defendants respectfully request that their Motion for Summary Judgment dismissing Gordon's, Mika's, and Thomson's New York Minimum Wage Order and Labor Law claims be granted with prejudice.[5]

---

[5] Similarly, claims brought by all opt-ins in the current action pursuant to the Minimum Wage Orders and NYLL are subject to dismissal on the same grounds.

DATED: Buffalo, New York
          March 5, 2013                   NIXON PEABODY LLP

                                      By:   /s/ Susan C. Roney
                                           Susan C. Roney, Esq.
                                    40 Fountain Plaza, Suite 500
                                    Buffalo, New York 14202
                                    Tel: (716) 853-8100
                                    Email: sroney@nixonpeabody.com

                                    Jonathan W. Greenbaum, Eq.
                                    COBURN & GREENBAUM PLLC
                                    1710 Rhode Island Ave, NW – Second Floor
                                    Washington, DC 20036
                                    Tel: (202) 657-5006
                                    Email: jg@coburngreenbaum.com

                                    *Attorneys for Defendants*

14330361.1