**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CATHERINE GORDON, JAMES SCHAFFER, TERESA THOMPSON, PAMELA MIKA, JENNIFER PFENTNER AND DIANA GALDON, *on behalf of themselves and all other employees similarly situated,* | PLAINTIFFS' MOTION FOR LEAVE TO FILE RESPONSE TO DEFENDANTS' SUBMISSION OF ADDITIONAL AUTHORITY |
| *Plaintiffs,* | Civil Action No. 08-CV-0378 (WMS) |
| v. | |
| KALEIDA HEALTH, et al., | |
| *Defendants.* | |

Plaintiffs respectfully move for leave to file the instant Response to Defendants' Submission of Additional Authority regarding plaintiffs' motion for class certification currently pending before the Court (Dkt. Nos. 408). The instant Response is necessary to address defendants' newly-cited authority and explain why that authority is irrelevant to plaintiffs' motion for class certification.

## PRELIMINARY STATEMENT

The United States Supreme Court decision in *Comcast Corp. v. Behrend*, 569 U.S. ___, 133 S.Ct. 1426 (2013) in no way, shape or form ruled that damages must be capable of measurement on a class-wide basis in order to obtain Rule 23(b)(3) class certification, and it certainly does not signal the death knell for class certification in this case. Indeed, it remains well settled – "well nigh universal" – that individual damage calculations do not preclude class certification. *Id.* at 1437 (Ginsburg and Breyer, JJ. dissenting). *Comcast* simply holds that the damages must flow from the injury upon which the defendant's liability is based and not

some other injury. *Id*. at 1433, 1435. Once *Comcast* is properly construed, it necessarily follows that *RBS Citizens, N.A., v. Ross*, 569 U.S. ___, 2013 WL 1285303 (2013) and *Roach v. T.L. Cannon Corp.*, No. 3:10–CV–0591 (TJM/DEP), 2013 WL 1316452 (N.D.N.Y. Mar. 29, 2013) similarly have no applicability to plaintiffs' class certification motion.

Defendants' citation of *Wang v. Chinese Daily News, Inc.*, 709 F.3d 829 (9th Cir. 2013) and *Ealy v. Pinkerton Government Services, Inc.*, 2013 WL 980035 (4th Cir. 2013) as evidence that *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541 (2011) requires denial of plaintiffs' motion for class certification is similarly unfounded. The grounds for remand in those cases are irrelevant to the determination here.

## ANALYSIS

### I. *Comcast* does not stand for the proposition that individualized damage inquiries preclude Rule 23(b)(3) class certification

In *Comcast*, the parties *did not contest* the District Court's ruling that, in order to establish Rule 23's predominance requirement, the plaintiffs had to show "that the damages resulting from [the class-wide] injury were measurable 'on a class-wide basis' through use of a 'common methodology.'" *Id*. at 1430. The propriety of that ruling was therefore not even before the Court in *Comcast*.

Nor was that uncontested District Court holding necessary to the Supreme Court's ruling. The Supreme Court simply held that certification was not warranted because the proffered method for proving damages included damages sustained by proposed class members who were not covered by plaintiff's theory of class-wide liability. *Id*. at 1433-1434 (at the class-certification stage (as at trial), any model supporting a plaintiff's damages case must be consistent with its liability case; the plaintiff's model, however, failed to measure damages resulting from the particular antitrust injury on which petitioners' liability in this

action is premised).  Thus, the Court's reversal of certification was not due to individualized inquires with respect to damages, but because of plaintiffs' inability to tie the alleged damages to the theory of liability upon which the class action was based, i.e., damages were not measured with respect to the proposed class at issue or, as the Court described it, on a class-wide basis.  *Id*. at 1434.  Notably, that ground defeats class certification even where the damages are shown for a class as a whole.   Indeed, the District Court granted class certification finding that damages were measurable on a class-wide basis; the Supreme Court reversed, not because damages were actually individualized, but because the damages encompassed a class much broader than that covered by the plaintiffs' theory of liability.

For example, in explaining the rationale for reversal, the Court stated:

> For all we know, cable subscribers in Gloucester County may have been overcharged because of petitioners' alleged elimination of satellite competition (a theory of *liability* that is not capable of classwide proof); while subscribers in Camden County may have paid elevated prices because of petitioners' increased bargaining power vis-à-vis content providers (another theory [of *liability*] that is not capable of classwide proof); while yet other subscribers in Montgomery County may have paid rates produced by the combined effects of multiple forms of alleged antitrust harm; and so on. The permutations involving four *theories of liability* and 2 million subscribers located in 16 counties are nearly endless.

*Id.* at 1434-1435 (emphasis added).

The proposed class thus included subscribers "who were subject to supra-competitive prices in general" (individuals harmed by theories other than the theory upon which the class action was based), rather than just subscribers who were subject to "supra-competitive prices attributable to the deterrence of overbuilding" (individuals harmed by the theory upon which the class action was based).  *Id*. at 1435.  Accordingly, the Court held that "Rule 23(b)(3) cannot authorize treating subscribers within the Philadelphia cluster as members of a single class."  *Id*.  Ultimately, certification in *Comcast* was rejected because the proposed class was

overly inclusive, not because the amount of damages suffered by each class member, once the class was properly identified, would require individual inquiry.

In any class action, the alleged damages, whether shown individually or class-wide, must result from the *allegedly unlawful conduct*.[1]  In *Comcast*, the plaintiffs purported to show that the proposed class members sustained damages, but failed to show that such damage was the result of the allegedly unlawful conduct.  That was the defect that defeated class certification.  The plaintiffs' ability, or lack thereof, to demonstrate the amount of damages sustained by each class member on a class-wide basis was not even an issue in *Comcast*.

Nor could it be.  The very premise of Rule 23(b)(3) is to certify a class despite the existence of individual inquiries.  Without individual inquiries, there would be nothing over which common issues could predominate.  Indeed, Justice Scalia, who authored *Comcast*, noted as much in none other than *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541 (2011) where, in comparing the distinctions between classes under Rule 23(b)(2) and 23(b)(3), he stated that:

> [Rule 23(b)(3)] allows class certification in a much wider set of circumstances but with greater procedural protections.  . . . And unlike (b)(1) and (b)(2) classes, the (b)(3) class is not mandatory; class members are entitled to receive 'the best notice that is practicable under the circumstances' and to withdraw from the class at their option.

Given that structure, we think it clear that individualized monetary claims

---

[1]    Notably, plaintiffs need not show that every single class member actually sustained damage, only that the class consists of people who were subjected to and likely harmed by the alleged unlawful conduct.  *Kohen v. Pac. Inv. Mgmt. Co.*, 571 F.3d 672, 677 (7th Cir. 2009) ("a class will often include persons who have not been injured by the defendant's conduct; indeed this is almost inevitable ... [s]uch a possibility or indeed inevitability does not preclude class certification...."); *Frank*, 2007 WL 2780504, at *3 (fact that some employees have less damages or even none at all does not defeat certification); *see also Reich v. Dep't. of Conservation and Natural Res.*, 28 F.3d 1076, 1084 (11th Cir. 1994) (remanding case after liability for class as whole was established to determine who among the class was entitled to damages and how much).

belong in Rule 23(b)(3).

*Id*. at 2558 (internal citations omitted); *see Messner v. Northshore University HealthSystem*, 669 F.3d 802 (7th Cir. 2012), citing *Dukes*, 131 S.Ct. at 2558 (It is well established that the presence of individualized questions regarding damages does not prevent certification under Rule 23(b)(3)).

Of course, this is consistent with the "[l]egions of appellate decisions," including many in this Circuit, holding that common liability questions can not only predominate over individual damages questions, but that they almost always do. *Comcast Corp.*, 133 S.Ct. at 1437 (Ginsburg, Breyer, JJ. dissenting) (citing cases); *see Shahriar v. Smith & Wollensky Restaurant Group, Inc.*, 659 F.3d 234, 253 (2d Cir. 2011); *Cordes & Co. Financial Services, Inc. v. A.G. Edwards & Sons, Inc.*, 502 F.3d 91, 107-108 (2d Cir. 2007); *In re Visa Check/MasterMoney Antitrust Litigation*, 280 F.3d 124, 139 (2d Cir. 2001). Indeed, as recently as four weeks before the *Comcast* decision was issued, the Supreme Court confirmed that "Rule 23(b)(3) . . . does not require a plaintiff seeking class certification to prove that each 'elemen[t] of [her] claim [is] susceptible to classwide proof.'" *Amgen Inc. v. Connecticut Retirement Plans and Trust Funds*, 133 S.Ct. 1184, 1196 (2013).

Thus, as explained above and in the *Comcast* dissenting opinion, *Comcast* does not stand for the proposition that individualized damages inquiries preclude class certification. Such a ruling is contrary to the plain language of Rule 23, contrary to the holding in *Dukes* and would overrule legions of appellate decisions including the *Amgen* decision issued by the Supreme Court just four weeks prior to *Comcast*. It remains today, as has long been the case, that individualized inquiries with respect to the amount of damages *do not defeat* certification.

Once the holding of *Comcast* is properly stated, it is clear that it does not warrant

denial of plaintiffs' motion in the case at bar.

First, unlike the class in *Comcast*, the proposed class here does not include members whose harm could have resulted from something other than the alleged unlawful conduct.  In other words, the only damages sought in this action are those that resulted from defendants' failure to pay for missed or interrupted meal periods due to the automatic deduction of such time and the systematic failure to accurately capture and pay for any such time worked as well as the systematic rounding down of time worked, such that employees are not paid for preliminary and postliminary work.

Second, here, as in most cases, any individualized damage inquiries do not overwhelm the common liability questions.  As an initial matter, it is by no means certain that the calculation of damages in this case will require individualized inquiries.  If the claim is to succeed at all, it will necessarily mean that defendants failed to keep accurate records.  In other words, if defendant knew or should have known that work was being performed and did not take steps to ensure that such work was being accurately recorded, it failed to maintain accurate records.  Thus, plaintiffs need only prove their damages by a just and reasonable inference and may do so by representative testimony for subclasses.  *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 688 (1946), *superseded by statute on other grounds*, Portal-to-Portal Act, 29 U.S.C § 251 (1947); *Reich v. S. New England Telecomms. Corp.*, 121 F.3d 58, 66-68 (2d Cir. 1997) (testimony of 39 employees, accounting for each of the five job categories in question, sufficient to support award to 1500 for uncompensated meal period work); *Martin v. Selker Bros., Inc.*, 949 F.2d 1286, 1297-1298 (3d Cir. 1991).  For example, an average percentage of uncompensated meal period work for a particular department or particular shift may be shown through representative testimony and then

applied to all employees within that particular subclass.  *S. New England Telecomms. Corp.*, 121 F.3d at 66-68.

In any event, even if this Court were concerned about individualized damages issues, the remedy is not to deny certification, but to explore procedural devices to alleviate those concerns.  *See In re Visa Check*, 280 F.3d at 141 (e.g., bifurcating liability and damage trials with the same or different juries; appointing a magistrate judge or special master to preside over individual damages proceedings; decertifying the class after the liability trial and providing notice to class members concerning how they may proceed to prove damages; creating subclasses; or altering or amending the class); *Robinson v. Metro-North Commuter R.R. Co.*, 267 F.3d 147, 168 (2d Cir. 2001), quoting Edward F. Sherman, *Class Actions and Duplicative Litigation*, 62 IND. L.J. 507, 516 (1987) ("'[a] class action should not be found unmanageable without [first] exploring the procedural devices available for bringing it in line. These include subclassing and trial of subclass issues separately, bifurcating liability and damages, ... [and] appointing a special master for difficult evidentiary matters'"); *see also Cordes & Co. Financial Services, Inc.*, 502 F.3d at 108-109 (Rule 23 authorizes the district court in appropriate cases to isolate the common issues under Rule 23(c)(4)(A) and proceed with class treatment of these particular issues).

Finally, given that *Comcast* does not hold that individual damage calculations preclude class certification, it is also clear that *RBS Citizens, N.A., v. Ross*, 569 U.S. ___, 2013 WL 1285303 (2013) and *Roach v. T.L. Cannon Corp.*, No. 3:10–CV–0591 (TJM/DEP), 2013 WL 1316452 (N.D.N.Y. Mar. 29, 2013) do not warrant denial of plaintiffs' motion for class certification.  To the extent that *Roach*, issued *two* days after the *Comcast* decision, cites *Comcast* for that proposition, it is respectfully submitted that it is unpersuasive and should

not be followed by this Court.

*RBS Citizens, N.A., v. Ross*, 569 U.S. ___, 2013 WL 1285303 (2013) does not even tend to suggest that *Comcast* requires that damages be measurable on a class-wide basis for class certification.  The petition for certiorari in *RBS* asked only whether the court failed to consider individualized inquiries with respect to *liability* in granting Rule 23 certification.  *See* August 1, 2012 Entry in SCT Docket 12-165.  Moreover, a simple remand for further consideration does not mandate a different outcome in the decision below.

## II.     Recently remanded decisions have no bearing on plaintiffs' motion

The Ninth Circuit's remand in *Wang v. Chinese Daily News, Inc.*, 709 F.3d 829 (9th Cir. 2013) has no applicability to the case at bar.  As noted above, *Dukes* held that individualized claims for monetary relief belong in Rule 23(b)(3) rather than Rule 23(b)(2).  Because *Wang*, which involved individual monetary claims, was certified under 23(b)(2), all parties agreed that it had to be vacated in light of *Dukes* and remanded for consideration of Rule 23(b)(3) certification.  Plaintiffs here are of course not seeking certification under 23(b)(2).

Although the District Court in *Wang* had also initially certified the case under Rule 23(b)(3), the Ninth Circuit did not evaluate the propriety of that ruling but instead remanded for reconsideration.  It did so for two reasons, neither of which had anything to do with *Dukes*.  First, it asked the District Court to reconsider its 23(b)(3) determination in light of subsequent Ninth Circuit precedent concerning class certification in cases where it is alleged that employees were misclassified as exempt from overtime pay.  That reason has no applicability to this case because this case alleges off-the-clock violations, not misclassification and Ninth Circuit precedent is not controlling in any event.  Second, the

Ninth Circuit asked the District Court to reconsider its 23(b)(3) ruling in light of subsequent California law involving the employer's obligation to make a meal period available.  That reason also has no applicability here because this case does not involve California law or an employer's obligation to provide a meal period.  This lawsuit involves whether people were paid for work performed during their meal periods, and does not seek to impose liability for defendants' failure to provide its employees with a meal period.

Otherwise, class certification of this action does not run afoul of *Dukes* for the reasons stated in plaintiffs' initial moving papers.  Indeed, even if *Dukes* requires damages to be calculated on an individual basis in a wage and hour action, which plaintiffs do not concede, plaintiffs can do so here entirely consistent with a Rule 23(b)(3) class action.

Similarly, *Ealy v. Pinkerton Government Services, Inc.*, 2013 WL 980035 (4th Cir. 2013) has absolutely no impact on whether plaintiffs are entitled to class certification here.[2]  There, the district court had issued a brief conclusory rationale for its certification of the claims.  The Fourth Circuit remanded merely to have the district court issue a more robust explanation so that it may conduct a meaningful appellate review.  *Id.* at *5.  Notably the Fourth Circuit stated:  "[w]e make no determination  . . . as to which path the district court should take. Perhaps a class should be certified, perhaps one or more subclasses should be certified, or perhaps class certification should be denied entirely. We only conclude at this point, that what is required, is a more rigorous analysis into whether, in this case, [the Rule 23 requirements are met.]"  *Id.* at *7.  Therefore, *Ealy* merely stands for the proposition that plaintiffs must satisfy the Rule 23 requirements to obtain class certification and is not

---

[2]    *Ealy* is an unpublished disposition merely referenced in a "Table of Decisions Without Reported Opinions;" it should generally not be cited except for establishing *res judicata*, estoppel, or the law of the case.  *See* Fourth Circuit Local Rule 36(c).

surprisingly an unpublished non-precedential decision.

## CONCLUSION

For the foregoing reasons, consideration of the additional authority cited by defendants in no way supports denial of plaintiffs' motion for class certification.

Dated:  May 3, 2013

THOMAS & SOLOMON LLP

By: /s/ Sarah E. Cressman
   Michael J. Lingle, Esq.
   Sarah E. Cressman, Esq.
   *Attorneys for Plaintiffs*
   693 East Avenue
   Rochester, New York 14607
   Telephone:  (585) 272-0540
   mlingle@theemploymentattorneys.com
   scressman@theemploymentattorneys.com