UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CATHERINE GORDON, *et al.,*

                            Plaintiffs,

      v.

KALEIDA HEALTH, *et al.,*

                            Defendants.
_____

|  |  |
|---|---|
| | **REPORT**<br>**and**<br>**RECOMMENDATION**<br>-----------------------------------<br>**DECISION**<br>**and**<br>**ORDER** |
| | **08-CV-378S(F)** |

APPEARANCES:        THOMAS & SOLOMON, LLP
                         Attorneys for Plaintiffs
                         MICHAEL J. LINGLE,
                         SARAH E. CRESSMAN, of Counsel
                         693 East Avenue
                         Rochester, New York   14607

                         NIXON PEABODY, LLP
                         Attorneys for Defendants
                         SUSAN C. RONEY, of Counsel
                         40 Fountain Plaza, Suite 500
                         Buffalo, New York   14202

                         COBURN & COFFMAN, PLLC
                         Attorneys for Defendants
                         JONATHAN W. GREENBAUM, of Counsel
                         1244 19 th Street, NW
                         Washington, D.C.   20036

## JURISDICTION

By order of Hon. William M. Skretny, dated January 6, 2010 (Doc. No. 252), this

case was referred to the undersigned for all non-dispositive pretrial matters pursuant to

28 U.S.C. § 636(b)(1)(A).  Presently before the court are Defendants' Renewed Motion

To Dismiss The FLSA Claims Of Certain Opt-In Plaintiffs, pursuant to Fed.R.Civ.P. 37,

filed August 30, 2012 (Doc. No. 371) ("Defendants' motion") and a motion by Plaintiffs'

counsel, filed September 28, 2012 (Doc. No. 380), requesting permission to withdraw pursuant to Local R.Civ.P. 83.2(d)(1).[1] By order dated March 13, 2013, Chief Judge Skretny referred Defendants' motion to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).


## BACKGROUND

This is an action for unpaid wages and overtime pay brought under the Fair Labor Standards Act ("FLSA") and the New York State Labor Law on behalf of Defendants' hourly employees, particularly nurses, other health care staff, clerical, and maintenance workers. Plaintiffs' FLSA claims have been conditionally certified; Plaintiffs' request for class certification of Plaintiffs' state law wage and hour claims is pending.

As noted, Defendants' motion was filed on August 30, 2012. In support, Defendants filed a Declaration In Support Of Renewed Motion To Dismiss The FLSA Claims Of Certain Opt-In Plaintiffs Pursuant To Rule 37 (Doc. No. 377-1) ("Roney Declaration") along with exhibits A and B (Doc. Nos. 371-2, 371-3) ("Roney Declaration Exh(s). ___"). In opposition, Plaintiffs filed on September 28, 2012, the Affirmation Of Sarah E. Cressman In Opposition To Defendants' Renewed Motion To Dismiss The FLSA Claims Of Certain Opt-In Plaintiffs (Doc. No. 381) ("Cressman Affirmation") together with exhibit A (Doc. No. 381-1) ("Cressman Affirmation Exh. A"). On October 12, 2012, Defendants filed a Reply Attorney Declaration In Further Support of Renewed

---

[1] Because Defendants' motion to dismiss for failure to comply with court ordered discovery and Plaintiffs' counsel's motion to withdraw based on certain Plaintiffs' failure to communicate with counsel are interrelated, they are addressed in this combined Report and Recommendation and Decision and Order.

Motion To Dismiss (Doc. No. 390) ("Roney Reply Declaration") together with exhibit A (Doc. No. 390-1) ("Roney Reply Declaration Exh. A").

Upon the filing of Plaintiffs' opposition to Defendants' motion, by papers also filed September 28, 2012, Plaintiffs' counsel moved, pursuant to Local R.Civ.P. 83.2(d)(1) for leave to withdraw as counsel to certain opt-in Plaintiffs asserting FLSA claims in the collective action who had not responded to Defendants' outstanding discovery requests, and, as a result, are the subject of Defendants' motion (Doc. No. 380) ("Plaintiffs' counsel's motion to withdraw" or "Plaintiffs' counsel's motion"), a Memorandum of Law In Support Of Plaintiffs' Counsel's Motion To Withdraw As Counsel For Unresponsive Opt-In Plaintiffs (Doc. No. 380-1) ("Plaintiffs' Counsel's Memorandum"), and the Affirmation Of Sarah E. Cressman In Support Of Plaintiffs' Counsel's Motion To Withdraw As Counsel For Unresponsive Opt-In Plaintiffs (Doc. No. 380-2) ("Cressman Affirmation") attaching exhibits A & B (Doc. Nos. 380-3, 380-4) ("Cressman Affirmation Exh(s). ___"). In response, on October 26, 2012, Defendants filed the Attorney Declaration In Opposition To Withdraw As Counsel For Certain Plaintiffs (Doc. No. 406) ("Roney Declaration"); on November 2, 2012, Plaintiffs' counsel filed the Reply Affirmation Of Sarah E. Cressman In Further Support Of Plaintiffs' Counsel's Motion To Withdraw As Counsel For Unresponsive Opt-In Plaintiffs (Doc. No. 414) ("Cressman Reply Affirmation") attaching exhibit A (Doc. No. 414-1) ("Cressman Reply Affirmation Exh. A").

Oral argument was conducted on Defendants' motion and Plaintiffs' counsel's motion on November 7, 2012 (Doc. No. 241), and decision reserved. Based on the following, Defendants' motion to dismiss with prejudice the FLSA claims of the 64 opt-in Plaintiffs as listed in the Roney Reply Declaration Exh. A should be GRANTED;

Plaintiffs' counsel's motion is DISMISSED as moot.


## FACTS[2]

Because of the large number of Plaintiffs who had timely opted-in to Plaintiffs' FLSA collective action, the parties agreed Defendants could obtain discovery directed to Plaintiffs' FLSA claims from both the six named Plaintiffs and a sample of 100 Plaintiffs selected randomly from among the group of several hundred individuals who comprise those Plaintiffs who elected to opt-in to the named Plaintiffs' collective FLSA action ("opt-in Plaintiffs" or "opt-ins").  Roney Declaration ¶ 5.  In accordance with this agreement, on September 10, 2010, Defendants served Defendants' Amended First Set of Interrogatories and Amended First Request for Documents on the named Plaintiffs and the opt-in Plaintiffs included in the sample group randomly selected by Plaintiffs' counsel. Roney Declaration ¶ 5.  As of June 30, 2011, Defendants had received responses to these discovery requests from the six named Plaintiffs and 42 of the sample group of the designated 100 opt-in Plaintiffs.  Roney Declaration ¶ 6.  The parties thereafter agreed that to facilitate Defendants' discovery as to the agreed upon 100 member sample of opt-in Plaintiffs, Plaintiffs' counsel would designate an additional 56 opt-in Plaintiffs randomly selected by Plaintiffs' counsel from the remaining group of opt-in Plaintiffs as to whom Defendants' interrogatories and document requests would be served and their respective responses provided to Defendants.  Roney Declaration ¶ 6; Cressman Affirmation ¶ 3.  It is also undisputed that Defendants' interrogatories and

---

[2]  Taken from the papers and pleading filed in connection with Defendants' and Plaintiffs' counsel's motions.

document requests were served on this additional group of opt-in Plaintiffs following their designation by Plaintiffs' counsel on September 12, 2011, and five additional names resulting from a further designation by Plaintiffs' counsel on October 3, 2011. Roney Declaration ¶ ¶ 7-8.[3]

Following discussions by Defendants' counsel with Plaintiffs' counsel regarding when Defendants would receive the expected responses, Roney Declaration ¶ 9, on January 6, 2012, Plaintiffs' counsel advised Defendants that responses to Defendants' discovery requests from 30 of the 56 additional opt-in Plaintiffs selected by Plaintiffs' counsel were forthcoming, and that Plaintiffs' counsel also then expected to provide responses for the "full sample of 100" opt-in Plaintiffs as the parties had agreed. Roney Declaration ¶ 10. The precise method Plaintiffs' counsel would employ to achieve this result was not provided to Defendants. *Id.* Plaintiffs do not dispute Plaintiffs' counsel advised Defendants on January 6, 2012 that additional opt-in Plaintiffs' responses were to be served on Defendants and that despite counsel's assurance that such responses were expected, as of August 30, 2012 Plaintiffs failed to provide 100 responses from the sample group of opt-in Plaintiffs as the parties had agreed. Roney Declaration ¶ 11. On January 9, 2012, Defendants moved to compel (Doc. No. 337) responses from the named Plaintiffs and opt-in Plaintiffs whose initial responses Defendants had deemed deficient and, as relevant to the instant motion, from certain opt-in Plaintiffs who had up to that time failed to provide any responses or dismiss the FLSA claims of such

---

[3] The need for selection of an additional five, rather than two, replacement opt-in Plaintiffs to create a sample of 100 opt-in Plaintiffs is not immediately apparent from the record. Based on the Defendants' statement, Roney Declaration ¶ ¶ 6, 12, Defendants appear to have received approximately 69 responses from the agreed sample group of 100 opt-in Plaintiffs.

Plaintiffs.  Roney Declaration ¶ 3; Roney Declaration Exh. B (listing the then

unresponsive opt-in Plaintiffs).  On July 19, 2012, the court granted Defendants' motion

to compel and directed those opt-in Plaintiffs from both the initial and supplemental

sample groups, who had failed to respond to Defendants' discovery requests at all, to do

so within 30 days in order to avoid potential dismissal of their FLSA claims as a sanction

pursuant to Fed.R.Civ.P. 37(b)(2)(A)(v).  Roney Declaration ¶ 4; July 19, 2012 Decision

and Order, 08-CV-378A(F) ("the July 19, 2012 D&O") at 19 (granting Defendants' motion

to compel and permission to seek dismissal as to "opt-in Plaintiffs who failed to serve

any responses to Defendants' discovery requests").  In the event such Plaintiffs should

fail to respond, it was expected that Defendants would move to dismiss against these

opt-in Plaintiffs.  *Id.*; July 19, 2012 D&O at 19-20.  Notwithstanding the court's order,

including its admonition that dismissal of the FLSA claims of the opt-in Plaintiffs who

failed to provide discovery in response to Defendants' outstanding requests within 30

days was possible, as of August 30, 2012 no responses were served by this group of

opt-in Plaintiffs.  Roney Declaration ¶ ¶ 12-13 (asserting 92 opt-in Plaintiffs as being

subject to dismissal of their FSLA claims).[4]  According to Defendants, the non-

responding opt-in Plaintiffs, who had been included in the sample group of 100 opt-in

Plaintiffs for discovery purposes, included 53 individuals from the initial sample group of

100 opt-ins, 35 individuals from among the 56 additional replacement opt-in Plaintiffs

who had been selected by Plaintiffs' counsel and added to the initial 100 member

sample group on September 12, 2011, and the four additional replacement opt-in

---

[4]  Roney Declaration Exh. B contains only 91 names.

6

Plaintiffs selected by Plaintiffs' counsel and added to the sample group on October 3, 2011.[5] Roney Declaration ¶ 12; Roney Declaration Exh. B at 4. The names of the unresponsive opt-in Plaintiffs, who are the subject of Defendants' motion, are listed by the initial sample replacement groups in Roney Declaration Exh. B.

In opposition, Plaintiffs assert there are actually 52 opt-in Plaintiffs, and not 53 as Defendants claim, *see* Roney Declaration ¶ 12 (referencing 53 non-responsive opt-in Plaintiffs), listed by Defendants in Roney Declaration Exh. B, comprising the initial sample group of opt-in Plaintiffs and the two replacement groups of opt-ins, later added to the sample, who failed to provide discovery, and that four of the opt-in Plaintiffs included in the sample, whose FLSA claims Defendants now seek to dismiss, were previously dismissed based on voluntary Notices of Dismissal, pursuant to Fed.R.Civ.P. 41, on July 15, 2009. Cressman Affidavit ¶ 3 n.1, ¶ 4 (citing Doc. Nos. 202, 204, 211 and 213). Plaintiffs further state that 23 of the group who are the subject of Defendants' motion were also previously dismissed by a Stipulation of Dismissal on September 28, 2012 (Doc. No. 379). Cressman Affirmation ¶ 5; Cressman Affirmation Exh. A at 1 (listing names). Defendants do not contest Plaintiffs' counsel's statement. Roney Reply Declaration ¶ 4; Roney Reply Declaration Exh. A (indicating the names of 64 opt-in Plaintiffs).[6] Plaintiffs further state that two other opt-in Plaintiffs had, as of September

_____

[5] As noted, Facts, *supra*, at 4-5, Plaintiffs' counsel informed Defendants on October 3, 2011 that an additional five opt-in Plaintiffs would be added to the sample. Roney Affirmation ¶ 8. This apparent discrepancy is not further addressed by the parties. Nevertheless, the court presumes one opt-in Plaintiff's response from this group of five additional opt-ins was received. *See* Roney Declaration ¶ 12 (referring to four non-responsive opt-ins from additional group of five designated by Plaintiffs' counsel on October 3, 2011. *Id*. ¶ 8.

[6] The list includes Joanne Brawley, Roney Reply Exh. A at 2. Although this name is not included in the Cressman Affirmation Exh. A, Plaintiffs do not dispute Ms. Brawley is a non-responsive opt-in Plaintiff.

28, 2012, the date of the Cressman Affirmation, died,[7] that Plaintiffs' counsel expected to substitute their respective estates pursuant to Fed.R.Civ.P. 25(a)(1) ("rule 25(a)(1)"), and that such deceased opt-in Plaintiffs should therefore not be dismissed. Cressman Affirmation ¶ 6. Plaintiffs further represented that four of the group of non-responsive opt-in Plaintiffs had, after receiving notice of Defendants' motion, advised Plaintiffs' counsel of their intention to provide discovery responses in order to avoid dismissal and should therefore also not be dismissed. Cressman Affirmation ¶ 7; Cressman Affirmation Exh. A at 3 (listing names of these four opt-in Plaintiffs). Plaintiffs' counsel further averred that based on the foregoing, because the remaining 58 opt-in Plaintiffs who had not responded to Defendants' outstanding discovery requests had also failed to respond to Plaintiffs' "counsel's attempts to communicate with them regarding their discovery responses, Plaintiffs' counsel had contemporaneously moved" to withdraw as counsel to these opt-in plaintiffs." Cressman Affirmation ¶ 8; Cressman Affirmation Exh. A at 3-4 (listing names).

Defendants, in reply, appear to agree in part with Plaintiffs' analysis of the correct number and identity of opt-in Plaintiffs failing to timely provide the court-ordered discovery, as directed by the July 19, 2012 D&O, filing a revised list of the 64 opt-in Plaintiffs against whom Defendants' motion is directed, a number which includes the 58 opt-ins Plaintiffs' counsel concedes are unresponsive plus the two deceased opt-ins described by Plaintiffs and the four opt-ins from whom Plaintiffs' counsel expected but apparently never received responses. *See* Roney Declaration Exh. B (listing 91 names);

---

[7] The dates of death have not been provided by Plaintiffs.

Roney Reply Declaration ¶ 4; Roney Reply Declaration Exh. A (listing 64 names); Cressman Affirmation ¶ 8 ("58 opt-in plaintiffs defendants seek to dismiss have been non-responsive to plaintiffs' counsel's attempts to communicate with them regarding their discovery responses"). Contrary to Plaintiffs' counsel's representation, Cressman Affirmation ¶ 7; Cressman Affirmation Exh. A at 4, Defendants represent that as of the date of Defendants' reply, October 12, 2012, no additional responses for any of the opt-in Plaintiffs who are the subject of Defendants' motion to dismiss had been served. Roney Reply Declaration ¶ 6. Plaintiffs' counsel have to date, made no effort to contest this assertion. Moreover, the court observes, the docket does not indicate any attempt to substitute an estate for either of the two opt-in Plaintiffs counsel stated were deceased as of September 28, 2012, Cressman Affirmation ¶ 6; Cressman Affirmation Exh. A at 2 (referencing Christine White and Brian Wilson), in accordance with Rule 25(a)(1). In addition, to date neither side has advised the court that additional discovery responses have been received from any opt-in Plaintiffs among the 64 individuals listed in Defendants' revised list of non-responsive opt-in Plaintiffs, Roney Reply Declaration Exh. A, or that any substitutions of the estates of the two asserted deceased non-responsive opt-in Plaintiffs – Ms. White or Mr. Wilson – have been timely filed in accordance with Rule 25(a)(1) (requiring such substitution within 90 days of service of a suggestion of death of a party having a surviving claim). Nor has Plaintiffs' counsel, or other counsel, sought leave to do so after expiration of the 90-day period.

Thus, the court directs its consideration of Defendants' motion to the 64 opt-in Plaintiffs listed in Defendants' revised list, Roney Reply Declaration Exh. A (listing names), which, except for inclusion of the four Plaintiffs from whom Plaintiffs' counsel

expected but has not received, to date, responses, and the two deceased Plaintiffs for whom, contrary to Plaintiffs' counsel's representation, no fiduciary has been timely substituted in accordance with Rule 25(a)(1), conforms to Plaintiffs' representation as to the number and identity of opt-in Plaintiffs as to whom Plaintiffs' counsel does not contest dismissal may be granted. Roney Reply Declaration ¶ 4 (referencing Cressman Affirmation ¶ ¶ 4-5); Cressman Affirmation ¶ ¶ 6-7 (acknowledging dismissal may be appropriate as to 58 opt-in Plaintiffs, but not those four as to whom Plaintiffs then expected to receive responses and the two alleged deceased opt-in Plaintiffs as to whom substitution was also then, according to Plaintiffs' counsel, expected. Cressman Affirmation ¶ ¶ 6, 7; Cressman Affirmation Exh. A at 2, 3, 4.[8]

## DISCUSSION

Defendants seek to dismiss with prejudice the FLSA claims as to those 58 opt-in Plaintiffs from among the initial and supplemental sample groups remaining in the case who have completely failed, without communication with Plaintiffs' counsel, to comply with Defendants' outstanding discovery requests. Defendants also seek dismissal against the four opt-in Plaintiffs who Plaintiffs' counsel asserted had been expected to

---

[8] In support of Plaintiffs' counsel's motion, Plaintiffs' counsel asserts that counsel does not consent to Defendants' motion and that counsel cannot "represent such individuals with respect to any such request." Plaintiffs' Counsel's Memorandum at 4 n.1 (ambiguously referencing the remaining Plaintiffs). Assuming this assertion was intended to refer to the unresponsive opt-in Plaintiffs, such assertion is contrary to the record and unsupported by any reference to relevant authority. Counsel failed to seek to withdraw prior to Defendants' motion and, in fact, opposed Defendants' motion. *See* Cressman Affirmation ¶ 2 (Cressman Affirmation submitted "in opposition to defendant's renewed motion to dismiss the FLSA claims of certain opt-in plaintiffs.") (Doc. No. 381). Such assertion also conflicts with the fact that Plaintiffs' counsel only now seeks to withdraw. Counsel's assertion that for the purposes of Defendants' motion they no longer represent the unresponsive opt-in Plaintiffs with regard to Defendants' motion is therefore rejected.

provide responses and the two deceased opt-in Plaintiffs. Roney Reply Declaration ¶ 11

(Defendants seek dismissal as to all opt-in plaintiffs who have failed to provide discovery

to Defendants). As the court noted in the July 19, 2012 D&O, the sanction of dismissal

is extremely harsh and rarely imposed for a first discovery violation. Fed.R.Civ.P. 37(b)

("Rule 37(b)") governs the use of sanctions for failure to comply with court-ordered

discovery and includes the sanctions listed under Rule 37(b)(2)(A)(i) - (vii) concerning

the failure to comply with a discovery order of the court, including dismissing the action

in whole or in part, Fed.R.Civ.P. 37(b)(2)(A)(v), and is relevant here given Defendants'

request to dismiss with prejudice the FLSA claims as to those opt-in Plaintiffs who have

failed to comply with discovery as directed by the court in the July 19, 2012 D&O. It is

established that the severe sanction of "dismissal with prejudice is a harsh remedy to be

used only in extreme situations, and then only where a court finds 'willfulness, bad faith,

or any fault'" by the non-compliant party. *Agiwal v. Mid Island Mortgage Corp.*, 555 F.3d

298, 302 (2d Cir. 2009) (quoting *Bobal v. Rensselaer Polytechnic Institute*, 916 F.2d

759, 764 (2d Cir. 1990)). In assessing whether dismissal of an action to sanction non-

compliance with a discovery order is warranted, courts consider "(1) the willfulness of the

non-compliant party or the reason for noncompliance; (2) the efficacy of lesser

sanctions; (3) the duration of the period of noncompliance; and (4) whether the non-

compliant party had been warned of the consequences of . . . noncompliance." *Id.*

(internal quotation marks and citation omitted).

In the July 19, 2012 D&O the court determined that 59 of the selected sample

group of 100 opt-in Plaintiffs had failed, without excuse, to respond to Defendants'

discovery requests initially served in September 2010. July 19, 2012 D&O at 17-18.

Because the court also found these opt-in Plaintiffs had not been given notice that their failure to provide discovery would subject their FLSA claims to dismissal as a sanction, and that the court had not directed such discovery, the court denied Defendants' request that the claims be dismissed and, instead, directed these opt-in Plaintiffs to provide discovery within 30 days. *Id.* at 18-20. Although the court stated that 58 opt-in Plaintiffs had failed to respond to Defendants' discovery requests, July 19, D&O at 8, Defendants assert that 64 opt-in Plaintiffs are in default and subject to a dismissal sanction. Roney Reply Declaration Exh. B. A comparison of Plaintiffs' opposition papers indicates that Defendants' motion is directed against the same 64 opt-in Plaintiffs. Cressman Affirmation Exh. A at 2-4 (identifying 58 non-responsive opt-ins, four opt-in Plaintiffs from whom Plaintiffs' counsel expected to receive responses as of September 28, 2012, and two deceased opt-in Plaintiffs as to whom Plaintiffs' counsel intended, but to date failed, to effect a substitution pursuant to Rule 25(a)(1)); Roney Reply Declaration Exh. A (identifying 64 unresponsive opt-in Plaintiffs including the four individuals from whom Plaintiffs' counsel anticipated received belated responses – Beck, Jeziorski, Jamieson and Kinsey (or Kinsley) and the two deceased opt-in Plaintiffs – White and Wilson). Thus, except as to Plaintiffs' counsel contentions regarding the six latter individuals, the parties are in agreement that the 58 individuals listed by Defendants are subject to dismissal for failure to comply with the court's July 19, 2012 D&O.

Plaintiffs do not contest that all of these individuals (with the possible exception of the two deceased opt-in Plaintiffs) received notice of the July 19, 2012 D&O as well as Defendants' motion, which is predicated upon and makes explicit reference to the July 19, 2012 D&O and the court's direction to these unresponsive opt-in Plaintiffs.

Moreover, Plaintiffs' counsel stated that after being informed of Defendants' motion by Plaintiffs' counsel, four of the unresponsive opt-in Plaintiffs indicated they would provide counsel with information necessary to respond to Defendants' discovery requests. Cressman Affirmation ¶ 4. Further, in opposing Defendants' motion, Plaintiffs' counsel does not suggest the non-responsive opt-in Plaintiffs were not made aware of the July 19, 2012 D&O and its specific direction to provide discovery responses within 30 days or face possible dismissal of their FLSA claims. *See* Cressman Affirmation (*passim*).[9] The court therefore finds that all of the unresponsive opt-in Plaintiffs, with the possible exception of the two deceased opt-ins, received fair notice of the July 19, 2012 D&O and the possibility of dismissal in the event of non-compliance. Given that, to date, there has been no indication from Plaintiffs' counsel or Defendants that any discovery was received from the four opt-ins as Plaintiffs' counsel had expected, it may also be fairly concluded these individuals have consciously ignored their obligation to communicate with counsel to comply with the court's order. The unexcused failure of all opt-in Plaintiffs to cooperate with counsel and comply with an unambiguous direction of the court over a lengthy period of time – since September 2012 – also amply supports a finding that such non-compliance is willful, or is otherwise unexcused, and thus results from  the fault of these Plaintiffs. *See Agiwal*, 555 F.3d at 302 (quoting *Bobal*, 916 F.3d at 764)).

As to the efficacy of lesser sanctions and the duration of the opt-in Plaintiffs' non-compliance, here the failure of these unresponsive opt-in Plaintiffs to cooperate with

_____

[9]  Because Plaintiffs' counsel failed to state the date of death of either of the alleged deceased opt-in Plaintiffs, the court is unable to determine whether such deceased Plaintiffs received notice of the July 19, 2012 D&O and Defendants' motion.

counsel for more the than past two years has now caused Plaintiffs' counsel to seek to withdraw from their representation. As Defendants note, as of September 2012, Plaintiffs' counsel has admitted that the non-responsive opt-in Plaintiffs were contacted by Plaintiffs' counsel in an effort to obtain their cooperation in producing required discovery repeatedly over the "last two years, some over seventeen times, without response." Roney Reply Declaration ¶ 9 (citing Cressman Affirmation ¶ 6 (Doc. No. 380-2) (in support of Plaintiffs' counsel's motion to withdraw). Plaintiffs' counsel also pointed out in connection with Plaintiffs' counsel's motion that all opt-in Plaintiffs were advised that, upon opting into the collective action, they would be required to provide information to Plaintiffs' counsel and cooperate in answering interrogatories and producing documents. Cressman Affirmation Exh. A (Court Approved Notice of Collective Action Opt-In Rights and Options) at 4. This well-documented indifference of the non-responsive opt-in Plaintiffs to the ordinary obligations of litigants to cooperate with respective counsel and comply with explicit court orders over not only the two-year period prior to Defendants' motion but as well during the intervening eight-month period since that time to the present also supports the conclusion that any lesser sanction would be futile. Further evidence of these Plaintiffs' refusal to comply with the court's order arises from the fact that the court provided these Plaintiffs with first-class mail notice of Plaintiffs' counsel's motion with a request to respond to the court by October 26, 2012, and to advise the court if new counsel were to be retained and the identity of such counsel. (Doc. No. 395). Except for nine Plaintiffs, none of the notices, which used Plaintiffs' last known addresses available to the court, were returned to the Clerk of Court as non-deliverable. Court Exh. 1 (Doc. No. 459). Thus, under the circumstances,

the court finds that lesser sanctions, such as adverse inferences[10] deemed admissions or attorneys' fees incurred in connection with the unresponsive opt-in Plaintiffs' non-production, would be futile in obtaining such Plaintiffs' compliance, and that the duration of non-compliance – approximately over eight months since the July 19, 2012 D&O, and two years since Defendants' first discovery requests were served on the initial sample group of 100 in September 2010, and the replacement group in September 2011 – warrants dismissal.  Whether the conduct of the non-responsive opt-in Plaintiffs constitutes an abandonment of their claims is not before the court.

Regarding Plaintiffs' counsel's assertion that the two allegedly deceased members among the group of non-responsive opt-in Plaintiffs are somehow exempt from dismissal, Cressman Affirmation ¶ 6, the court finds this contention to be without merit. As Plaintiffs assert, through service of the Cressman Affirmation, that these two persons were deceased as of an unstated date prior to September 28, 2012, the date of the Cressman Affirmation averring such fact, Cressman Affirmation ¶ 6, and that Plaintiffs' counsel also represented their expectation to seek a substitution for those deceased opt-in Plaintiffs pursuant to Rule 25(a)(1), *id.*, it follows that more than 90 days have elapsed since Plaintiffs' counsel suggested these deaths, the period within which such substitution was required following a suggestion of death, *id.*, here, by the affirmation of Plaintiffs' counsel.  The period within which to effect such substitution for these deceased opt-in Plaintiffs has therefore expired requiring dismissal of those deceased

---

[10]  A review of the Defendants' discovery requests, Roney Declaration Exh. A, indicates the requests seek facts upon which Plaintiffs' FLSA claims are based.  Thus, the sanction of adverse inference would, as a practical matter, provide Defendants with a basis for summary judgment as to Plaintiffs' FLSA claims in any event.

opt-in Plaintiffs in any event. *See* Rule 25(a)(1) (requiring dismissal of the action as to the decedent absent a timely substitution). Thus, regardless of when these persons died (assuming such death was prior to September 28, 2012), the opportunity to attempt to cure the default of such persons in failing to provide the required discovery prior to their deaths, through actual contact by counsel or, later by substitution, has expired, and as no extension by the court of the period within which to arrange for substitution of an estate pursuant to Rule 25(a)(1) has been sought, any opportunity to avoid dismissal of these claims of such deceased opt-in Plaintiffs cannot be revived at this time. *See* Rule 25(a)(1), *Jones v. Siegfried Const. Co., Inc.*, 105 F.R.D. 491, 491-92 (W.D.N.Y. 1984) (although Rule 25(a)(1) provides motion for substitution should be made not later than 90 days after death of party, late substitution may be sought and granted if, in court's discretion, party making late motion to substitute sufficiently shows excusable neglect), *aff'd*, 792 F.2d 1136, (2d Cir. ), *cert. denied*, 479 U.S. 932 (1986). Here, no attempt to demonstrate such excusable neglect in support of a belated substitution request has been made. Accordingly, Defendants' motion should be GRANTED as to each of the 64 persons listed as non-responsive opt-in Plaintiffs, including the two deceased opt-ins, in this case as set forth in Roney Reply Declaration Exh. A.

Plaintiffs' counsel also opposes Defendants' request for expenses and attorneys fees on the ground that dismissal pursuant to Rule 37(a)(5)(A) (providing for attorneys fees upon granting a motion to compel) does not authorize attorneys fees as an additional sanction for dismissal pursuant to Fed.R.Civ.P. 37(b)(2)(A)(v). Cressman Affirmation ¶ ¶ 9-10. However, this contention overlooks Fed.R.Civ.P. 37(b)(2)(C) which specifically requires the court award such expenses against a party as a sanction

imposed pursuant to Fed.R.Civ.P. 37(b)(2)(A), unless the sanctioned party's failure to comply with the underlying order compelling discovery was substantially justified or an award of such expenses would, under the circumstances, be unjust. As discussed, Discussion, *infra*, at 10-16, Plaintiffs offer nothing to support that the unresponsive opt-in Plaintiffs' failure to provide Defendants' requested discovery was substantially justified[11] – based on the record the court finds it was not – or that any award of expenses incurred in connection with Defendants' motion would, under these circumstances, be unjust. The court also fails to perceive, based on the record, how such sanction under the circumstances could be considered as unjust. Plaintiffs' counsel offers nothing to support that the unresponsive opt-in Plaintiffs' failure to comply with the court's order was substantially justified or that an award of expenses would under the circumstances, be unjust. However, as the record supports that the failure to provide discovery in compliance with the court's July 19, 2012 D&O cannot fairly be attributed to any lack of diligence or other fault by Plaintiffs' counsel, the court finds that such expenses, awardable to Defendants, are solely attributable to the unresponsive opt-in Plaintiffs, and not Plaintiffs' counsel. *See* Fed.R.Civ.P. 37(a)(5)(A) (providing for allocation of expenses between counsel and a party). Accordingly, as required by Rule 37(b)(2)(C) such expenses are awarded against those individuals, based on their non-compliance with the July 19, 2012 D&O, as the "disobedient part[ies]." *Id.*

---

[11] "The Supreme Court has defined 'substantially justified' to mean 'justified in substance or in the main' – that is, justified to a degree that could satisfy a reasonable person." *United States v. $19,047.00 in U.S. Currency,* 95 F.3d 248, 251 (2d Cir. 1996) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)); *see also Erickssson v. Commissioner of Social Security*, 557 F.3d 79, 82 & n. 1 (2d Cir. 2009) (noting Supreme Court's definition of "substantially justified" as stated in *Pierce*, 487 U.S. at 585).

**B.** **Plaintiffs' Counsel's Motion To Withdraw**.

In support of Plaintiffs' motion to withdraw, Plaintiffs' counsel concedes that Defendants served a First Set of Interrogatories and Document Requests on September 10, 2010.[12]  Cressman Affirmation ¶ ¶ 4-5.  Plaintiffs' counsel also avers that counsel has attempted, repeatedly over the past two years prior to September 2012, to communicate with the 64 opt-in Plaintiffs who are subject to Defendants' motion– some contacted by counsel on 17 occasions – without success in order to gain their cooperation to respond to Defendants' discovery demands.  Cressman Affirmation ¶ 6.  Plaintiffs' counsel also states that counsel made diligent efforts to locate possible new addresses for the unresponsive opt-ins using public and private databases and an investigative firm without success.  *Id.* ¶ 7.  Plaintiffs' counsel provided a list of the names of 58 opt-in Plaintiffs Plaintiffs' counsel was unable to contact.  Cressman Affirmation Exh. A.  Plaintiffs' counsel also states counsel mailed a letter on September 24, 2012 to each non-responsive opt-in Plaintiff advising counsel would be compelled to seek to withdraw from representation of such opt-in Plaintiffs if they failed to immediately respond, but as of September 28, 2012, no responses to the letter were received by counsel.  Cressman Affirmation ¶ ¶ 8-10.  Accordingly, Plaintiffs' counsel contends, counsel should be allowed to withdraw based on the documented lack of important cooperation required of a litigant-client such as the unresponsive opt-in Plaintiffs.  Plaintiffs' Counsel's Memorandum at 3-4 (citing caselaw).  Plaintiffs' counsel also

---

[12]  Defendants' Second Set of Interrogatories and Document Requests were served on August 7, 2012, Cressman Affirmation ¶ ¶ 4-5, however, as they were not the subject of the July 19, 2012 D&O they are not relevant to the merits of Defendants' motion.

contends that as discovery was then incomplete, no disruption in the proceedings would result from the requested withdrawal as Plaintiffs' counsel will continue to represent the named Plaintiffs and cooperating opt-in Plaintiffs who have provided discovery in this action. *Id.* at 4. Plaintiffs' counsel also asserts that the court should grant the unresponsive opt-in Plaintiffs who are subject to dismissal an opportunity to retain new counsel before granting Defendants' motion, or to oppose Defendants' motion on a *pro se* basis. *Id.* n. 1. Additionally, Plaintiffs rely on an order of the Northern District of New York granting Plaintiffs' counsel's motion to withdraw in that case, also an FLSA collective action, based on plaintiffs' failure to communicate with counsel in that case. Cressman Affirmation ¶ 11; Cressman Affirmation Exh. B. However, the order relied on by Plaintiffs' counsel is distinguishable as in that case, unlike the instant matter, based on an examination of the order, there was no pending motion to dismiss such plaintiffs pursuant to Rule 37(b)(2)(A). The court accordingly declines to follow the example of the Northern District in resolving Plaintiffs' counsel's motion.

Defendants do not specifically oppose Plaintiffs' counsel's motion, rather, Defendants contend that notwithstanding Plaintiffs' counsel's request, the court should dismiss with prejudice the FLSA claims of the 64 non-responding Plaintiffs, Roney Declaration ¶ ¶ 5-6, in accordance with the court's July 19, 2012 Decision and Order, Roney Declaration ¶ ¶ 6-7. Defendants object to the request, proffered by Plaintiffs' counsel, that opt-in Plaintiffs should proceed with separate counsel (or *pro se*). Roney Declaration ¶ 8. Defendants further assert that the unresponsive opt-in Plaintiffs have demonstrated a complete lack of interest, if not outright abandonment of Plaintiffs' claims, in pursuing this action, Roney Declaration ¶ 5, and, as such, should not be

allowed to further delay the proceedings by seeking new individual counsel or requesting by attempting to proceed *pro se*. Defendants also maintain that given the manifest indifference to their discovery obligations and requests for cooperation by their own counsel, it is unlikely these Plaintiffs would seek new counsel in any event. Roney Reply Declaration ¶ 9. Noting that Plaintiffs' counsel's delay in seeking withdrawal after being earlier confronted with their clients' lack of cooperation, Defendants contend that upon dismissal of the unresponsive opt-in Plaintiffs' claims, as Defendants request, Plaintiff's counsel's motion to withdraw should be dismissed as moot. *Id.* ¶ ¶ 7, 9. The court agrees.

As the court has determined that Defendants' motion should be granted based on the repeated and unexcused failures of the unresponsive opt-in Plaintiffs to provide discovery and comply with this court's order compelling such discovery and the failure to effect timely a substitution for the two deceased unresponsive opt-in Plaintiffs as required by Rule 25(a)(1), Discussion, *supra*, at 10-16, the court finds no reason at this time to further address Plaintiffs' counsel's motion. Plaintiffs' counsel's motion should therefore be DISMISSED as moot. Further proceedings with respect to the award of expenses to Defendants will be scheduled consistent with the District Judge's action on this Report and Recommendation.

**CONCLUSION**

Based on the foregoing, Defendants' motion to dismiss with prejudice (Doc. No. 317) should be GRANTED. Plaintiffs' counsel's motion to withdraw (Doc. No. 380) is DISMISSED.

Respectfully submitted as to Defendants'
Motion to Dismiss

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

SO ORDERED as to
Plaintiffs' Counsel's Motion
   to Withdraw

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: May 21, 2013
       Buffalo, New York

Pursuant to 28 U.S.C. §636(b)(1), it is hereby

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn,* 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited,* 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the attorneys for the Plaintiffs and the Defendants.

SO ORDERED.

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE


DATED:      May ___, 2013
            Buffalo, New York