UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CATHERINE GORDON, *et al.*,                                          **DECISION
                                                                       and**
                      Plaintiffs,              **ORDER**
  v.
                                                      08-CV-378S(F)

KALEIDA HEALTH, *et al.*,

                      Defendants.
_____

APPEARANCES:          THOMAS & SOLOMON, LLP
                                  Attorneys for Plaintiffs
                                  MICHAEL J. LINGLE,
                                  SARA E. CRESSMAN, of Counsel
                                  693 East Avenue
                                  Rochester, New York   14607

                                  NIXON PEABODY, LLP
                                  Attorneys for Defendants
                                  SUSAN C. RONEY, of Counsel
                                  40 Fountain Plaza, Suite 500
                                  Buffalo, New York   14202

                                  COBURN & COFFMAN, PLLC
                                  Attorneys for Defendants
                                  JONATHAN W. GREENBAUM, of Counsel
                                  1244 19 th Street, NW
                                  Washington, D.C.   20036

**JURISDICTION**

By order of Hon. William M. Skretny, dated January 6, 2010 (Doc. No. 252), this case was referred to the undersigned for all non-dispositive pretrial matters pursuant 28 U.S.C. § 636(b)(1)(A).  Presently before the court is Plaintiffs' motion, filed October 5, 2012, to compel Defendants to meet and confer with respect to establishing an agreed protocol for implementing the use of predictive coding software; alternatively, Plaintiffs

request the court to adopt and impose such protocol (Doc. No. 384).

## BACKGROUND

Plaintiffs' motion requests an order compelling Defendants "to engage in meaningful meet and confer discussions regarding an ESI protocol with both parties' respective ESI experts/consultants; and an order that if the parties are unable to agree upon an ESI protocol by a deadline set by the Court, that each side submit its own proposed ESI protocol to the Court for a ruling as to which protocol should be adopted in this case." (Doc. No. 384) ("Plaintiffs' motion"). In support, Plaintiffs filed a Memorandum of Law In Support of Plaintiffs' Motion To Compel (Doc. No. 385) ("Plaintiffs' Memorandum") along with the Affirmation of Sarah E. Cressman (Doc. No. 386) ("Cressman Affirmation") attaching Exhibits A - G ("Cressman Affirmation Exh(s). ___"). Defendants opposed Plaintiffs' motion by filing on October 16, 2012 the Attorney Declaration In Opposition To Motion To Compel ESI Meet and Confer (Doc. No. 396) ("Declaration of Susan C. Roney" or "Roney Declaration") attaching Exhibits A - O ("Roney Declaration Exh(s). ___"), and a Memorandum of Law In Opposition To Motion To Compel ESI Meet and Confer (Doc. No. 397) ("Defendants' Memorandum"). On October 19, 2012, Plaintiffs filed a Reply Memorandum of Law In Further Support Of Plaintiffs' Motion To Compel (Doc. No. 404) ("Plaintiffs' Reply Memorandum"). Oral argument was deemed unnecessary. Based on the following, Plaintiffs' motion should be DISMISSED without prejudice.

# FACTS[1]

This is an action for unpaid wages and overtime pay brought under the FLSA and state law on behalf of Defendants' hourly employees, particularly nurses, and other of Defendants' health care staff, clerical and maintenance workers. Plaintiffs' FLSA action has been conditionally certified; Plaintiffs' request for class certification on Plaintiffs' state law wage and hour claims is pending.

For well-over a year, the parties have attempted, without success, to agree on how to achieve a cost-effective review of Defendants' voluminous e-mails, estimated at 200-300,000 using a key-word search methodology. At the last of a series of ESI discovery status conferences with the court, conducted June 27, 2012 (Doc. No. 361) ("the June 27, 2012 conference"), the court expressed dissatisfaction with the parties' lack of progress toward resolving issues related to completion of review and production of Defendants' e-mails using the key-word search method, and pointed to the availability of predictive coding, a computer assisted ESI reviewing and production method directing the parties' attention to the recent decision of Magistrate Judge Peck in *Moore v. Publicis Groupe & MSL Group*, 287 F.R.D. 182 (S.D.N.Y. 2012), approving use of predictive coding in a case involving over 3 million e-mails. At the June 27, 2012 conference, the parties were requested to submit a joint or individual protocols for a key-word search methodology, which the parties had been attempting, albeit unsuccessfully, to implement by August 14, 2012. Cressman Affirmation ¶ 4; Cressman Exh. A at 53. Thereafter, by Decision and Order, filed July 20, 2012, (Doc. No. 365) ("July 20, 2012

---

[1] Taken from the pleadings and papers filed in connection with Plaintiffs' motion.

D&O"), the court directed completion of ESI discovery by October 23, 2012, and completion of non-ESI discovery by January 23, 2013.  July 20, 2012 D&O at 5.  Following the July 20, 2012 D&O, Defendants and Plaintiffs engaged in e-mail communications with respect to establishing a protocol for completion of the ESI discovery relating to Defendants' e-mails.  Cressman Affirmation ¶ ¶ 5, 7-19; Cressman Affirmation Exhs. B - E.  In a September 7, 2012 e-mail, after informing Plaintiffs that Defendants intended to use predictive coding, Defendants objected to Plaintiffs' ESI consultants participating in discussions with Defendants relating to the use of predictive coding and establishing a protocol.  Cressman Affirmation ¶ 8; Cressman Affirmation Exh. C at 6.  Plaintiffs requested discussion with Defendants of numerous search issues which Plaintiffs maintain required resolution to assure that predictive coding would be successful as a search method in this case.  On September 25, 2012, Defendants nevertheless sent Defendants' ESI protocol to Plaintiffs and indicated Defendants would also send a list of Defendants' e-mail custodians.  Cressman Affirmation ¶ 15; Cressman Affirmation Exh. E.  Plaintiffs objected to Defendants' proposed ESI protocol by letter dated October 1, 2012 in which Plaintiffs noted several technical issues which should be discussed with the assistance of Plaintiffs' ESI consultants and cooperatively resolved by the parties before any efforts by Defendants to implement predictive coding of Defendants' e-mails were initiated.  Cressman Affirmation ¶ 16, Cressman Affirmation Exh. F.

## DISCUSSION

Plaintiffs contend that where a party intends to use predictive coding to assist in

the review and production of ESI,[2] it is necessary that the parties negotiate a protocol to guide the use of predictive coding software for the case. Plaintiffs' Memorandum at 2 (citing *Moore v. Publicis Groupe & MSL Group*, 287 F.R.D. 182, 185 (S.D.N.Y. 2012) (Peck, M.J.) (where use of predictive coding is challenged court may require requesting party obtain documents that were used by producing party to "train" the computer-assisted coding system). In *Moore*, the court noted that "'[e]lectronic discovery requires cooperation between opposing counsel and transparency in all aspects of preservation and production of ESI.'" *Moore,* 287 F.R.D. at 191 (quoting *William A. Gross Constr. Assocs., Inc. v. Am. Mfrs. Mut. Ins. Co.,* 256 F.R.D. 134, 136 (S.D.N.Y. 2009) (Peck, M.J.)). Plaintiffs argue that Defendants refused to discuss with Plaintiffs several issues with the assistance of the parties' respective ESI consultants important to a cooperatively negotiated ESI protocol needed for this case. Cressman Affirmation ¶ 9 (Defendants refused to discuss issues other than Defendants' custodians); Plaintiffs' Memorandum at 2 (Defendants "believe that the only issue they need to discuss with plaintiffs . . . is custodians."). More particularly, Plaintiffs maintain Defendants' position excludes Plaintiffs' access to important information regarding Defendants' selection of so-called "seed set documents" which are used to "train the computer" in the predictive

---

[2] E-Discovery is the "process of identifying, preserving, collecting, preparing, and producing electronically stored information ('ESI') in the context of the legal process." The Sedona Conference Glossary E-Discovery & Digital Information Management (Third Edition) ("Sedona Conference Glossary") at 18. *See also* Maura R. Grossman and Gordon V. Cormack, *The Grossman-Cormack Glossary of Technology-Assisted Review*, Vol. 7 FEDERAL COURTS LAW REVIEW 1, 15 (2013) (E-Discovery is the "process of identifying, preserving, collecting, processing, searching, reviewing, and producing Electronically Stored Information that may be relevant to a civil, criminal, or regulatory matter.") ("The Grossman-Cormack Glossary"). ESI includes electronic mail, or e-mail messages, word processing files, web pages, and databases created and stored on computers, magnetic disks (such as computer hard drives, optical disks (such as DVDs and CDs, and flash memory (such as "thumb" or "flash" drives) and "cloud" based services hosted by third parties via the internet)). MANAGING DISCOVERY OF ELECTRONIC INFORMATION : A POCKET GUIDE FOR JUDGES, Second Edition, Federal Judicial Center (2012) at 2.

coding search method.  Plaintiffs' Memorandum at 2 (citing *Moore*, 287 F.R.D. at 190).

Defendants argue in opposition that Defendants have not refused to meet and confer regarding a protocol to facilitate ESI discovery using predictive coding; rather, Defendants maintain Defendants object to Plaintiffs' use of D4's ESI consultants on the ground that Plaintiffs' ESI consultant, D4, LLC[3] ("D4") had previously provided services to Defendants in this case.  Roney Declaration ¶ 12 (referring to "the work that D4 had already done for [Defendants] on this same action.").  The work performed for Defendants by D4 consisted of scanning and the objective coding of 80-100 boxes of Defendants' internal business records relating to Plaintiffs' claims.

According to Defendants, Defendants have no objection to meeting and conferring with Plaintiffs and Plaintiffs' ESI consultants regarding the predictive coding protocol, other than ESI consultants from D4 who are the subject of Defendants' motion to disqualify.  Roney Declaration ¶ 22.  Further, Defendants assert that courts do not order parties in ESI discovery disputes to agree to specific protocols to facilitate a computer-based review of ESI based on the general rule that ESI production is within the "sound discretion" of the producing party.  Defendants' Memorandum at 2 (quoting *Ford Motor Co. v. Edgewood Props.*, 257 F.R.D. 418, 427-28 (D.N.J. 2009)).  Defendants point to several considerations that warrant the exercise of caution in directing production of ESI.  Defendants' Memorandum at 3 (quoting The Sedona Conference Cooperation Proclamation: Resources for the Judiciary, 20-21 (August 2011) (https://thesedonaconference.org/download-pub/425).  Defendants also represent

---

[3] D4, LLC, is a Rochester, New York company that provides E-Discovery and ESI services.

they are fully prepared to abide by the requirements of Fed.R.Civ.P. 26 with respect to ESI production in this case. *Id.* Defendants further contend that in *Moore*, the court did not direct defendants in that case to provide plaintiffs with the "seed set documents" defendants intended to use in connection with predictive coding, rather, defendants volunteered to provide such data. Defendants' Memorandum at 4-5 (citing *Moore*, 287 F.R.D. at 192; *Romero v. Allstate Ins. Co.,* 271 F.R.D. 96, 110 (E.D. Pa. 2010) (parties expected to voluntarily share information in order to effectively implement search methodology for defendant's ESI)).

    In response, Plaintiffs do not directly contest Defendants' reading of the specific holding in *Moore* regarding the absence of any requirement by that court that the parties meet and confer regarding the producing party's selection of a "seed set of documents." *But see William A. Gross Const. Assoc.,* 256 F.R.D. at 136 (requiring counsel for parties to cooperate in selecting appropriate key-words to facilitate computerized search for relevant e-mails). Plaintiffs also point to Local Rule of Civil Procedure 26(f)(3) which, in cases involving ESI discovery, requires the parties "discuss and attempt to reach agreement as to the method of searching." Plaintiffs' Reply Memorandum at 2 (quoting Local R.Civ.P. 26(f)(3)). Plaintiffs request that, in the event the court does not grant Plaintiffs' motion, Defendants be reminded of the possibility that upon Plaintiffs' further motion, the court may find Defendants' ESI search methodology to be unreasonable and thus non-compliant with Defendants' production obligations in accordance with Fed.R.Civ.P. 34. Plaintiffs' Reply Memorandum at 4-5. *See William A. Gross Const. Assoc.*, 256 F.R.D. at 136 ("the proposed methodology must be quality control tested to ensure accuracy"). Finally, Plaintiffs maintain that given the court-imposed ESI

discovery deadline of October 23, 2012, Plaintiffs were required to preserve Plaintiffs' objection to Defendants' expected ESI methodology by filing the instant motion. *Id.*

Here, Defendants state they are prepared to meet and confer with Plaintiffs and Plaintiffs' ESI consultants, who are not disqualified, regarding Defendants' ESI production using predictive coding. Roney Declaration ¶ 22. Based on Defendants' expressed awareness of Defendants' discovery obligations, Roney Declaration ¶ 23 ("Defendants . . . will fulfil their obligations . . . to comply with [Plaintiffs' document requests"), the court also need not, as Plaintiffs request, remind Defendants of relevant considerations regarding Defendants' use of predictive coding regarding ESI document production obligations under Fed.R.Civ.P. 34(a). Accordingly, it is not necessary for the court to further address the merits of Plaintiffs' motion at this time.

## CONCLUSION

Based on the foregoing, Plaintiffs' motion (Doc. No. 384) is DISMISSED without prejudice.

SO ORDERED.

/s/ *Leslie G. Foschio*

———————————————
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: May 21, 2013
      Buffalo, New York