UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CATHERINE GORDON, *et al.*,

                       Plaintiffs,

     v.

KALEIDA HEALTH, *et al.*,

                       Defendants.

**DECISION
and
ORDER**

08-CV-378S(F)

_____

APPEARANCES:        THOMAS & SOLOMON, LLP
                               Attorneys for Plaintiffs
                               MICHAEL J. LINGLE,
                               SARAH E. CRESSMAN, of Counsel
                               693 East Avenue
                               Rochester, New York   14607

                               NIXON PEABODY, LLP
                               Attorneys for Defendants
                               SUSAN C. RONEY, of Counsel
                               40 Fountain Plaza, Suite 500
                               Buffalo, New York    14202

                               COBURN & COFFMAN, PLLC
                               Attorneys for Defendants
                               JONATHAN W. GREENBAUM, of Counsel
                               1244 19 th Street, NW
                               Washington, D.C.   20036


      By papers filed September 25, 2012 (Doc. No. 377), Defendants moved to disqualify a litigation support company, D4 LLC ("D4"), as Plaintiffs' expert ("Defendants' motion"). In a Decision and Order filed May 21, 2013 (Doc. No. 462) ("the D&O"), the court denied Defendants' motion and entered a briefing schedule on Plaintiffs' request for sanctions. D&O at 66. Defendants' objections to the D&O were

recently rejected by Chief District Judge Skretny (Doc. No. 502).

In Plaintiffs' Memorandum of Law, filed June 10, 2013 (Doc. No. 468), in support of Plaintiffs' request for sanctions, Plaintiffs asserted that Defendants' motion was objectively unreasonable warranting an award of sanctions and costs of Plaintiff's opposition to Defendants' motion pursuant to Fed.R.Civ.P. 11 ("Rule 11" or "Rule 11__"). Defendants opposed the request arguing that Plaintiffs failed to comply with the prerequisites for sanctions under Rule 11, in particular the safe harbor requirements stated in Rule 11(c)(2). Defendants' Memorandum of Law (Doc. No. 471) at 2-4 (citing cases). In response, Plaintiffs contend the court should sanction Defendants pursuant to Rule 11(c)(3) which authorizes the court to award sanctions *sua sponte*. Plaintiffs' Memorandum In Further Support (Doc. No. 473) at 1.

However, as Defendants argue, Rule 11(c)(2) requires the subject of a sanctions request be informed by separate motion, brought pursuant to Rule 11(c)(2), of the basis for the request providing an opportunity to withdraw the accused paper, *e.g.*, a motion or pleading. *See Star Mark Mgt, Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 175 (2d Cir. 2012) ("the safe-harbor provision is a strict procedural requirement."). A stricter requirement of bad faith, necessary to protect the adversary process, applies where the court acts pursuant to Rule 11(c)(3). *See In re Pennie & Edmonds LLP,* 323 F.3d 86, 87, 90 (2d Cir. 2003) (sanctions pursuant to Rule 11(c)(3) without benefit of safe harbor process available only for "subjective bad faith," where papers submitted are based on an objectively unreasonable but genuine good faith grounds) (citing 1993 Advisory Committee Report that "court-initiated sanctions proceedings will ordinarily be used in situations that are 'akin to a contempt of court'")).

No separate motion pursuant to Rule 11(c)(2) was timely filed by Plaintiffs in this case, nor did the court exercise its authority to sanction Defendants pursuant to Rule 11(c)(3).

Even if the court had acted pursuant to Rule 11(c)(3), the D&O found that Defendants' motion was both factually and legally without merit and Plaintiffs have failed to establish that in filing the motion Defendants acted in a subjectively unreasonable manner and in bad faith.  *See In re Pennie & Edmunds LLP,* 323 F.3d at 87.  Although the timing of Defendants' motion, filed on the eve of completing ESI discovery using Defendants' newly selected ESI review process – predictive coding – requiring that Plaintiffs use the ESI consulting services of D4 which Defendants sought to disqualify, arguably raises a question regarding Defendants' motivation, the record does not support that Defendants acted with subjective bad faith.  Moreover, while Defendants' motion was under consideration by the court, the parties agreed (Doc. No. 449) to stay further discovery pending Defendants' summary judgment motion filed December 17, 2012 (Doc. No. 431), which remains pending.  Accordingly, although Defendants' motion disrupted the ESI discovery process, Plaintiffs will have sufficient time to recommence and complete ESI discovery with D4's assistance following a determination of Defendants' pending motion for summary judgment, if necessary.  Thus, the court cannot find Defendants' motion to disqualify resulted from subjective bad faith for the purpose of causing unnecessary delay in the proceedings or serious prejudice to Plaintiffs.  Sanctions, pursuant to Plaintiffs' request under Rule 11, are therefore unavailable on this record.

## CONCLUSION

Based on the foregoing, Plaintiffs' request for sanctions is DENIED.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: November 13, 2013
       Buffalo, New York